UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -4  P 12: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

ALEX FEINMAN,                )
                             )
    Plaintiff                )
                             )
v.                           )   Case No. 03-12301-GAO
                             )
DOMINIC NICOLACI, et al.,    )
                             )
    Defendants               )

## MOTION TO DISMISS COMPLAINT

David B. Madoff, in his capacity as Chapter 7 trustee (the "Trustee") of L. Feinman & Sons, Inc. ("LFS") and Acushnet Maintenance Facility Service 1893, Inc. ("Acushnet"), hereby moves to dismiss the Complaint in this action brought by Plaintiff Alex Feinman ("Feinman") as against the Trustee on the grounds that: (a) this Court lacks jurisdiction to grant the relief requested from the Trustee; and (b) Feinman has failed to state a claim upon which relief may be granted. In support of this Motion, the Trustee states:

### Background

1. On May 30, 2003, LFS filed a petition for relief under Chapter 11 of the Bankruptcy Code. On or about July 1, the case was converted to one under Chapter 7, and the Trustee was appointed. On June 17, 2003, Acushnet filed a petition for relief under Chapter 7. After the initial trustee of Acushnet rejected the appointment, the Trustee was appointed on July 23, 2003, on the Acushnet case as well.

2. Beginning on August 13, 2003, the Trustee held a series of continued meetings as required under Section 341 of the Bankruptcy Code. Consistent with his responsibilities, the

Trustee examined Feinman, who appeared on behalf of LFS and Acushnet, concerning the assets and liabilities of the Debtors. Those meetings have still not concluded, the Trustee having continued them pending possible further review.

3. On or about November 18, 2003, Feinman, in his individual capacity, commenced this action against 16 defendants, including police officers, FBI agents, bail commissioners, state attorneys and the Trustee. The Complaint is an incomprehensible attempt to harass the government officials and appointees in any way involved with the bankruptcies of LFS and Acushnet, and the apparent arrest of Feinman.

## Argument

### A. This Court Lacks Jurisdiction to Remove the Trustee

4. The only relief sought by Feinman against the Trustee is:

> "Request a bankruptcy trustee other than David Madoff. As Mr. Feinman feels Mr. Madoff did not listen when Mr. Feinman told him from day one that all papers and belongings were at 195 Riverside Avenue and he did not inform Mr. Feinman or his attorney regarding the investigation."

The removal of a trustee is governed by Section 324(a) of the Bankruptcy Code, 11 U.S.C. § 324(a), which provides: "The court, after notice and a hearing, may remove a trustee, other than the United States Trustee, or an examiner, for cause." The "court" under Section 324(a) is the bankruptcy court. See In re Brookover, 259 B.R. 884, 892 (Bankr. N.D. Ohio 2001) ("Once appointed in a case, a trustee can be removed from that case only by the bankruptcy court and only under section 324") (quoting 3 Collier on Bankruptcy § 324.01 n.2 (15th Ed.); In re Bernard, 31 F.3d 842, 844 (9th Cir. 1994). Therefore, even if there were grounds to remove the Trustee (which there are not), Feinman would have to do so by motion to the Bankruptcy Court.

5. Further, the appointment of a trustee is a "matter concerning the administration of the estate" and as such, is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Under Section 157,

2

a district court may refer all bankruptcy cases, and matters arising in bankruptcy cases to the bankruptcy court. In this district, the District Court has referred all such cases to the bankruptcy court. Therefore, any action to remove a trustee must be commenced in the bankruptcy court. This Court thus lacks jurisdiction over this matter, so that the Complaint should be dismissed.

**B.     The Complaint Fails to State a Claim Against the Trustee**

6.     The purpose of a motion to dismiss is to determine whether the complaint alleges facts sufficient to state a cause of action. See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 36 (1st Cir. 2001). In ruling on a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. See Schever v. Rhodes, 416 U.S. 232, 236 (1974).

7.     The only allegations in the Complaint that relate to the Trustee are in Paragraph 37, where Feinman asserts: (a) that the Trustee knew, at the time he examined Feinman at a Section 341 meeting, that Feinman was under investigation; and (b) that the Trustee said "that he didn't care" after being informed by Feinman about a certain unidentified sequence of events and related papers. Even taking these allegations as true, they do not constitute a basis for removal.

8.     Under Section 324 of the Bankruptcy Code, a trustee may be removed for cause. Although "cause" is not defined in the Code, courts have generally recognized that, except in cases of conflict of interest, there must be some fraud or injury to the estate. See In re Martin, 201 B.R. 338, 347 (Bankr. N.D.N.Y. 1996) (requiring showing of actual fraud or harm to estate); In re Cee Jay Discount Stores, Inc., 171 B.R. 173, 175 (Bankr. E.D.N.Y. 1994) (requiring showing of actual injury or fraud).

9. Feinman alleges neither fraud nor injury to the estate. Indeed, Feinman's entire complaint is brought on his own behalf, not for the benefit of the estate. It is questionable whether he even has standing to seek the Trustee's removal, since he is not a party in interest.

10. Feinman seeks to blame anyone he has come in contact with for his own failures. His rants against the Trustee do not constitute grounds for removal.

WHEREFORE, the Trustee respectfully requests that the Complaint be dismissed as against the Trustee.

DAVID B. MADOFF, Trustee

By his attorneys,

_____
David B. Madoff (BBO#552968)
COHN KHOURY MADOFF &
 WHITESELL LLP
101 Arch Street
Boston, MA 02110
(617) 951-2505

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December __, 2003 he caused copies of the foregoing Motion for Dismiss Complaint to be served by United States, first class mail upon the following persons[1]:

Alex Feinman
1267 Main Street
Acushnet, MA 02743

Michelina Andrade
233 Smith Street
New Bedford, MA 02740

---

[1] The addresses of certain defendants were not listed in the Complaint, and the Trustee has been unable, after diligent search, to locate them.

4

Christopher Baty
1489 Morton Avenue
New Bedford, MA 02745

James Burgess
731 Cumberland Hill Road
Woonsocket, RI 02895

Stewart Grimes, Esq.
448 County Street
New Bedford, MA 02740

Chief of Police
New Bedford Police Department
25 Spring Street
New Bedford, MA 02740

Sheriff
Bristol County Sheriff's Department
108 Court Street
P.O. Box 8928
New Bedford, MA 02742

LFS, Incorporated
195 Riverside Avenue
New Bedford, MA 02746

Chuck Prumier
Special Agent
FBI
20 Riverside Drive
Lakeville, MA 02347

Detective Christopher Richmond
Acushnet Police Department
130 Main Street #4
Acushnet, MA 02743

Chris Markey, Esq.
State Attorney
888 Purchase Street
New Bedford, MA 02741

Thomas Brunelle
126 Wood Street
New Bedford, MA 02745

Bail Commissioners, John Doe (1)
New Bedford Superior Court
9 Court Street, Room 13
Taunton, MA  02780

Bail Commissioners, John Doe (2)
New Bedford Superior Court
9 Court Street, Room 13
Taunton, MA  02780

    Respectfully submitted this 3rd day of December, 2003,

_____
David B. Madoff (BBO#552968)
COHN KHOURY MADOFF &
  WHITESELL LLP
101 Arch Street
Boston, MA  02110
(617) 951-2505

g:\data\2116p\motion to dismiss compl