UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 03-12301GAO

ALEX FEINMAN
       Plaintiff, )
)
v. )
)
SHERIFF, BRISTOL COUNTY, ET AL., )
       Defendants, )
)

**DEFENDANT, SHERIFF, BRISTOL COUNTY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

I. **STATEMENT OF THE CASE**

This is the second civil action[1] in which the *pro-se* plaintiff alleges a plethora of allegations against a litany of defendants. The Sheriff of Bristol County, Thomas Hodgson, now moves for the dismissal of the action.

II. **ARGUMENT**

    A. **The Applicable Standard**

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), courts are to construe the Complaint in the light most favorable to the plaintiffs and the allegations are to be taken as true. *Wright & Miller*, 5A Federal Practice and Procedure: Civil 2d § 1357.

---

[1] The *pro-se* plaintiff has filed an identical complaint in the Bristol County Superior Court, docket #2003-01246A,

-1-

"Nevertheless, it is also well established that the pleading requirements are 'not entirely......toothless.'" Fleming vs. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990), citing, Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). For example, legal conclusions or opinions couched as factual allegations are not given a presumption of truthfulness. 2A Moore, Moore's Federal Practice ¶ 12.07 (2.-5). Moreover, each general allegation must be supported by a specific factual basis. Fleming, 922 F.2d at 23. The necessary factual averments are required with respect to each material element of the underlying theory. Id. at 24.

### B.     The Plaintiff's Complaint is Conclusory And Must Be Dismissed

The First Circuit has held that a civil rights claim is "fatally lacking" if it fails to allege "with at least some degree of particularity" the overt acts which are claimed to give rise to the cause of action. Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977). Mere conclusory allegations have been held insufficient to withstand a motion to dismiss in the absence of specific factual allegations detailing what actions are complained of. See, e.g., McGillicuddy v. Clements, 746 F.2d 76, 77-78 (1st Cir. 1984); Shick v. Farmers Home Administration, 748 F.2d 35, 42 (1st Cir. 1984); Slotnick v. Garfinkle, 632 F.2d 163, 165-66 (1st Cir. 1980) (per curium); Hurney v. Carver, 602 F.2d 1018, 1020 (1st Cir. 1979); Gomez v. Toledo, 602 1018, 1020 (1st Cir. 1979) reversed on other grounds 446 U.S. 635 (1980); Fisher v. Flynn, 598 F.2d 663, 665 (1st Cir. 1979); Ludwin v. City of Cambridge, 592 F.2d 606, 610 (1st Cir. 1979).

The Supreme Court implicitly reaffirmed the First Circuit rule that a conclusory civil rights complaint should not survive a motion to dismiss. Harlow v. Fitzgerald, 457 U.S. 800 (1982) (emphasizing federal judicial policy to quickly weed out insubstantial § 1983 actions against government officials by granting qualified immunity to these officials).

By requiring the pleading of specific facts in civil rights actions, the courts, in view of the explosion of suits brought under 42 U.S.C. § 1983, are balancing the rights of defendants not to be subject to the considerable expense, vexation and perhaps unfounded notoriety of a frivolous lawsuit, against the right of plaintiffs to bring legitimate claims.

Here, the plaintiff's complaint, even if read in a light most favorable to him, has alleged no facts that would warrant an actionable claim against the Sheriff of Bristol County. A review of the plaintiff's complaint reveals a record utterly devoid of allegations against the Sheriff of Bristol County. Accordingly, the defendant is entitled to judgment as the plaintiff can prove no set of facts that would entitle him to relief. Santiago at 130.

Generally, *pro-se* litigants are afforded some deference by Courts with respect to submission of pleadings and motions. See Ulatowski v. Ponte, 524 F.Supp. 1112 (D.Mass. 1981) (In deciding motion to dismiss for failure to state a claim upon which relief can be granted, a pro se complaint must be evaluated upon less stringent standards than those applicable to one drafted by an attorney.) See also Stratton v. City of Boston, 731 F.Supp. 42 (D.Mass.,1989); Dickie v. Rabbit, 956 F.Supp. 67 (D.Mass.,1997). This rule however, does not imply that the Court should ignore the basic tenets of pleading and practice. In

fact, the District Court has held that "although *pro-se* claimants' submissions are construed as favorably as possible to litigants, such claimants are not excused from all rules of general applicability regarding particularity of stating claims." <u>Allicon v. Spencer</u>, 29 F.Supp.2d 45 (D.Mass.,1998). This Court has also held that the duty to be less stringent with *pro-se* complaints does not require the Court to conjure up implied allegations. <u>McDonald v. Com. of Mass.</u>, 901 F.Supp. 471 (D.Mass.,1995). In essence, that is what the Court would be required to do in order to interpret the *pro-se* plaintiff's complaint in order to assert viable claims as against the defendant.

### III.  CONCLUSION

Based on the above argument, the defendant respectfully requests that the Court dismiss all claims against him.

The Defendant, Sheriff of Bristol County,
Thomas Hodgson
By his Attorneys,

_____
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305
