IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL NO. 03 12172 GAO
FORMERLY 03-3560
MIDDLESEX COUNTY SUP. CT.
MASSACHUSETTS

FILED
IN CLERKS OFFICE
2003 DEC 11  A 9:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

GE CAPITAL MORTGAGE SERVICES, INC.,

    Plaintiff,

V.

ESTATE OF HILDA LUGO, FRANK LUGO, CO-ADMINISTRATOR FOR THE ESTATE OF HILDA LUGO, EDWARD LUGO, CO-ADMINISTRATOR FOR THE ESTATE OF HILDA LUGO, HERMAN LUGO, H. MAXIMA LUGO, MANUEL LUGO, ISABEL FARRAR, UNITED STATES OF AMERICA, AND MASSACHUSETS DEPARTMENT OF REVENUE,

    Defendants.

## OPPOSITION TO THE COMMONWEALTH OF MASSACHUSETTS MOTION TO DISMISS THE ENTIRE CASE

Now comes the Plaintiff, GE Capital Mortgage Services, Inc. (hereinafter "GE Capital") and files this opposition to the Department of Revenue Massachusetts Motion to Dismiss the Entire Case. In support thereof GE Capital states as follows:

### FACTS

1. This is an interpleader action, and as such it is a stakeholder suit, which was properly filed in State Court by GE Capital.

2. GE Capital chose the forum in which to file this action and properly filed it in the State Court.

3. The IRS saw fit to remove this case to the Federal District Court by filing a Notice of Removal pursuant to 28 U.S.C. §§1441, 1442 and/or 1444.

4. Now the Massachusetts Department of Revenue in an apparent quid pro quo is seeking dismissal of the entire case under the principal of sovereign immunity.

## ARGUMENT

The generally accepted practice in Massachusetts is to file an interpleader where there is a surplus as a result of the foreclosure. In the event of a surplus after the payment to the first mortgagee of the full debt, the mortgagee becomes a mere stakeholder as to the balance of the funds and releases same to junior lienors or the mortgagor at his or her peril. The safe route is the filing of an interpleader action and payment of funds into court for subsequent judicial determination of entitlement. See G.L. c. 214 § 1; G.L. c. 183 § 27; Mass. R. Civ. P. 22. For a discussion of the rights to surplus on foreclosure, *see Thomas v. Haines*, 285 Mass. 90, 188 N.E. 621 (1934). See Crokers Notes on forms, Chapter 10, Dillingham (1996). This Motion to Dismiss this case only serves to run up the cost of litigation in this matter to the detriment of the parties entitled to receive the funds. This is a stakeholders action which was filed to bring together all parties who may have a potential interest in the funds. While Plaintiff can understand that the Internal Revenue Service and the Massachusetts Department of Revenue want to protect their constituents rights, the case is being brought to pay them funds to which they are entitled and not to seek a judgment adverse to either the Commonwealth or the federal government. Whether this matter is heard in State Court or in Federal Court is really of no consequence. The Court must decide if the IRS can properly remove this type of case to Federal Court and if not admonish it to refrain from doing so in the future. Allowing this matter to be dismissed will fail to serve the proper interests of the taxpayers of the Commonwealth of Massachusetts or to the federal taxpayers who are in essence the beneficiaries to whom taxes are

arguably owed. If this interpleader is dismissed, the taxpayers of this Commonwealth would have no process through which to make a claim to the surplus funds. An interpleader action is the proper method for a determination of the proper distribution of the surplus funds, and this Court should deny the Massachusetts Department of Revenue's Motion to Dismiss or in the alternative, remand the case to State Court.

**WHEREFORE**, the Plaintiff, GE Capital Mortgage Services, Inc., requests that this court:

1. Deny the Massachusetts Department of Revenue's Motion to Dismiss the case in its Entirety;

2. Remand the case to State Court;

3. Allow GE Capital's attorney's fees and costs incurred in bringing this interpleader action and defending its position with respect to the proper filing of such an interpleader action; and

4. Allow such other and further relief as this Court deems just and proper.

GE CAPITAL MORTGAGE SERVICES, INC.,
By its Attorney,

/s/ Veronica C. Viveiros

Veronica C. Viveiros
BBO #: 631233
David M. Rosen
BBO #: 552866
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

December 10, 2003

Case 1:03-cv-12301-GAO   Document 32   Filed 12/10/2003   Page 4 of 5

## CERTIFICATE OF SERVICE

I, Veronica C. Viveiros, hereby certify that a true copy of the Opposition to the Commonwealth of Massachusetts Motion to Dismiss the entire case was served on December 10, 2003 by mailing via first class mail, postage prepaid, to:

Timothy J. Buckley, Esq.
274 Main Street
Suite 307
Reading, MA 01867

Internal Revenue Service
Area Director
P.O. Box 9112 – Stop 20800
J.F.K. Federal Building
Boston, MA 02203

Barbara Healy Smith, Esq.
Assistant US Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210

United States of America
C/o Brenda Hyde
Special Procedures
P.O. Box 9112 - Stop 20800
J.F. K. Post Office
Boston, MA 02031

Stephen J. Turanchik, Esq.
US Department of Justice
Tax Division
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Eileen Ryan McAuliffe
Massachusetts Department of Revenue
51 Sleeper Street
Boston, MA 02110

Thomas F. Riley, Esquire
Massachusetts Attorney General
One Ashburton Place – 20th Floor
Boston, MA 02108

Mr. Herman Lugo
3160 Hunter Place
Apopka, FL 32703

Manuel Lugo
299 Park Avenue
Arlington, MA 02476

Frank Lugo
Co-Administrator of the Estate of Hilda Lugo
18 Gilmore Street
Everett, MA 02149

H. Maxima Lugo
32 Kent Street
#411
Somerville, MA 02143

Edward Lugo
Co-Administrator of the Estate of Hilda Lugo
4 Teresa Road
Hopkinton, MA 01748

Isabel Farrar
P.O. Box 2576
Acton, MA 01720

*Veronica C. Viveiros* (signature)