UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2003 DEC 16  A 11: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

ALEX FEINMAN,
    Plaintiff

v.       Case No. 03-12301-GAO

LIEUTENANT HEBERT OF THE
  NEW BEDFORD, MASSACHUSETTS POLICE DEPT.
  IN HIS ROLE AS AN OFFICER AND AS AN INDIVIDUAL;
OFFICERS IN THE NEW BEDFORD POLICE DEPARTMENT
  AND AS INDIVIDUALS

## MOTION TO AMEND ORIGINAL COMPLAINT

1. The plaintiff comes before the Court with new evidence showing that the above-named defendants acted out of the color of their flag in order to manipulate and conspire with the other defendants against the plaintiff and the plaintiff's finance companies, as well as other property holders.

2. Attorney David Grimes issued a no-trespassing order against the plaintiff. The plaintiff was arrested under this no-trespassing order by the New Bedford Police Department. At no time did the police department verify in whole the property holders at 195 Riverside Avenue, New Bedford, Mass., where the alleged no trespassing took place.

3. The plaintiff will show the Court he made numerous attempts, both in

appearance and by communication by telephone and by fax machine, to the New Bedford Police Department regarding the alleged scheme of the other defendants in manipulating the use of his equipment, records and personal belongings.

3. The above plaintiff will show he has spoken several times with Lieutenant Hebert and other officers in his command regarding the use of the plaintiff's said equipment without proper tags or insurance. He will also show the license plate the defendants were using illegally (J53077, Massachusetts) to tow the uninsured trailer throughout New Bedford and other areas.

4. The plaintiff will show a letter he faxed to Lieutenant Hebert and the plaintiff will subpoena all voice recordings of the police station on the days in question.

5. Lieutenant Hebert spoke with FBI agent Chuck Prunier and during their conversation the plaintiff believes that Lieutenant Hebert became part of the overall scheme with his officers.

6. Lieutenant Hebert and his officers unknown to the plaintiff have been in communication with the defendants and their attorney, Stewart Grimes, who is also a defendant in this pleading. The defendants stated the United States

Government impounded all assets and equipment, both of Alex Feinman, L. Feinman & Sons, Acushnet Facility Maintenance, Acushnet Maintenance, Shawn Linn, Incorporated and Loyal Fast Service, Incorporated.

7. With the above belief that Lieutenant Hebert and others knowing the laws of the land, conspired to let the other defendants use said equipment. The plaintiff states if the government impounded all the equipment, no one would be using it.

8. The plaintiff sent Lieutenant Hebert via a fax a copy of the subpoenas of records only that were taken by the government. The plaintiff had no other knowledge of said equipment impounded by the government.

9. The plaintiff believes that the above defendants made numerous allegations and ridiculed the plaintiff when the plaintiff was trying to protect his property legally for himself and his creditors.

10. CONCLUSION: The above-named defendants allowed the plaintiff's property to be driven on the open road without proper insurance and registration and they violated the plaintiff's rights. If anyone had gotten injured, which the plaintiff doesn't have any knowledge of yet, or if the

plaintiff's creditors' equipment was damaged or missing, this is no fault of the plaintiff.

Therefore, the plaintiff requests the Court to amend the original complaint and addition the above-named defendants to it.

Respectfully submitted, this 11th day of December, 2003

Alex Feinman, pro se

CERTIFICATE OF SERVICE

I, Alex Feinman, do certify that on the 11th day of December 2003, I served the foregoing on the defendants by fax and by U.S. Mail.

Alex Feinman