UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Alex Feinman,
    Plaintiff
V
Dominic Nicolaci, et al,
    Defendants

Docket No. 03 12301 GAO
Civil Action 42 U.S.C.A. 1983, 1991
And American Disabilities Act

MOTION FOR PERMANENT INJUNCTION AND IMMEDIATE RELIEF
SPECIAL HEARING REQUESTED

1. The plaintiff comes before the Court under Title 28, U.S.C. Section 1343, which permits any person who has suffered harm due to violation of his civil rights to sue another person who knew about the violations and who could have prevented or assisted in their prevention and the related harm.

2. The plaintiff comes before the Court stating that FBI Agent Chuck Prunier, the chief of police of New Bedford, Massachusetts, Lieutenant Hebert and unknown officers of the New Bedford Police Department acted out of the color of the law by failing to train in the laws of the Commonwealth of Massachusetts regarding NO TRESPASSING. The named-defendants by not having received the proper training openly violated the Bill of Rights of the United States of America and the Commonwealth of Massachusetts, doing harm to the plaintiff's civil rights.

3. By these defendants not having the proper training, the other defendants were allowed to ravage the plaintiff's property and prohibited him from protecting his basic civil rights.

4. By enacting Title 28 U.S.C. Section 1343, the plaintiff will show that Agent Prunier

openly allowed other defendants to commit unlawful acts not allowed by law and conspired with the chief of police of New Bedford, Lieutenant Hebert and other officers unknown to the plaintiff in allowing the defendants to act above the law.

5. Case in point - Using an unregistered trailer owned by the plaintiff on state highways with an illegal license plate which the above defendants were aware of and allowed.

6. The defendants under color of the law allowed the defendants to harbor the plaintiff's property illegally because of the trespassing order was bogus. All the plaintiff's property is housed at that location. By the defendants allowing them to harbor this material, it gave the state and federal agencies the right under false pretenses to manipulate the plaintiff's paperwork before presented to the Grand Jury. It also allowed open access to the government by allowing the other defendants to place a no trespassing order which violated the plaintiff's bill of rights and civil rights.

7. CONCLUSION: The plaintiff requests this Court to schedule a hearing on Title 28 U.S.C. Section 1343.

8. The plaintiff requests a show cause hearing on failure to train on no trespassing requirements because if the defendants were trained, the plaintiff's civil rights would not have been violated as severely as they were.

9. The plaintiff requests the defendant, FBI agent Chuck Prunier be prohibited from stating to witnesses that he is going to indict the plaintiff and certain individuals should not speak with the plaintiff. The plaintiff believes the Grand Jury indicts individuals, not the agent. By this defendant stating the above, it causes great despair when the plaintiff

seeks employment. By this defendant and other defendants such as attorney Grimes, who acts as an agent for the government, this becomes selective prosecution.

10. The plaintiff requests the Court to order the defendants return all property belonging to the plaintiff and all property be accounted for. The plaintiff has proof that some of the property was sold, destroyed and given away by the defendants.

The plaintiff requests emergency relief.

Alex Feinman, pro se

CERTIFICATE OF SERVICE

I, Alex Feinman, do certify that on the 23 day of December 2003 I served the foregoing on the defendants by fax and by U.S. Mail.

Alex Feinman, pro se