FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC 29  P 12: 40

CIVIL ACTION NO. 03-12301-GAO

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ALEX FEINMAN,<br>　　Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| DOMINIC NICOLACI, et al,<br>　　Defendants | )<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, DETECTIVE CHRISTOPHER RICHMOND, TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)

### INTRODUCTION

This is an action in which the pro se plaintiff, Alex Feinman, seeks to recover damages and other relief against seventeen (17) named and unnamed defendants for a variety of claims ranging from state and federal civil rights violations, to conspiracy, to assault and battery and false imprisonment.[1] Although his Complaint is prolix and, at times, indecipherable, it appears plaintiff's claims arise out of a series of events that allegedly occurred from June to November, 2003, involving two arrests of the plaintiff – first by the Acushnet Police Department on October 26, 2003, then by the New Bedford Police Department on October 30, 2003 – and

---

[1] The plaintiff has already twice moved to amend his original Complaint to add claims against prospective defendants No. 18 and 19 (plaintiff's First Amended Complaint), and against prospective defendants No. 20 through 26 (plaintiff's Second Amended Complaint). Plaintiff's Motions to Amend are currently pending. The proposed Amended Complaints assert no new or additional claims against the defendant, Detective Christopher Richmond.

soured business relationships between the plaintiff and plaintiff's "companies," their principals and employees. The cast of defendants and prospective defendants includes (but is not limited to) the arresting officers from both Police Departments, the Assistant District Attorney, the Bristol County Sheriff, an FBI agent, the New Bedford Police Chief, two Massachusetts Bail Commissioners, and the Honorable Judge David Turcotte.

Plaintiff filed his original Complaint in this matter on November 18, 2003, one week after filing a similar Complaint against many (but not all) of the same individuals in Bristol Superior Court.[2] Plaintiff's claims against the defendant, Detective Christopher Richmond of the Acushnet Police Department ("Richmond"), are ambiguously detailed in Paragraphs 2 through 13 of the Complaint. As best as defendant Richmond can determine, such claims arise out of his arrest of the plaintiff on October 26, 2003, on charges of fraud and improper use of a credit card in violation of M.G.L. c. 266, § 37C, and larceny by false pretenses in violation of M.G.L. c. 266, § 30 (the "Acushnet Charges.") These charges remain active and pending; indeed, plaintiff is next scheduled to appear on the Acushnet Charges in the Third District Court in New Bedford on January 14, 2004.

The defendant Richmond now moves to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is based on two grounds. First, because plaintiff has not been acquitted of the Acushnet Charges, his claims (if any) against defendant Richmond have not yet accrued. Heck v. Humphrey, 512

---

[2] A copy of the docket sheet from Feinman v. Brunelle, Bristol Sup. Ct., C.A. No. BRCV2003-01246, is attached hereto.

U.S. 477, 486 (1994). Second, to the extent plaintiff seeks to recover against the defendant Richmond for conspiracy to deprive Mr. Feinman of his civil rights, plaintiff's Complaint fails to set forth sufficient factual allegations to sustain recovery. Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Accordingly, plaintiff's Complaint as against defendant Richmond must be dismissed.

## ARGUMENT

I.  Standard of Review.

In ruling on a motion to dismiss, the Court must accept all well-pled facts as true and draw therefrom all reasonable inferences favorable to the plaintiff. Papasan v. Allain, 478 U.S. 265, 283 (1986); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). The Court need not, however, rely upon "bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris v. Bd. of Appeals, 811 F.2d, 36, 37 (1st Cir.), cert. den., 483 U.S. 1021 (1987), quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944). Rule 12(b)(6) "is not entirely a toothless tiger." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Thus, "[g]auzy generalities, unsupported conclusions, subjective characterizations, and problematic suppositions . . ." are not sufficient to sustain a complaint or to withstand a motion to dismiss. Id.

II. The Acushnet Charges Remain Active and Pending and, Therefore, Plaintiff's Claims Against Defendant Richmond (if any) Have Not Yet Accrued.

In Heck v. Humphrey, 512 U.S. 447 (1994), the Supreme Court held that, in order to recover under Section 1983 or similar state tort theories for damages allegedly caused by one's

-3-

conviction or confinement, the plaintiff must first prove that his criminal conviction has been reversed, expunged or otherwise declared invalid. Id. at 486. The purpose of this rule is to protect state convictions and sentences from collateral attack, inasmuch as success on plaintiff's civil rights or tort claims "would necessarily imply the invalidity of his conviction or sentence." Id. See Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). See also D'Amario v. Collins, C.A. No. 01-CV-10528-GAO, Memorandum and Order (D. Mass., Nov. 1, 2001), affirmed on separate grounds, 2002 WL 1811537 (1st Cir. 2002).

The First Circuit has not yet ruled on whether the principle announced in Heck v. Humphrey applies with equal force when the criminal charges remain pending as it does when plaintiff's criminal conviction has not yet been overturned. In Gabrilowitz v. Newman, 582 F.2d 100 (1st Cir. 1978), however, the Court recognized that criminal and civil proceedings arising out of the same set of facts are related and, therefore, should not be treated as separate entities. Id. at 102-103. And, in Calero-Colon v. Betancourt-Lebron, 68 F.3d 1 (1st Cir. 1995), the Court confirmed, on facts very similar to those alleged here against defendant Richmond, that plaintiff's Section 1983 claims against the police officers who arrested him pursuant to a warrant did not accrue until his criminal prosecution ended in acquittal. Id. at 4.

Numerous other circuits addressing this issue have uniformly applied the principle of Heck v. Humphrey when plaintiff's criminal charges remain pending. See Washington v. Summerville, 127 F.3d 552, 555-56 (7th Cir. 1997), cert. den., 523 U.S. 1078 (1998); Covington v. City of New York, 171 F.3d 117, 122 (2nd Cir. 1999); Harvey v. Waldron, 210 F.3d 1008, 1013-16 (9th Cir. 2000); Beck v. Muskogee Police Dep't, 195 F.3d 553, 556-59

-4-

(10th Cir. 1999); Shamaeizadeh v. Cunigan, 182 F.3d 391, 394-99 (6th Cir. 1999). In Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996), the Third Circuit Court of Appeals reasoned as follows:

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.

Id. at 113 (emphasis in original). See also Rodriguez v. Ellis, C.A. No. Civ. 01-90-P.C. (D. Me. 2001).

The same rationale applies here. If Mr. Feinman is permitted to pursue his civil rights and tort claims against the arresting officer, defendant Richmond, then there remains a risk that he may collaterally attack his pending criminal prosecution through the vehicle of this civil proceeding. Indeed, that opportunity may well have been the impetus for the filing of plaintiff's Complaint in this matter. Plaintiff should not be afforded that opportunity. His Complaint should be dismissed.

### III. Plaintiff's Complaint Fails to State a Viable Claim for Conspiracy Against the Defendant Richmond and, Therefore, Should be Dismissed.

To state a claim for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege the existence of:

> (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to personal property, or (b) a deprivation of a constitutionally protected right or privilege.

Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Moreover, as a fifth element of proof,

plaintiff must further allege conspiratorial conduct motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id., quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). See Capozzi v. Dep't of Transportation, 135 F. Supp. 2d 87, 97-98 (D. Mass. 2001) (claims of conspiracy under Sections 1983 and 1985 dismissed for failure to allege "requisite class-based invidious discriminatory animus.")

Here, plaintiff fails to allege facts sufficient to demonstrate a viable claim of conspiracy against defendant Richmond. Mr. Feinman fails to allege that defendant Richmond was engaged in a conspiracy to deprive him of the equal protection of the laws, that defendant Richmond engaged in any overt acts or conduct in furtherance of that alleged conspiracy, or that defendant Richmond was motivated by any class-based invidious discriminatory animus.[3] In the absence of such allegations, plaintiff's conspiracy claim as against defendant Richmond must be dismissed. See Picciotto v. Schreiber, 260 B.R. 242, 245, 48 Fed. R. Serv. 3d 1195 (D. Mass. 2001).

## CONCLUSION

For the reasons set forth above, the plaintiff's Complaint fails to state a claim against the defendant, Detective Christopher Richmond, upon which relief can be granted. Therefore, plaintiff's Complaint as against defendant Richmond must be dismissed under Fed. R. Civ. P.

---

[3] Certainly, such facts (if pled) cannot be gleaned from plaintiff's rambling and incoherent Complaint.

12(b)(6).

                               The defendant,
                               DETECTIVE CHRISTOPHER RICHMOND,
                               By his attorneys,

                               **PIERCE, DAVIS & PERRITANO, LLP**

                               _____
                               John J. Davis, BBO #115890
                               Ten Winthrop Square
                               Boston, MA 02110
                               (617) 350-0950

# Commonwealth of Massachusetts
# SUPERIOR COURT
# Case Summary
# Civil Docket

## Feinman v Brunelle et al

Details for Docket: BRCV2003-01246

### Case Information

| | | | |
|---|---|---|---|
| Docket Number: | BRCV2003-01246 | Caption: | Feinman v Brunelle et al |
| Filing Date: | 11/10/2003 | Case Status: | Needs review for service |
| Status Date: | 11/10/2003 | Session: | CtRm 1 - (Fall River) |
| Lead Case: | NA | Case Type: | Civil Rights Act (12.011H-1) |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| TRK: | A | Discovery: | 12/29/2005 |
| Service Date: | 02/08/2004 | Disposition: | 11/09/2006 |
| Rule 15: | 02/02/2005 | Rule 12/19/20: | 04/08/2004 |
| Final PTC: | 06/27/2006 | Rule 56: | 02/27/2006 |
| Answer Date: | 04/08/2004 | Jury Trial: | YES |

## Parties Involved

12 Parties Involved in Docket: BRCV2003-01246

| | | | |
|---|---|---|---|
| Party Involved: | | Role: | Defendant |
| Last Name: | Andrade | First Name: | Michelina |
| Address: | 195 Riverside Avenue | Address: | |
| City: | New Bedford | State: | MA |
| Zip Code: | | Zip Ext: | |
| Telephone: | 508-999-1150 | | |

| | | | |
|---|---|---|---|
| Party Involved: | | Role: | Defendant |
| Last Name: | Baty | First Name: | Christopher |
| Address: | 195 Riverside Avenue | Address: | |
| City: | New Bedford | State: | MA |
| Zip Code: | | Zip Ext: | |
| Telephone: | 508-999-1150 | | |

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket                          12/24/03

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Bristol County Sheriff | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Brunelle | **First Name:** | Thomas |
| **Address:** | 195 Riverside Avenue | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | 508-999-1150 | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Burgess | **First Name:** | James |
| **Address:** | 195 Riverside Avenue | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | 508-999-1150 | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | New Bedford Police Department | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Palmer | **First Name:** | Stephanie |
| **Address:** | 14 Franklin Street | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Pires | **First Name:** | Leroy |
| **Address:** | 195 Riverside Avenue | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Quinones | **First Name:** | Robert |
| **Address:** | 195 Riverside Avenue | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | 508-999-1150 | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Stewart Grimes, Esquire | **First Name:** | |
| **Address:** | 448 County Street | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Other interested party |
| **Last Name:** | FILE COPY | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Feinman | **First Name:** | Alex |
| **Address:** | 1267 Main Street | **Address:** | |
| **City:** | Acushnet | **State:** | MA |
| **Zip Code:** | 02743 | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

1 Attorneys Involved for Docket: BRCV2003-01246

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Walsh | **First Name:** | Patrick T |
| **Address:** | 26 Seventh Street | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | 508-999-6414 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | New Bedford Police Departmer (Defendant) |

## Calendar Events

1 Calendar Events for Docket: BRCV2003-01246

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 11/10/2003 | 08:30 | Status: by clerk | C | Event held as scheduled |

## Full Docket Entries

13 Docket Entries for Docket: BRCV2003-01246

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 11/10/2003 | 1 | Complaint & civil action cover sheet filed |
| 11/10/2003 | | Origin 1, Type E17, Track A. |
| 12/05/2003 | 2 | ANSWER: Stewart Grimes, Esquire(Defendant) |
| 12/08/2003 | | Pleading, Defts., Thomas Brunelle, Michelina Andrade, Christopher Baty, James Burgess and Robert Henry Quinones' Answer to Plff.'s complaint, returned to Defts. (Court needs original pleadings with original signatures) |
| 12/08/2003 | | |
| 12/08/2003 | | |
| 12/08/2003 | | |
| 12/08/2003 | | |
| 12/11/2003 | 3 | ANSWER: Thomas Brunelle |
| 12/11/2003 | 4 | ANSWER: Michelina Andrade |
| 12/11/2003 | 5 | ANSWER: Christopher Baty |
| 12/11/2003 | 6 | ANSWER: James Burgess |
| 12/11/2003 | 7 | ANSWER: Robert Quinones |

| | | |
|---|---|---|
| 12/15/2003 | 8 | ANSWER: New Bedford Police Department(Defendant) |