FILED
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC 29 P 12:45

U.S. DISTRICT COURT
DISTRICT OF MASS.

C.A. No. 03-12301GAO

ALEX FEINMAN )
     Plaintiff, )
)
v. )
)
SHERIFF, BRISTOL COUNTY, ET AL., )
     Defendants, )
)

## DEFENDANT, SHERIFF, BRISTOL COUNTY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I. STATEMENT OF THE CASE

This is the second civil action[1] in which the *pro-se* plaintiff alleges a plethora of allegations against a litany of defendants. The Sheriff of Bristol County, Thomas Hodgson, now moves in opposition to the plaintiff's motion to amend his complaint.

### II. ARGUMENT

#### A. The Applicable Standard

Leave to amend lies within the discretion of the Court. Johnston v. Holiday Inns. Inc., 595 F.2d 890 (1st Cir. 1979). Although the law requires that leave to amend pleadings should be given freely, denial is justified on grounds such as "undue delay, bad

---

[1] The *pro-se* plaintiff has filed an identical complaint in the Bristol County Superior Court, docket #2003-01246A,

-1-

faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to opposing party by virtue of the allowance of amendment, futility of amendment, etc." Forman v. Davis, 371 U.S. 178 (1962). A Court may deny an amendment when the amended pleadings would not survive a motion for summary judgment. Wilson v. America Trans Air, Inc., 874 F.2d 386 (7th Cir. 1989).

Here, the plaintiff's amended complaint adds nothing more against the Bristol defendants and provides nothing more than a futile attempt to state claims against the Bristol Defendants. The plaintiff's motion to amend should be denied.

### B. The Plaintiff's Amended Complaint is Conclusory And Must Be Dismissed

The First Circuit has held that a civil rights claim is "fatally lacking" if it fails to allege "with at least some degree of particularity" the overt acts which are claimed to give rise to the cause of action. Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977). Mere conclusory allegations have been held insufficient to withstand a motion to dismiss in the absence of specific factual allegations detailing what actions are complained of. See, e.g., McGillicuddy v. Clements, 746 F.2d 76, 77-78 (1st Cir. 1984); Shick v. Farmers Home Administration, 748 F.2d 35, 42 (1st Cir. 1984); Slotnick v. Garfinkle, 632 F.2d 163, 165-66 (1st Cir. 1980) (per curium); Hurney v. Carver, 602 F.2d 1018, 1020 (1st Cir. 1979); Gomez v. Toledo, 602 1018, 1020 (1st Cir. 1979) reversed on other grounds

446 U.S. 635 (1980); Fisher v. Flynn, 598 F.2d 663, 665 (1st Cir. 1979); Ludwin v. City of Cambridge, 592 F.2d 606, 610 (1st Cir. 1979).

The Supreme Court implicitly reaffirmed the First Circuit rule that a conclusory civil rights complaint should not survive a motion to dismiss. Harlow v. Fitzgerald, 457 U.S. 800 (1982) (emphasizing federal judicial policy to quickly weed out insubstantial § 1983 actions against government officials by granting qualified immunity to these officials).

By requiring the pleading of specific facts in civil rights actions, the courts, in view of the explosion of suits brought under 42 U.S.C. § 1983, are balancing the rights of defendants not to be subject to the considerable expense, vexation and perhaps unfounded notoriety of a frivolous lawsuit, against the right of plaintiffs to bring legitimate claims.

Here, the plaintiff's amended complaint, even if read in a light most favorable to him, has alleged no facts that would warrant an actionable claim against the Sheriff of Bristol County. A review of the plaintiff's amended complaint reveals a record utterly devoid of allegations against the Sheriff of Bristol County. Accordingly, the defendant is entitled to judgment as the plaintiff can prove no set of facts that would entitle him to relief. Santiago at 130.

Generally, *pro-se* litigants are afforded some deference by Courts with respect to submission of pleadings and motions. See Ulatowski v. Ponte, 524 F.Supp. 1112 (D.Mass. 1981) (In deciding motion to dismiss for failure to state a claim upon which relief can be granted, a pro se complaint must be evaluated upon less stringent standards than those

applicable to one drafted by an attorney.) See also Stratton v. City of Boston, 731 F.Supp. 42 (D.Mass.,1989); Dickie v. Rabbit, 956 F.Supp. 67 (D.Mass.,1997). This rule however, does not imply that the Court should ignore the basic tenets of pleading and practice. In fact, the District Court has held that "although *pro-se* claimants' submissions are construed as favorably as possible to litigants, such claimants are not excused from all rules of general applicability regarding particularity of stating claims." Allicon v. Spencer, 29 F.Supp.2d 45 (D.Mass.,1998). This Court has also held that the duty to be less stringent with *pro-se* complaints does not require the Court to conjure up implied allegations. McDonald v. Com. of Mass., 901 F.Supp. 471 (D.Mass.,1995). In essence, that is what the Court would be required to do in order to interpret the *pro-se* plaintiff's amended complaint in order to assert viable claims as against the defendant.

### III. CONCLUSION

Based on the above argument, the defendant respectfully requests that the Court deny the plaintiff's motion to amend complaint.

The Defendant, Sheriff of Bristol County,
Thomas Hodgson
By his Attorneys,

_____
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## Certificate of Service

I, James W. Simpson, Jr. do certify that on the 19th day of December 2003, I served the foregoing on the *pro-se* plaintiff, Alex Feinman, 1267 Main Street, Acushnet, MA 02743 and all counsel of record.

_____
James W. Simpson, Jr.

**MERRICK, LOUISON & COSTELLO, LLP**
ATTORNEYS AT LAW
67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merricklc.com

FILED
IN CLERKS OFFICE
2003 DEC 29 P 12: 45
U.S. DISTRICT COURT
DISTRICT OF MASS.

December 19, 2003

Civil Clerk
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE: **Alex Feinman v. Bristol County, et al**
**USDC CA No. 03-12301GAO**

Dear Sir/Madam:

Enclosed please find the following for filing in the above matter:

- Defendant, Sherrif, Bristol County's Opposition to Plaintiff's Motion to Amend Complaint.

Thank you for your attention to these matters.

Very truly yours,

James W. Simpson, Jr.,

enclosure
cc  Alex Feinman, *pro-se*
    Stewart Grimes, Esq,.,
    John Davis, Esq.,