UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEX FEINMAN,
    Plaintiff
v.
    CIVIL ACTION
    CASE No. 03-12301-GAO

DETECTIVE CHRISTOPHER RICHMOND OF
THE ACUSHNET POLICE DEPARTMENT AND
AS AN INDIVIDUAL, et al, Defendants

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1. The plaintiff comes before the Court to oppose the defendant's motion to dismiss.

2. The defendant is the major key who opened the door for the plaintiff's complaint.

3. The defendant deliberately and indifferently violated the color of the law by conspiring with other defendants in fabricating actions as though he was reading a script. His misconduct under color of the law sets him apart from all immunity issues. The actions of this defendant were out of the pattern or practice set forth by the Acushnet Police Department.

4. If the defendant had received proper training, the discretion of his actions and his code of ethics would not have been deliberately indifferent to the plaintiff and others.

5. The plaintiff will prove that the defendant, along with other defendants, conspired and planned his arrest. The sequence of events will prove that the defendant openly sought and deliberately enticed the GAP Corporation to seek charges against the plaintiff, even though the GAP Corporation, with their vendor management company, owed the plaintiff more than $12,000 for work completed by the plaintiff. When the plaintiff filed for Chapter 11 bankruptcy, it was agreed in small claims court that this matter would be resolved in the bankruptcy court by both parties.

6. The plaintiff will prove to the Court that the defendant purposely falsified statements in his police report to enhance the conspiracy against him.

7. The plaintiff will prove to the Court that the defendant lied to the plaintiff, the plaintiff's family and attorney by saying he did not know what offense the arrest warrant was issued for.

8. The plaintiff will prove to the Court that the defendant deprived the plaintiff of his federally-protected rights as a citizen and under the American Disabilities Act. Detective Richmond refused the plaintiff's request to take this medication with him. He refused to handcuff the plaintiff from the front, knowing of his medical condition. By being handcuffed from the rear, this caused the plaintiff severe trauma and pain.

9. The plaintiff will show the Court the patterns and practices of the Acushnet Police Department do not conform with the actions of Detective Richmond.

10. CONCLUSION: The plaintiff moves this Honorable Court not to dismiss the defendant from this complaint but to place Detective Richmond on administrative leave until he completes appropriate training required for his duties. The plaintiff also requests that Detective Richmond and others do not harass or intimidate the plaintiff or his family.

Respectfully submitted, this 29th day of December 2003.

_____
Alex Feinman, pro se

## CERTIFICATE OF SERVICE

I, Alex Feinman, do certify that on the 29th day of December 2003, I served the foregoing on the defendants by fax and by U.S. Mail.

_____
Alex Feinman, pro se

-3-