UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

| | |
|---|---|
| ALEX FEINMAN, <br><br> Plaintiff <br><br> v. <br><br> DOMINIC NICOLACI, ET AL., <br><br> Defendants | MEMORANDUM OF REASONS IN SUPPORT OF NEW BEDFORD POLICE CHIEF'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(b)(6) |

I.   INTRODUCTION

The Chief of Police for the City of New Bedford ("Police Chief") hereby moves to dismiss the Complaint against him pursuant to Fed.R.Civ.P.12(b)(6) for failure to state a claim upon which relief may be granted. The only claim made against the Police Chief is an allegation that the plaintiff was falsely arrested (presumably in violation of the Fourth Amendment to the U.S. Constitution and Article 14 of the Massachusetts Declaration of Rights, although such causes of action are not clearly articulated by the pro se plaintiff), for which the plaintiff seeks damages pursuant to the Massachusetts Civil Rights Act, G.L. c.12 §11H and I ("MCRA").

In his Complaint, however, the plaintiff admits that he was issued a no-trespass order regarding a certain property, Complaint, ¶12, of which he received service, Id., but nevertheless attempted to gain entry or did enter such property, Complaint, ¶26, causing an agent of the corporation which occupied the property to call the New Bedford Police Department and request that the plaintiff be arrested, Id. The plaintiff's own admissions establish probable cause for an arrest for trespassing pursuant to G.L. c.266 §120. As an arrest supported by probable cause does not violate the Fourth Amendment or Article 14, the plaintiff has failed to state a claim upon which relief may be granted. Furthermore, the plaintiff has alleged no involvement by the

Police Chief in the arrest and has further failed to establish any basis for supervisory liability. The Complaint should therefore be dismissed against the Police Chief.

## II. FACTS & PROCEDURAL HISTORY

1. On October 27, 2003, Attorney Stewart Grimes, acting as attorney for a company known as LFS, Incorporated,[1] secured a no-trespassing order against the plaintiff. Complaint, ¶12. The plaintiff received service of the no-trespassing order. Id.

2. On October 30, 2003, the plaintiff attempted to enter the premises of LFS. Id. at ¶26. Shawn Gore, acting as an agent of LFS, contacted the New Bedford Police Department, and requested that the plaintiff be arrested for trespassing. Complaint, ¶26. New Bedford Police Department complied with Mr. Gore's request. Id.

## III. ARGUMENT

### A. Motion to Dismiss Standard

Under Fed.R.Civ.P. 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief may be granted against the defendant. A Rule 12(b)(6) motion to dismiss is the usual and proper method of testing the legal sufficiency of a complaint. Moore's Federal Practice, Vol. 2A, § 12.08, p. 2266 (2nd ed., 1984). On a motion to dismiss, the reviewing court construes well-pleaded material allegations of complaint as admitted, Walker Process Equip. v. Food Mach. & Chem. Corp., 382 U.S. 172 (1976), and all reasonable inferences are drawn in the plaintiff's favor. Wagner v. Devine, 122 F.3d 53, 58 n.2 (1st Cir. 1997). The court is not bound, however, to accept as true conclusions of law or unwarranted deductions of fact. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). Where it appears to a certainty that plaintiff is entitled to no relief under any state of facts

---

[1] The plaintiff appears to be a former director or employee of LFS, Incorporated, but was voted out of the corporation at a meeting of the Board of Directors on October 24, 2003. Complaint, ¶8.

2

which could be proved in support of her claims, dismissal is proper. See Ballou v. General Electric Co., 393 F.2d 398 (1st Cir. 1968).

The pleading rules are "not entirely toothless," Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir.1990) and the "minimal requirements are not tantamount to nonexistent requirements." Gilbert v. Cambridge, 932 F.2d 51, 62 (1st Cir. 1991). A plaintiff must set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The plaintiff cannot rely upon "subjective characterizations or unsubstantiated conclusions." Fleming, 922 F.2d at 23. "Empirically unverifiable conclusions, not logically compelled, or at least supported by the stated facts," deserve no deference. United States v. AVX Corp., 962 F.2d 108, 114 n.8 (1st Cir. 1992); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). The deference due the allegations of a complaint does not extend to "self-serving generalities" or "unsubstantiated conclusions." Gilbert, 932 F.2d at 62.[2] "[O]nly when conclusions are supported by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, [do] 'conclusions' become 'facts' for pleading purposes." Id. Finally, to plead a justiciable case, a plaintiff must allege a "'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" AVX Corp., 962 F.2d at 114 n. 8 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

---

[2] "A reviewing court 'need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990), even when such phantoms are robed by the pleader in the guise of facts. We have been particularly insistent in section 1983 cases to require a fair degree of specificity -- a foundation of material facts -- to survive a motion to dismiss." Gilbert, 932 F.2d at 62 (citing Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)), Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978).

B. <u>Substantial Likelihood of Success on the Merits</u>

The Complaint does not set forth a claim upon which relief may be granted by this Court against the Police Chief. The only claim made against the Police Chief is an allegation that the New Bedford Police Department arrested the plaintiff after the tenant at 195 Riverside Avenue requested that he be arrested for trespassing. Complaint, ¶26. The plaintiff admits that a no-trespassing order had been issued against him on October 27, 2003 and that he was served with the order. Complaint, ¶12. Despite receipt of such order, he attempted to or did enter the property on October 30, 2003. Complaint, ¶26. The plaintiff does not allege that the Police Chief arrested him, or indeed participated directly in any way in his arrest. The plaintiff does not identify any specific cause of action against the Police Chief, but instead states generally in his Prayers for Relief that he was falsely imprisoned and that his rights under the Massachusetts Declaration of Rights were violated, for which he seeks relief under the Massachusetts Civil Rights Act, G.L. c.12 §11H and I ("MCRA"). Complaint, Prayers for Relief, ¶15.

1. <u>Fourth Amendment to the U.S. Constitution and Article 14 to the Massachusetts Declaration of Rights</u>

Under the Massachusetts trespass statute, G.L. c.266 § 120, it is illegal for an individual "without right [to enter] or remain in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf, or pier of another . . . after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon." In this matter, the tenant of the property secured an order barring the plaintiff from entering it. The plaintiff therefore clearly violated G.L. c.266, §120 and the New Bedford Police Department had probable cause to arrest him.

The proper arrest of a trespasser, pursuant to G.L. c. 266, § 120, does not violate the Fourth Amendment to the United States Constitution or Article 14 of the Massachusetts

4

Declaration of Rights.[3] Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 351 (1st Cir. 1995). The standard for assessing the constitutionality of a warrantless arrest for the violation of a restraining order was elucidated by the United States Court of Appeals for the First Circuit in Logue v. Dore, 103 F.3d 1040, 1044-45 (1st Cir. 1997):

> The constitutionality of a warrantless arrest "depends ... upon whether, at the moment the arrest was made, the officer [ ] had probable cause to make it." Beck v. Ohio, 379 U.S. 89, 91 (1964). In turn, probable cause to make an arrest exists if--and only if--the facts and circumstances of which the arresting officer has knowledge are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission. See Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992); Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir.1992). In sum, the existence of probable cause (and, in turn, the validity of an ensuing arrest) is gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified. See Scott v. United States, 436 U.S. 128, 137-38 (1978); United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir.1987); see also Whren v. United States, 517 U.S. 806, 813 (1996) (holding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). And, moreover, though probable cause requires more than mere suspicion, it does not require the same quantum of proof as is needed to convict. See United States v. Aguirre, 839 F.2d 854, 857-58 (1st Cir.1988).

In the instant matter, a no-trespass order had been issued against the plaintiff regarding certain property. He admits he was served with the no-trespass order, but nevertheless decided to enter the property. An agent for the tenant of the property telephoned the New Bedford Police Department and requested that the plaintiff be arrested for trespassing. The New Bedford Police Department complied with the request.

As the plaintiff's arrest was made upon probable cause under the circumstances within arresting officers' knowledge and of which they had reasonably trustworthy information

---

[3] Although Article 14 of the Declaration of Rights provides greater protection than the Fourth Amendment to the United States Constitution under certain circumstances, such circumstances are not present here. Commonwealth v. Upton, 394 Mass. 363, 372-377, 476 N.E.2d 548 (1985) (requiring more stringent inquiry where information is provided by confidential or unknown informant).

sufficient to lead a prudent person to believe that the plaintiff had violated the restraining order, the plaintiff's rights under the Fourth Amendment and Article 14 were not violated. Romero v. Fay, 45 F.3d 1472 (10th Cir. 1995). This analysis does not change even if a Court later dismisses the charges against the plaintiff and determines that the police officers' belief was mistaken, but reasonable. United States v. Gonzalez, 969 F.2d 999 (11th Cir. 1992); Bailey v. United States, 389 F.2d 305 (C.A.D.C. 1967); United States v. Tramunti, 377 F. Supp. 1 (S.D.N.Y.1974).

In Alexis, where a person who refused to leave a McDonald's restaurant upon a request of both the restaurant's manager and the police officer who was summoned by the manager, was arrested as a trespasser, the court denied a claim that the arrest constituted a violation of that person's Fourth Amendment rights. Given that similar facts to the present case resulted in a finding that the arrest was justified under the Fourth Amendment, it is certainly reasonable to find that the defendants' actions here did not constitute a violation of the plaintiff's rights under the Fourth Amendment or Article 14.

The plaintiff has therefore failed to state a claim upon which relief may be granted against the Police Chief and the Complaint should be dismissed as against him.

2. Threats, Intimidation or Coercion Under the MCRA

In addition to showing interference with a cognizable constitutional right, to succeed on an MCRA claim, the plaintiff must show that such interference was through threats, intimidation, or coercion. Swanset Development Corp. v. Taunton, 423 Mass. 390, 395, 668 N.E. 2d 333 (1996) (citations omitted). The insertion by the Legislature of the requirement of threats, intimidation or coercion was specifically intended to limit liability under the Act. Freeman v.

6

Planning Bd. of West Boylston, 419 Mass. 548, 565-566, 646 N.E.2d 139 (1995) cert. denied 516 U.S. 931 (1995).

"[A] direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something that the person is not lawfully required to do." Swanset Development Corp., 423 Mass. 390, 396, 668 N.E.2d 333 (1996) (quoting Freeman 419 Mass. at 565, 646 N.E.2d at 149 (1995)). It is well established that in order to recover pursuant to the MCRA, a plaintiff's rights must be violated by "threats, intimidation or coercion," G.L. c. 12, §§11H and 11I, there must be, in addition to the deprivation itself, "something akin to duress which causes the victim to relinquish [his] rights." Butler v. RMS Technologies, Inc., 741 F. Supp. 1008, 1011 (D. Mass. 1990); Webster v. Motorola, Inc., 418 Mass. 425, 430, 637 N.E.2d 203 (1994). A direct deprivation of a secured right will not violate the MCRA if it "lacks the quality of coercion." Butler, 741 F. Supp. at 1011; see also Longval v. Commissioner of Correction, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989); Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781, 506 N.E.2d 1152, 1158 (1987).

A "threat" is the "intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474, 631 N.E.2d 985, 990 (1994). "'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct." Id. Coercion is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Id.

The plaintiff has not pled any factual allegations in the Complaint or his proposed amendments thereto that establish that he was arrested because the Police Chief wished to deprive him of his constitutional rights. Instead, the plaintiff's own admissions reveal that he

was arrested because the responding police officers had probable cause to believe that he had violated the law. Even if the plaintiff's arrest was later determined to have been performed without probable cause (which is unlikely, as even the plaintiff has admitted facts to support a finding of probable cause), it would constitute a direct deprivation of his civil rights, not an act of coercion to prevent him from exercising his civil rights, and therefore would not be actionable under the MCRA.

### 3. Supervisory Liability

A supervisor cannot be held liable on a theory of respondeat superior under section 1983.[4] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 696 n. 58 (1978); Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir.1985), cert. denied sub nom. Town of Saugus v. Voutour, 474 U.S. 1100 (1986). Section 1983 liability may be imposed on "supervisor... only on the basis of his own acts or omissions." Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 (1st Cir.1994).

Such actions or omissions in turn must be "affirmatively connect[ed] to the subordinate's violative act or omission," and which must themselves rise to the level of deliberate indifference. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir.1994). Thus, "[a] plaintiff must show an 'affirmative link' between the subordinate officer and the supervisor, 'whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir.2000) (quoting Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir.1999)); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir.1989).

---

[4] The MCRA is the Massachusetts analogue to 42 U.S.C. §1983, and thus the claim against the Police Chief is subject to the same standard on supervisory liability. Martino v. Hogan, 37 Mass. App. Ct. 710, 720, 643 N.E. 2d. 53 (1994).

The plaintiff has made no allegations that the Police Chief was directly involved in his arrest. He has also failed to plead any factual allegations demonstrating an affirmative link between the Police Chief and his arrest. Finally, as set forth above, the arrest of the plaintiff was supported by probable cause and therefore, did not violate any of his constitutional rights.

As the plaintiff has not demonstrated that he has any likelihood of success on the merits on the claims set forth in the Original Complaint, he has failed to justify the granting of injunctive relief against the Police Chief.

## IV. CONCLUSION

WHEREFORE, the New Bedford Chief of Police respectfully request that the Complaint be dismissed as against him.

DEFENDANTS,

By their attorneys,

*/s/ Katharine Doyle*
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

210668/Metg/0517

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 1/9/03

K. Doyle

9