UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

ALEX FEINMAN,

Plaintiff

v.

DOMINIC NICOLACI, ET AL.,

Defendants

NEW BEDFORD POLICE CHIEF'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I. INTRODUCTION

The Chief of Police for the City of New Bedford ("Police Chief") hereby opposes the plaintiff's motion for a preliminary injunction seeking to have the Police Chief set policy regarding the "handling of no-trespass orders" and to have police officers assist the plaintiff in removing property he believes to be his from property controlled by other private individuals. The plaintiff has failed to establish that he has a substantial likelihood of success against the Police Chief, failed to demonstrate any irreparable harm that will be done to the plaintiff if relief is not granted, and failed to demonstrate that the injunctive relief requested is in the public interest.

As the plaintiff has failed to show that he is entitled to injunctive relief, his motion for preliminary injunction should be denied.

II. FACTS & PROCEDURAL HISTORY

1. On October 27, 2003, Attorney Stewart Grimes, acting as attorney for a company known as LFS, Incorporated,[1] secured a no-trespassing order against the plaintiff. Complaint, ¶12. The plaintiff received service of the no-trespassing order. Id.

---

[1] The plaintiff appears to be a former director or employee of LFS, Incorporated, but was voted out of the corporation at a meeting of the Board of Directors on October 24, 2003. Complaint, ¶8.

2.     On October 30, 2003, the plaintiff attempted to enter the premises of LFS. Id. at ¶26. Shawn Gore, acting as an agent of LFS, contacted the New Bedford Police Department, and requested that the plaintiff be arrested for trespassing. Complaint, ¶26. New Bedford Police Department complied with Mr. Gore's request. Id.

III.   ARGUMENT

A.   Standard for Preliminary Injunction

Before this Court may grant a preliminary injunction, the moving party must establish that "(1) it has a substantial likelihood of success on the merits, (2) there exists, absent the injunction, a significant risk of irreparable harm, (3) the balance of hardships tilts in its favor, and (4) granting the injunction will not negatively affect the public interest." Knights of Columbus, Council No. 94, Lexington, Mass. v . Town of Lexington, 124 F.Supp.2d 119, 122 (D.Mass. 2000) (quoting TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 544 (1st Cir.1996)).

The burden of proof is on the plaintiff. Ocean Spray Cranberries, Inc. v. Pepsico, Inc., 160 F.3d 58, 60 (1st Cir.1998); Equal Employment Opportunity Comm'n v. Astra USA, Inc., 94 F.3d 738, 742 (1st Cir.1996). A preliminary injunction is an equitable remedy. Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944). It does not issue automatically even if the foregoing criteria indicate that an injunction is warranted. Converse Constr. Co. v. Massachusetts Bay Transp. Auth., 899 F.Supp. 753, 760 (D.Mass.1995). Thus, a court may properly consider any inequitable conduct by the plaintiff. The court may also consider any adverse impact on the public interest for which a bond cannot compensate and withhold relief for this reason alone. Weinberger, 456 U.S. at 312-13; Converse, 899 F.Supp. at 760.

B.  Substantial Likelihood of Success on the Merits

1.  Original Complaint

The Complaint does not set forth a claim upon which relief may be granted by this Court against the Police Chief. The only claim made against the Police Chief is an allegation that the New Bedford Police Department arrested the plaintiff after the tenant at 195 Riverside Avenue requested that he be arrested for trespassing. Complaint, ¶26. The plaintiff admits that a no-trespassing order had been issued against him on October 27, 2003 and that he was served with the order. Complaint, ¶12. Despite receipt of such order, he entered the property on October 30, 2003. Complaint, ¶26. The plaintiff does not allege that the Police Chief arrested him, or indeed participated directly in any way in his arrest. The plaintiff does not identify any specific cause of action against the Police Chief, but instead states generally in his Prayers for Relief that he was falsely imprisoned and that his rights under the Massachusetts Declaration of Rights were violated, for which he seeks relief under the Massachusetts Civil Rights Act, G.L. c.12 §11H and I ("MCRA"). Complaint, Prayers for Relief, ¶15.

Under the Massachusetts trespass statute, G.L. c.266 § 120, it is illegal for an individual "without right [to enter] or remain in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf, or pier of another . . . after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon." In this matter, the tenant of the property secured an order barring the plaintiff from entering it. The plaintiff therefore clearly violated G.L. c.266, §120 and the New Bedford Police Department had probable cause to arrest him.

The proper arrest of a trespasser, pursuant to G.L. c. 266, § 120, does not violate the Fourth Amendment to the United States Constitution or Article 14 of the Massachusetts

3

Declaration of Rights.[2] Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 351 (1st Cir. 1995). The standard for assessing the constitutionality of a warrantless arrest for the violation of a restraining order was elucidated by the United States Court of Appeals for the First Circuit in Logue v. Dore, 103 F.3d 1040, 1044-45 (1st Cir. 1997):

> The constitutionality of a warrantless arrest "depends ... upon whether, at the moment the arrest was made, the officer [ ] had probable cause to make it." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). In turn, probable cause to make an arrest exists if--and only if--the facts and circumstances of which the arresting officer has knowledge are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission. See Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992); Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir.1992). In sum, the existence of probable cause (and, in turn, the validity of an ensuing arrest) is gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified. See Scott v. United States, 436 U.S. 128, 137-38, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978); United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir.1987); see also Whren v. United States, 517 U.S. 806, ----, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996) (holding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). And, moreover, though probable cause requires more than mere suspicion, it does not require the same quantum of proof as is needed to convict. See United States v. Aguirre, 839 F.2d 854, 857-58 (1st Cir.1988).

In the instant matter, a no-trespass order had been issued against the plaintiff regarding certain property. He admits he was served with the no-trespass order, but nevertheless decided to enter the property. An agent for the tenant of the property telephoned the New Bedford Police Department and requested that the plaintiff be arrested for trespassing. The New Bedford Police Department complied with the request.

---

[2] Although Article 14 of the Declaration of Rights provides greater protection than the Fourth Amendment to the United States Constitution under certain circumstances, such circumstances are not present here. Commonwealth v. Upton, 394 Mass. 363, 372-377, 476 N.E.2d 548 (1985) (requiring more stringent inquiry where information is provided by confidential or unknown informant).

As the plaintiff's arrest was made upon probable cause under the circumstances within arresting officers' knowledge and of which they had reasonably trustworthy information sufficient to lead a prudent person to believe that the plaintiff had violated the restraining order, the plaintiff's rights under the Fourth Amendment and Article 14 were not violated. Romero v. Fay, 45 F.3d 1472; (10th Cir. 1995). This analysis does not change even if a Court later dismisses the charges against the plaintiff and determines that the police officers' belief was mistaken, but reasonable. United States v. Gonzalez, 969 F. 2d 999 (11th Cir. 1992); Bailey v. United States, 389 F.2d 305 (C.A.D.C. 1967); United States v. Tramunti, 377 F.Supp. 1 (S.D.N.Y.1974).

In Alexis v. McDonald's Restaurant of Massachusetts, Inc. where a person who refused to leave a McDonald's restaurant upon a request of both the restaurant's manager and a police officer, was then arrested as a trespasser, the court denied a claim that the arrest constituted a violation of that person's Fourth Amendment rights. Given that similar facts to the present case resulted in a finding that the arrest was justified under the Fourth Amendment, it is certainly reasonable to find that the defendants' actions here did not constitute a violation of the plaintiff's rights under the Fourth Amendment or Article 14.

In addition to showing interference with a cognizable constitutional right, to succeed on an MCRA claim, the plaintiff must show that such interference was through threats, intimidation, or coercion. Swanset Development Corp. v. Taunton, 423 Mass. 390, 395 668 N.E. 2d 333 (1996) (citations omitted). The insertion by the Legislature of the requirement of threats, intimidation or coercion was specifically intended to limit liability under the Act. Freeman v. Planning Bd. of West Boylston, 419 Mass. 548, 565-566, 646 N.E.2d 139 (1995) cert. denied 516 U.S. 931 (1995).

"[A] direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something that the person is not lawfully required to do." Swanset Development Corp., 423 Mass. 390, 396, 668 N.E.2d 333 (1996) (quoting Freeman 419 Mass. at 565, 646 N.E.2d at 149 (1995)). It is well established that in order to recover pursuant to the MCRA, a plaintiff's rights must be violated by "threats, intimidation or coercion," G.L. c. 12, §§11H and 11I, there must be, in addition to the deprivation itself, "something akin to duress which causes the victim to relinquish [his] rights." Butler v. RMS Technologies, Inc., 741 F. Supp. 1008, 1011 (D. Mass. 1990); Webster v. Motorola, Inc., 418 Mass. 425, 430, 637 N.E.2d 203 (1994). A direct deprivation of a secured right will not violate the MCRA if it "lacks the quality of coercion." Butler, 741 F. Supp. at 1011; see also Longval v. Commissioner of Correction, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989); Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781, 506 N.E.2d 1152, 1158 (1987).

A "threat" is the "intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474, 631 N.E.2d 985, 990 (1994). "'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct." Id. Coercion is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Id.

The plaintiff has not pled any factual allegations in the Complaint that establish that he was arrested because the Police Chief wished to deprive him of a constitutional rights. Instead, the plaintiff's own admissions reveal that he was arrested because the responding police officers had probable cause to believe that he had violated the law. Even if the plaintiff's arrest was later determined to have been performed without probable cause (which is unlikely, as even the

plaintiff has admitted facts to support a finding of probable cause), it would constitute a direct deprivation of his civil rights, not an act of coercion to prevent him from exercising his civil rights, and therefore would not be actionable under the MCRA.

As the plaintiff has not demonstrated that he has any likelihood of success on the merits on the claims set forth in the Original Complaint, he has failed to justify the granting of injunctive relief against the Police Chief, Lieutenant Hebert or the unidentified New Bedford Police officers.

2. Proposed Amended Complaints

The plaintiff has filed two motions to amend the Complaint to add allegations against the Police, as well as add new defendants to the matter: Lieutenant Hebert and other unidentified New Bedford Police Officers. As set forth in the New Bedford Defendants' Opposition to Motions to Amend Original Complaint, the proposed amendments are futile, as they too fail to state a claim upon which this Court may grant relief. The Police Chief refers to and incorporates as if fully set forth herein the arguments made in the New Bedford Defendants' Opposition to Motions to Amend Original Complaint.

As the plaintiff has not demonstrated that he has any likelihood of success on the merits on the claims set forth in the proposed amendments to the Original Complaint, he has failed to justify the granting of injunctive relief against the Police Chief.

C. The Plaintiff Has Failed to Show Any Irreparable Harm or Hardship to Warrant the Granting of Injunctive Relief

The plaintiff seeks an order mandating that the Chief of Police and Lieutenant Hebert set policy regarding "the handling of no-trespass cases" and assist the plaintiff in removing "his" property from 195 Riverside Avenue in New Bedford. He has failed to show any irreparable harm that would result if a policy regarding the handling of no-trespass cases was not set

(indeed, he has not even pled that one does not already exist). He has further failed to show any irreparable harm that would result if New Bedford police officers did not assist him to recover the property to which he claims to be entitled.

The plaintiff has also failed to demonstrate that the balance of hardship tilts in his favor, as no hardship will result from the failure of the Court to order New Bedford Police Department to set a certain policy, or to order New Bedford police officers to assist the plaintiff in recovering his property. If the plaintiff wishes to recover his property, he has adequate judicial remedies to do so without enlisting the aid of the New Bedford Police Department. Indeed, the balance of hardship weighs in favor of denying relief. As set forth below, the public interest is not served by granting either of the plaintiff's requests.

D. Granting The Injunction Will Negatively Affect The Public Interest

Finally, when a request for an injunction seeks to enjoin governmental action, the risk of harm to the public's interest in enforcing the law must be weighed. Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001); Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988). If the issuance of the injunction sought by a plaintiff would have an adverse effect upon the "public interest," the injunction should not be issued, even if the other three factors weigh in favor of relief. Boston's Children First v. City of Boston, 62 F.Supp.2d 247, 262 (D.Mass. 1999).

The plaintiff asks this Court to mandate that the Chief of Police and Lieutenant Hebert set policy regarding "the handling of no-trespass cases" and assist the plaintiff in removing his property from 195 Riverside Avenue in New Bedford. The public interest is not served by a Court order mandating that municipal officials set policy on demand by one disgruntled private party. Indeed, well-established precedent dictates the opposite. Where, as here, an injunction

8

affects a public agency's exercise of its discretionary functions, courts must tread lightly in ordering action. See Matter of McKnight, 406 Mass. 787, 792, 550 N.E.2d 856 (1990). The conduct of law enforcement officials in investigating potentially criminal conduct is a discretionary function. Sena v. Commonwealth, 417 Mass. 250, 629 N.E.2d 986 (1994). Massachusetts courts have repeatedly ruled that a Court may not direct a municipal official or agency to exercise such a discretionary function through an order of mandamus. See Matter of Electric Mut. Liability Ins. Co., Ltd., 426 Mass. 1007 n.1, 689 N.E.2d 773 (1998); Lynch v. Police Com'r of Boston, 43 Mass.App.Ct. 107, 110, 681 N.E.2d 307, 309 (1997); Urban Transp., Inc. v. Mayor of Boston, 373 Mass. 693, 698, 369 N.E.2d 1135 (1977). Consistent with such directives, it is not in the public interest for a federal court to order a local agency to set a specific policy on the basis that one citizen did not persuade the police to take the action he wanted against other private citizens.

Furthermore, the public interest (particularly in light of scarce municipal resources) are not served by having a Court order a police department to act as the plaintiff's assistants while he takes property that he alleges to be his, especially as a dispute is pending with other private individuals over said property. If the plaintiff believes that the property is his and is now illegally detained by other private parties, he can pursue legal action (as he appears to be doing) to recover such property. Until the Courts have resolved the dispute over the property, it is inappropriate for the plaintiff to demand that the property be returned to him, and even more inappropriate to order the New Bedford Police Department to assist him in such recovery.

As the plaintiff has failed to demonstrate that a preliminary injunction would serve the public interest, his motion for preliminary injunction should be denied.

9

IV. CONCLUSION

WHEREFORE, the New Bedford Chief of Police respectfully request that the plaintiff's motion for a preliminary injunction be denied.

DEFENDANTS,

By their attorneys,

*/s/ Katharine Doyle*

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

210624/Metg/0517

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 1/9/03

*/s/ K. Doyle*

10