UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

ALEX FEINMAN,

                    Plaintiff

v.                                                    NEW BEDFORD POLICE CHIEF'S
                                                      OPPOSITION TO MOTIONS TO
DOMINIC NICOLACI, ET AL.,                             AMEND ORIGINAL COMPLAINT

                    Defendants

I. INTRODUCTION

The plaintiff filed two motions on December 16, 2003 that proposes to amend his original

Complaint to add factual allegations to a false arrest claim against the Chief of Police of the New

Bedford Police Department ("Police Chief")[1] and to add Lieutenant Eugene Hebert[2] of the New

Bedford Police Department as a defendant. The false arrest claim derives from the arrest of

plaintiff Alex Feinman for trespassing at 195 Riverside Avenue, New Bedford, Massachusetts.

The plaintiff also asserts that Lieutenant Hebert and unidentified New Bedford police officers

failed to take action on the plaintiff's allegations that other private individuals were illegally

using his personal equipment. For purposes of clarity, the New Bedford defendants have

attached both motions hereto as Exhibit A and B respectively.

---

[1] The plaintiff also asserts that unidentified New Bedford police officers should be added to the Complaint as defendants. For the same reasons stated herein on behalf of the Police Chief and Lieutenant Hebert, such amendment would be futile as the proposed amended complaint fails to state a claim upon which may be granted by this Court.

[2] The plaintiff has not demonstrated compliance with Local Rule 15.1, which requires him to serve the motion to amend complaint to add a new party on the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. Local Rule 15.1 states "[a] motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the party as required by this rule." (emphasis supplied). The plaintiff has failed to file such certificate and his motion should be denied on this basis alone.

The Police Chief opposes plaintiff's Motions to Amend Original Complaint on the grounds that such amendment would be futile. As grounds therefor, the Police Chief states that the proposed amended complaint fails to state a claim upon which relief may be granted by this Court.

## II. STATEMENT OF FACTS AND PRODECURAL HISTORY[3]

1.      Certain unidentified defendants used equipment not owned by them on interstate highways without insurance or registration. Exhibit A, Plaintiff's Motion to Amend Original Complaint, ¶11. The plaintiff spoke numerous times with Lieutenant Hebert regarding the use of his property without proper tags or insurance. Exhibit B, Plaintiff's Motion to Amend Original Complaint, ¶3. Lieutenant Hebert of the New Bedford Police Department spoke with FBI agent Charles Prunier regarding the matter. Ex. A. at ¶11; Ex. B. at ¶5.

2.      Attorney Stewart Grimes, an attorney for an entity known as LFS, also spoke to Lt. Hebert and the FBI regarding the plaintiff's complaints regarding the alleged use of the plaintiff's property. Ex. A. at ¶11, 16, 26; Ex. B at ¶6. Attorney Grimes represented to Lt. Hebert that the federal government had impounded the assets and equipment of the plaintiff, "L. Feinman & Sons, Acushnet Facility Maintenance, Acushnet Maintenance, Shawn Linn, Incorporated and Loyal Fast Service, Incorporated." Ex. B. at ¶6. The plaintiff sent Lt. Hebert a fax of a copy of subpoenas for records taken by the government. Ex. B. at ¶8.

3.      Domenic Nicolai, one of the owners of 195 Riverside Avenue and his agent arranged an agreement allowing the plaintiff to use 195 Riverside Avenue in June, 2003. Ex. A. at ¶12, 35. Some parties to the agreement later decided to withdraw their assent to the agreement. Id.

---

[3] The facts recited herein are taken from the averments of the complaint and proposed amended complaints, and are accepted as true for the purposes of this motion only. See Coyne v. Somerville, 972 F. 2d 440 (1st Cir. 1992).

2

4.      On October 27, 2003, Attorney Grimes secured a no-trespassing order against the plaintiff for 195 Riverside Avenue, New Bedford, Massachusetts. Ex. A. at ¶9, 31. The plaintiff received service of the no-trespassing order. Ex. A. at ¶31.

5.      On October 30, 2003, the plaintiff attempted to enter the premises of LPS at 195 Riverside Avenue, New Bedford. Ex. A. at ¶44. Shawn Gore, acting as an agent of LFS, contacted the New Bedford Police Department, and requested that the plaintiff be arrested for trespassing. Id. The New Bedford Police Department complied with Mr. Gore's request. Id.

6.      On November 7, 2003, Domenic Nicolaci, Lydia Nicolaci (also an owner of 195 Riverside Avenue), and Rosalie Hassey executed an agreement with LFS, which terminated the plaintiff's right to enter the building. Ex. A. at 39.

7.      On November 18, 2003, the plaintiff filed his original complaint and motion for preliminary injunction against, among other defendants, the Chief of Police of the New Bedford Police Department. See Complaint, generally. On December 16, 2003, the plaintiff filed a motion to amend his original complaint.

III. ARGUMENT

   A.     The Plaintiff's Motion to Amend Should be Denied Due to the Futility of its
          Claims

       Grant or denial of a motion to amend is within the sound discretion of the district court. Torres-Matos v. St. Lawrence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir. 1990). Where an amendment would be futile or would serve no legitimate purpose, the district court "should not needlessly prolong matters." Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir. 1998). Leave to amend need not be granted in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

3

etc." Forman v. Davis, 371 U.S. 178, 182-83 (1962); see also Correa-Martinez v. Arrillaga-
Belendez, 903 F.2d 49,59 (1st Cir. 1990) (amendment that "would be futile or would service no
legitimate purpose" should not be allowed). "Futility" means that the complaint, as amended,
would fail to state a claim upon which relief can be granted. Glassman v. Computervision Corp.,
90 F.3d 617, 623 (1st Cir. 1996); see also Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir.1979).

    B.    Plaintiff Has Failed to State A Claim Upon Which Relief May Be Granted
           Against the Police Chief

Under the Massachusetts trespass statute, G.L. c.266 § 120, it is illegal for an individual
"without right [to enter] or remain in or upon the dwelling house, buildings, boats or improved or
enclosed land, wharf, or pier of another . . . after having been forbidden so to do by the person
who has lawful control of said premises, whether directly or by notice posted thereon." In this
matter, the tenant of the property secured a order barring the plaintiff from entering it. The
plaintiff admits that despite being served with the order, he proceeded to the property a few days
later and an agent for the tenant telephoned the New Bedford Police Department and requested
that the plaintiff be arrested. The plaintiff therefore clearly violated G.L. c.266, §120 and the
New Bedford Police Department had probable cause to arrest him.

The proper arrest of a trespasser, pursuant to G.L. c. 266, § 120, does not violate the
Fourth Amendment or Article 14 of the Massachusetts Declaration of Rights.[4] Alexis v.
McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 351 (1st Cir. 1995). The standard
for assessing the constitutionality of a warrantless arrest for the violation of a restraining order
was elucidated by the United States Court of Appeals for the First Circuit in Logue v. Dore, 103
F.3d 1040, 1044-45 (1st Cir. 1997):

---

[4] Although Article 14 of the Declaration of Rights provides greater protection than the Fourth Amendment to the
United States Constitution under certain circumstances, such circumstances are not present here. Commonwealth v.
Upton, 394 Mass. 363, 372-377, 476 N.E.2d 548 (1985) (requiring more stringent inquiry where information is
provided by confidential or unknown informant).

The constitutionality of a warrantless arrest "depends ... upon whether, at the moment the arrest was made, the officer [ ] had probable cause to make it." Beck v. Ohio, 379 U.S. 89, 91 (1964). In turn, probable cause to make an arrest exists if--and only if--the facts and circumstances of which the arresting officer has knowledge are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission. See Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992); Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir.1992). In sum, the existence of probable cause (and, in turn, the validity of an ensuing arrest) is gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified. See Scott v. United States, 436 U.S. 128, 137-38 (1978); United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir.1987); see also Whren v. United States, 517 U.S. 806, 813 (1996) (holding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). And, moreover, though probable cause requires more than mere suspicion, it does not require the same quantum of proof as is needed to convict. See United States v. Aguirre, 839 F.2d 854, 857-58 (1st Cir.1988).

In the instant matter, a no-trespass order had been issued against the plaintiff entering 195 Riverside Avenue, plaintiff admits he was served with the no-trespass order, but nevertheless decided to enter 195 Riverside Avenue. An agent for the tenant of the property telephoned the New Bedford Police Department and requested that the plaintiff be arrested for trespassing.

As the plaintiff's arrest was made upon probable cause under the circumstances within arresting officers' knowledge and of which they had reasonably trustworthy information sufficient to lead a prudent person to believe that the plaintiff had violated the restraining order, the plaintiff's rights under the Fourth Amendment were not violated. Romero v. Fay, 45 F.3d 1472; (10th Cir. 1995). This analysis does not change even if a Court later dismisses the charges against the plaintiff and determines that the police officers' belief was mistaken, but reasonable. United States v. Gonzalez, 969 F. 2d 999 (11th Cir. 1992); Bailey v. United States, 389 F.2d 305 (C.A.D.C. 1967); United States v. Tramunti, 377 F. Supp. 1 (S.D.N.Y.1974).

In Alexis v. McDonald's Restaurant of Massachusetts, Inc. where a person who refused to leave a McDonald's restaurant upon a request of both the restaurant's manager and a police

officer was arrested as a trespasser, the court denied a claim that the arrest constituted a violation of that person's Fourth Amendment rights. Given that similar facts to the present case resulted in a finding that the arrest was justified under the Fourth Amendment, it is certainly reasonable to find that the defendants' actions here did not constitute a violation of the plaintiff's rights under the Fourth Amendment or Article 14. The proposed amendments therefore will not state a claim upon which this Court may grant relief and such amendments should be denied as futile.

In addition to showing interference with a cognizable constitutional right, to succeed on an MCRA claim, the plaintiff must show that such interference was through threats, intimidation, or coercion. Swanset Development Corp. v. Taunton, 423 Mass. 390, 395, 668 N.E. 2d 333 (1996) (citations omitted). The insertion by the Legislature of the requirement of threats, intimidation or coercion was specifically intended to limit liability under the Act. Freeman v. Planning Bd. of West Boylston, 419 Mass. 548, 565-566, 646 N.E.2d 139 (1995) cert. denied 516 U.S. 931 (1995).

"[A] direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something that the person is not lawfully required to do." Swanset Development Corp., 423 Mass. 390, 396, 668 N.E.2d 333 (1996) (quoting Freeman 419 Mass. at 565, 646 N.E.2d at 149 (1995)). It is well established that in order to recover pursuant to the MCRA, a plaintiff's rights must be violated by "threats, intimidation or coercion," G.L. c. 12, §§11H and 11I, there must be, in addition to the deprivation itself, "something akin to duress which causes the victim to relinquish [his] rights." Butler v. RMS Technologies, Inc., 741 F. Supp. 1008, 1011 (D. Mass. 1990); Webster v. Motorola, Inc., 418 Mass. 425, 430, 637 N.E.2d 203 (1994). A direct deprivation of a secured right will not violate the MCRA if it "lacks the quality of coercion." Butler, 741 F. Supp. at 1011; see also Longval v. Commissioner of

6

Correction, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989); Pheasant Ridge Assocs. Ltd.

Partnership v. Burlington, 399 Mass. 771, 781, 506 N.E.2d 1152, 1158 (1987).

A "threat" is the "intentional exertion of pressure to make another fearful or apprehensive

of injury or harm." Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467,

474, 631 N.E.2d 985, 990 (1994). "'Intimidation' involves putting in fear for the purpose of

compelling or deterring conduct." Id. Coercion is "the application to another of such force,

either physical or moral, as to constrain him to do against his will something he would not

otherwise have done." Id.

The plaintiff has not pled any factual allegations to support an argument that the Police

Chief, or any other New Bedford police officer, arrested the plaintiff for the purpose of depriving

him of his constitutional rights. Instead, the plaintiff's own admissions demonstrate that he was

arrested because the New Bedford police officers had probable cause to believe he had

trespassed upon property after he had been given notice not to do so. As the proposed

amendments do not set forth sufficient factual allegations to support plaintiff's claim that he was

deprived of his rights under the Fourth Amendment or Article 14 through threats, intimidation or

coercion, the proposed amended complaint fails to state a claim upon which relief may be

granted and is therefore futile.

      C.     The Plaintiff Has Failed to State A Claim for Conspiracy Against the New
            Bedford Defendants

The plaintiffs' conspiracy claims pursuant to §1985 are facially flawed. "To state a claim

under §1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial

purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of

the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of

the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a

7

constitutionally protected right or privilege." Moreover, pursuant to the intracorporate conspiracy doctrine, a government entity cannot conspire with itself and its individual members. Wright v. Illinois Dept. of Children & Family Services, 40 F.3d 1492 (7th Cir. 1994); Suttles v. U.S. Postal Service, 927 F. Supp. 990 (S.D. Tex. 1996); Turner v. Randolph County N.C., 912 F. Supp. 182 (M.D.N.C. 1995). The plaintiff has failed to state what conspirational purpose either the New Bedford police chief or Lieutenant Hebert would have to act against the plaintiff, or any overt act by which they furthered such conspirational purpose. The plaintiff has further failed to show that his constitutional rights have been violated as a result of the alleged conspiracy.

     D.    Plaintiff Has Failed to State A Claim Upon Which Relief May Be Granted Against Lieutenant Hebert

     The plaintiff alleges that Lieutenant Hebert has failed to take any action in response to his complaints that other persons were using his property illegally. Ex. B. The plaintiff's own motion reveals, however, that Lieutenant Hebert investigated his claim by speaking to the FBI and to the attorney for the persons who were allegedly illegally using the plaintiff's property, and that such investigation led Lieutenant Hebert to determine no action was warranted. Ex. B.

     The plaintiff does not identify any cause of action to which such factual allegations relate, and therefore prejudices the New Bedford defendants in their ability to respond. Nevertheless, the defendants note that the Supreme Court has clearly established that the police do not have a constitutional duty to protect citizens from private action. DeShaney v. Winnebago Cty Dept. of Social Services, 489 U.S. 189, 197 (1989); Soto v. Flores, 103 F.3d 1056, 1063 (1st Cir. 1997). Law enforcement officials may not selectively deny protective services based on such invidious classifications as race, gender, and religion, but the plaintiff has made no such allegation here. Hayden v. Grayson, 134 F.3d 449, 452, 453 n. 3 (1st Cir. 1998); Hilton v. City of Wheeling, 209 F.3d 1005, 1007 (7th Cir. 2000). Similarly, the Massachusetts

Tort Claims Act, G.L. c.258, §10(h) ("MTCA") exempts municipalities from liability for "failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes..." G.L. c.258, §10(h).

Thus, the mere failure of Lieutenant Hebert or other New Bedford police officers to take the law enforcement action desired by the plaintiff which appears does not give rise to liability on their part.  Indeed, the documents filed by the plaintiff indicate that the plaintiff sought to manipulate the New Bedford Police Department into intervening in a complicated property dispute between former colleagues after the break-up of their business.  Such manipulation is clearly not appropriate, and neither Lieutenant Hebert nor any other member of the New Bedford Police Department should be subjected to litigation for refusing to be manipulated in this fashion.

IV.  CONCLUSION

For the foregoing reasons, all of the plaintiff's Motions to Amend should be denied on the grounds of futility.

DEFENDANTS,

CITY OF NEW BEDFORD,
CHIEF OF POLICE,

By his attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

209544/Metg/0517

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) on ___1/9/04___

9