UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

| | |
|---|---|
| ALEX FEINMAN,<br><br>        Plaintiff<br>v.<br><br>DOMINIC NICOLACI, ET AL.,<br><br>        Defendants | NEW BEDFORD POLICE<br>CHIEF'S OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>PERMANENT INJUNCTION |

I.     INTRODUCTION

The Chief of Police for the City of New Bedford ("Police Chief") hereby opposes the plaintiff's motion for a permanent injunction seeking a "show cause hearing" on the alleged failure to train New Bedford Police officers regarding "no trespassing requirements." The plaintiff has not prevailed on the merits against the Police Chief, has failed to demonstrate any irreparable harm that will be done to the plaintiff if relief is not granted, has not shown that the harm to the plaintiff would be greater than that imposed upon the Police Chief, and has failed to demonstrate that the injunctive relief requested is in the public interest.

As the plaintiff has failed to show that he is entitled to injunctive relief, his motion for permanent injunction should be denied.

II.     FACTS & PROCEDURAL HISTORY

        1.      On October 27, 2003, Attorney Stewart Grimes, acting as attorney for a company known as LFS, Incorporated,[1] secured a no-trespassing order against the plaintiff. Complaint, ¶12. The plaintiff received service of the no-trespassing order. Id.

---

[1] The plaintiff appears to be a former director or employee of LFS, Incorporated, but was voted out of the corporation at a meeting of the Board of Directors on October 24, 2003. Complaint, ¶8.

2. On October 30, 2003, the plaintiff attempted to enter the premises of LFS. Id. at ¶26. Shawn Gore, acting as an agent of LFS, contacted the New Bedford Police Department, and requested that the plaintiff be arrested for trespassing. Complaint, ¶26. New Bedford Police Department complied with Mr. Gore's request. Id.

III. ARGUMENT

    A. Standard For Permanent Injunction

In order to grant a permanent injunction, the court must find four elements: (1) the plaintiff has prevailed on the merits; (2) the plaintiff would suffer irreparable injury without an injunction; (3) the harm to the plaintiff would exceed the harm to defendants from the imposition of an injunction; and (4) the public interest would not be adversely affected by an injunction. United States v. Mass. Water Res. Auth., 256 F.3d 36, 51 n.15 (1st Cir. 2001).

    B. The Plaintiff Has Not Prevailed On the Merits

A permanent injunction is inappropriate where the plaintiff has not prevailed upon the merits. Not only has the plaintiff not prevailed on the merits, the Police Chief has filed a motion to dismiss all counts of the Complaint against him for failure to state a claim upon which relief may be granted by this Court contemporaneously with this opposition.

As the plaintiff has not prevailed on the merits and instead faces possible dismissal of all claims against the Police Chief, he has failed to justify the granting of permanent injunctive relief against the Police Chief.

    C. The Plaintiff Has Failed to Show Any Irreparable Harm or Hardship to Warrant the Granting of Injunctive Relief

The plaintiff seeks an order mandating that the Court order a "show cause" hearing regarding the alleged failure to train police officers regarding "no-trespassing requirements." The plaintiff has cited no authority for demanding such peculiar relief. He has also failed to

show any irreparable harm that would result if such a hearing was not scheduled. As explained in the Memorandum of Reasons in Support of the Police Chief's Motion to Dismiss, the plaintiff made sufficient admissions in the original Complaint (as well as the proposed Amended Complaint) to establish that probable cause for his arrest existed.

The plaintiff has also failed to demonstrate that the balance of hardship tilts in his favor, as no hardship will result from the failure of the Court to order a show cause hearing on "no-trespass requirements." Indeed, the balance of hardship weighs in favor of denying relief, as scarce municipal resources should not be expended indulging the whimsical demands of a disgruntled private citizen.

### D. Granting The Injunction Will Negatively Affect The Public Interest

Finally, when a request for an injunction seeks to enjoin governmental action, the risk of harm to the public's interest in enforcing the law must be weighed. Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001); Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988). If the issuance of the injunction sought by a plaintiff would have an adverse effect upon the "public interest," the injunction should not be issued, even if the other three factors weigh in favor of relief. Boston's Children First v. City of Boston, 62 F.Supp.2d 247, 262 (D.Mass. 1999).

The plaintiff asks this Court to order a show cause hearing regarding the alleged failure to train New Bedford police officers on "no-trespass requirements." The public interest is not served by such a Court order, which would result in the expenditure of scarce municipal resources for law enforcement on the demand of a private party who does not appear to understand the very law he believes other require further training in. It is evident from the plaintiff's own admissions in documents filed with this Court that the New Bedford police

3

officers had probable cause to arrest him for trespassing. As their conduct was wholly appropriate (in contrast to the conduct of the plaintiff), the plaintiff has failed to show how the public interest would be served in holding a hearing on the alleged failure to train police officers on the trespass law.

As the plaintiff has failed to demonstrate that a permanent injunction would serve the public interest, his motion for permanent injunction should be denied.

## IV.   CONCLUSION

WHEREFORE, the Police Chief respectfully request that the plaintiff's motion for a permanent injunction be denied.

DEFENDANTS,
NEW BEDFORD POLICE CHIEF,

By his attorneys,

*/s/ Katharine Doyle*
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

210750/Metg/0517

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 1/9/03
*K. Doyle*

4