UNITED STATES COURT OF APPEALS
For the First Circuit

NO:_____

CASE NO:  1:03-cv-12301

IN RE:  MOTION FOR PRELIMINARY INJUNCTION DATED 11/18/03
AND AMENDED MOTION DATED 12/16/03

ALEX FEINMAN,

Plaintiff, Appellant

v

DOMINIC NICOLACI, et al.

Defendants, Appellees.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

(Hon. George A. O'Toole, Jr., U.S District Judge)

_____

Alex Feinman, Plaintiff, pro se

_____

January 20, 2004

_____

## I. BACKGROUND

1. November 18, 2003, the plaintiff filed a Complaint , Civil Action 42 U.S.C.A., 1983. Service on defendants was completed no later than December 5, 2003. At the time of this filing, the plaintiff also filed a Motion for Preliminary Injunction.

2. The violations of the plaintiff's civil rights began in the Month of October 2003 when the defendants, in part, were scheming to eliminate the plaintiff from his participation in the operation at 195 Riverside Avenue. It will be shown that the plaintiff originally made the lease agreement with the owners of said property in June 2003.

3. The defendants schemed with their attorney, Stewart Grimes, into designing their plan of action. On October 24, 2003, Detective Richmond of the Acushnet Police Department conspired with Chris Markey, State's Attorney, to openly shop for the arrest of the plaintiff. Once the plaintiff was arrested on credit card fraud charges, he was placed on a $100,000 bail. At the same time, Attorney Grimes issued a no-trespass order on the plaintiff at 195 Riverside Avenue. He knew all the property, all the equipment and records of the plaintiff were at this location, as well as the plaintiff's office. To enhance their actions, they notified the FBI that the plaintiff was involved

(2)

in bankruptcy fraud and other actions that were not in conformance with the law. They allowed and invited the FBI agents into the plaintiff's office at 195 Riverside Avenue knowing the plaintiff could not enter the location because of the no-trespass order. The government agents knew these offices belonged to the plaintiff and they were in violation of the plaintiff's Fourteenth Amendment rights. The agents also knew of the assaults against the plaintiff by the defendants with no action taken.

4. The plaintiff can prove that the FBI agent disclosed information regarding the plaintiff's testimony before the Grand Jury to defendants in this case, thereby breaching Grand Jury secrecy. The plaintiff can also prove that federal and state agents allowed the defendants to perform criminal acts with their knowledge.

## II. PURPOSE OF APPEAL

5. The plaintiff thirsts for the district court to hear his preliminary injunction. He has called the clerks to no avail. He wrote to the judge to no avail. The plaintiff has been assaulted, looted, threatened, humiliated, and lost his right to protect himself in a Court of law by not being able to defend himself because his paperwork is housed at 195 Riverside Avenue and he has no access to it. It has been looted, destroyed and protected by the government

(3)

agents for their own purpose.

6.  Unlawful acts have been committed and are likely to continue unless restricted.  Substantial and irreparable injury will result to the property and the plaintiff.  Greater injury will be inflicted on the plaintiff by denial of relief than will be inflicted on the defendants.  Plaintiff has complied with obligations of the law and has made every effort to deal with this dispute.

7.  By the District Court not acting in faith and ordering a hearing, they transferred this case to a magistrate.  By doing so, the clock keeps ticking and the plaintiff must live with the rage of the defendants.

III CONCLUSION:

8.  The plaintiff comes before the First Circuit Court begging for a hearing on his Preliminary Injunction that was denied to the plaintiff by the District Court in a timely fashion.

Signed under the pains of penalties of perjury this 20th day of January, 2004.

_____

Alex Feinman, Plaintiff, pro se

(4)