UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Alex Feinman,
    Plaintiff

C.A. No. 03-12301-GAO

V

Dominic Nicolaci, et al,
    Defendants

PLAINTIFF'S OPPOSITION TO
NEW BEDFORD POLICE CHIEF,
LIEUTENTANT HEBERT
AND UNKNOWN OFFICERS'
MOTION TO DISMISS

1. The plaintiff comes before the Court opposing the defendant's Motion to Dismiss.

2. The defendants use an extravagant dialogue of words. I commend them on their methods but let's get back to basics. On October 27, 2003, Stewart Hall Grimes, attorney, issued a no-trespassing order (Exhibit A). As the Court will note, this is not a Court order. Please see Exhibit B which is an affidavit from the property owner.

3. On October 29th, the plaintiff went to the New Bedford Police Department with Ryan Burke, who was also issued a no-trespassing order. They explained to the desk officer the issue at hand. The desk officer advised the plaintiff and Ryan Burke that this was a civil matter. Then, the plaintiff and

Ryan Burke went to the 195 Riverside Avenue where their offices are located. One of the other tenants in the building, Shawn Gore, according to the police report, notified the police department that the plaintiff and Ryan Burke were trespassing.

4. Officer Roy of the New Bedford Police Department, who had referred customers to the plaintiff for service, arrested the plaintiff for trespassing in his own office at 195 Riverside Avenue.

5. The New Bedford Police Department, if trained properly, would have looked at the situation and said they would have to investigate this because there is more than one tenant in the building. The police department should have kept the peace and not have arrested the plaintiff and they should have helped him retrieve his property because the police officers in that district knew this was the plaintiff's office.

6. The New Bedford Police Department took it upon themselves, because of their inadequate training, to be the judge and jury and arrest the plaintiff.

7. It is believed by the plaintiff that the New Bedford Police Department has a relationship with Attorney Stewart Grimes, one of the defendants. By their relationship, they totally violated the rules of law in keeping the peace.

8. It is believed by the plaintiff that the New Bedford Police Department and

(2)

Lieutenant Hebert conspired with FBI Agent Chuck Prunier to harbor other defendants in this case by allowing them to break the law. Please see Exhibit C. This can be proven by the tape recordings of the New Bedford Police Department phone system.

9. The plaintiff had requested the New Bedford Police Department to investigate an assault on the plaintiff by two defendants. Officer Scott Alf was aware of the assault. Once again, the New Bedford Police Department closed the door on the patient in violation of his civil rights.

10. The New Bedford Police Department was called on numerous occasions by the plaintiff regarding criminal activities by the defendants which included the defendants using the plaintiff's trailer with illegal registered tags and allowing one of the defendants (Thomas Brunelle) to drive a motor vehicle knowing the defendant had no driver's license.

11. CONCLUSION: The New Bedford Police Department in its entirety is a force without proper training in certain areas such as no-trespassing. They refused to respond to any of the plaintiff's calls. The plaintiff was not calling to harass them, he was calling because harm was being done. What would happen if that trailer got into an accident and killed someone?

Is the New Bedford Police Department responsible for all the equipment and

all the plaintiff's belongings that were stolen from said location? Yes, they are.

12. The Plaintiff requests this Court to award him damages of over $4,000,000 plus all legal fees and court costs.

13. The plaintiff requests that Lieutenant Hebert be terminated from the New Bedford Police Department for the causing harm that could have been prevented.

14. The plaintiff requests the New Bedford Police Department to investigate the assaults against the plaintiff.

Signed under the pains and penalties of perjury this 21st day of January, 2004.

_____
Alex Feinman, Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I, Alex Feinman, certify that on the 21st day of January, 2004, I served the foregoing on the defendants by fax.

(4)