UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEX FEINMAN, )
)
      Plaintiff )
)
vs. ) C.A. No. 03-CV-12301-GAO
)
DOMINIC NICOLACI, ET AL. )
)
      Defendants. )
)

**MOTION BY THE ADMINISTRATIVE OFFICE OF THE TRIAL COURT TO DISMISS PLAINTIFF'S COMPLAINT AS AGAINST DEFENDANTS BAIL COMMISSIONERS, JOHN DOE (1) AND JOHN DOE (2), THIRD DISTRICT COURT NEW BEDFORD, MA**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12(b)(2)**

The Administrative Office of the Trial Court for the Commonwealth of Massachusetts (the "AOTC") enters a limited appearance for the purpose of moving to dismiss Plaintiff's Complaint against defendants Bail Commissioners, John Doe (1) and John Doe (2) (the "Doe Defendants"). Specifically, the AOTC seeks dismissal of Plaintiff's claim against the Doe Defendants on the ground that there are no bail commissioners the Third District Court in New Bedford, Massachusetts. As grounds for this motion, the AOTC states as follows.

1. Plaintiff's allegations are taken as true for the purposes of this motion. Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002).

2. Plaintiff sets forth a claim under 28 U.S.C. § 1983 against a number of defendants, including the Doe Defendants.

3. Plaintiff appears to allege that various of the defendants engaged in a conspiracy to deprive Plaintiff of his position in a company and that such conspiracy involved the issuance of no trespass orders and the eventual arrest of Plaintiff for violating such orders. Complaint at ¶¶ 1, 9, 12, 26.

4. The extent of Plaintiff's allegations against the Doe Defendants appears to be that they set his bail too high (Complaint at ¶ 9, p. 5) and that they "refuse[d] … $10,000…" (Complaint at ¶ 14, p. 7).

5. As attested to by Michael J. McEneaney, the Bail Administrator in his affidavit offered in support hereof ("McEneaney Aff."), there are no bail commissioners at the Third District Court in New Bedford. McEneaney Aff. at ¶ 3.[1] As such, the Doe Defendants are improperly named as defendants in the immediate suit.

6. Accordingly, the AOTC requests dismissal of the claims against the Doe Defendants. Should Plaintiff discover, through discovery, the proper titles and/or names of the persons who engaged in the actions detailed in paragraph four (4) above, Plaintiff would be free to amend his suit to include those properly named defendants.[2] See, e.g., Arnold v. District of Columbia, 211 F.Supp.2d 144, 147 (D.D.C. 2002) (allowing dismissal of claim against Doe defendants where plaintiff could not identify the officers by name and therefore had not effected service upon them); Beckford v. Portuondo, 151 F.Supp.2d 204, 216-217 n. 9, 10 (N.D.N.Y. 2001) (dismissing Doe defendants where

---

[1] The Court may consider affidavits in support of a motion to dismiss under Fed.R.Civ.P. 12(b). *Milford Power Ltd. Partnership v. New England Power Co.*, 918 F.Supp. 471, 477 (D. Mass. 1996).

[2] This is assuming that Plaintiff discovers the proper titles and/or names of such potential defendants within the applicable period. Seegars v. Adcox, 258F.Supp.2d 1370, 1376-77 (S.D. Ga. 2002) (dismissing complaint against two defendants on grounds that plaintiff's amendment of complaint to substitute the two named defendants for previously named Doe defendants was not timely and did not relate back to the original complaint). This paragraph should be in no way construed as affirming, agreeing or otherwise allowing that the events set forth in paragraph four (4) above constitute a valid basis for a cause of action. Nor should this paragraph be in any way construed as a waiver of any defenses available to such potential future defendants.

plaintiff was unable to ascertain their names and thus had not served them). Here, where no persons with the title ascribed by Plaintiff to the Doe Defendants work at the Third District Court, Plaintiff will be unable to effect proper service on the Doe Defendants. Accordingly, the Complaint should be dismissed as to them.

WHEREFORE, the AOTC requests that the Complaint be dismissed as against the Doe Defendants.

        COMMONWEALTH OF MASSACHUSETTS
        ADMINISTRATIVE OFFICE OF THE TRIAL
        COURT
        By its attorneys,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        *Ernest L. Sarason, Jr./smj*
        Ernest L. Sarason, Jr., BBO #441980
        Assistant Attorney General
        Trial Division
        Portland Street, 3rd Floor
        Boston, MA 02114
        (617) 727-2200 x 3220

Dated: March 11, 2004

## CERTIFICATE OF SERVICE

I, Ernest L. Sarason, Jr., hereby certify that I have this date, March 11, 2004, served the foregoing document upon the attorneys of record, by mailing a copy first class, postage prepaid mail to:

| | |
|---|---|
| Alex Feinman<br>1267 Main Street<br>Acushnet, MA 02743 | Michelina Andrade<br>195 Riverside Ave.<br>New Bedford, MA 02740 |
| Stewart H. Grimes, Esq.<br>240 Union Street<br>New Bedford, MA 02740 | Joseph L. Tehan, Jr., Esq.<br>Katharine Goree Doyle, Esq.<br>Kopelman & Paige, P.C.<br>31 St. James Street<br>Boston, MA 02116 |
| James W. Simpson, Jr., Esq.<br>Merrick, Louison & Costello<br>67 Batterymarch Street<br>Boston, MA 02110 | Roberta T. Brown, Esq.<br>United States Attorney's Office<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA 02210 |
| John J. Cloherty, III, Esq.<br>John J. Davis, Esq.<br>Pierce, Davis, Fahey & Perritano, LLP<br>Ten Winthrop Square<br>Boston, MA 02110 | William R. Connolly, Esq.<br>Bristol County District Attorney Office<br>P.O. Box 973<br>888 Purchase Street<br>New Bedford, MA 02740 |

_/s/ Ernest L. Sarason, Jr._
Ernest L. Sarason, Jr.