UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALEX FEINMAN, plaintiff    )
                           )   CIVIL ACTION NO. 03-12301-GAO
V.                         )
                           )
                           )
DOMINIC NICOLACI, et al.   )
                           )

# MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, STATE ATTORNEY CHRIS MARKEY, FOR JUDGMENT ON THE PLEADINGS

## INTRODUCTION

This is a pro-se action for damages and other relief against seventeen (17) named and unnamed defendants for a variety of claims ranging from state and federal civil rights violations, to conspiracy, assault and battery, and false imprisonment. Although the Complaint is, inter alia, somewhat unintelligible, the allegations against defendant, State Attorney Chris Markey (misidentified in complaint- title is Assistant District Attorney and is referred to hereinafter as "ADA" Markey) arise from plaintiff's arrest on October 26, 2003. At that time he was arrested on charges of improper use of a credit card, in violation of M.G.L. c.266, § 37C and D; credit card fraud, in violation of c.266, § 37C(e); and larceny over $250, in violation of M.G.L. c. 266, § 30(1). See Docket Sheets for *Commonwealth v. Alex Feinman*, New Bedford District Court No. 0333CR006680, attached as Exhibit "A".[1]

---

[1] Because this motion is to be evaluated under the standard applicable to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted ( See *Massachusetts Candy & Tobacco Distributors, Inc. v. Golden Distributors,LTD d/b/a* , 852 F.Supp. 63, 67 (1994) ), the attached docket sheets fall within the " narrow exception. . . for official public records" which may be considered without converting this to a motion for summary judgment. See *Watterson v. Page*. 987 F.2d. 1,3 (1st Cir. 1993); see also *Fudge v. Penthouse Int'l Ltd.*, 840 F.2d. 1012, 1015 (1st Cir. 1988) (quoting 5C. Wright & A. Miller, *Federal Practice and Procedure* § 1327, at 489 (1969) ("[W]hen

The defendant ADA Markey now moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), raising a 12(b)(6) defense of failure to state a claim upon which relief can be granted. This Motion is based on several grounds; that no claim lies for suit in defendant's official capacity; that defendant is entitled to absolute immunity; that there is no viable claim stated for conspiracy; that to the extent of any inference of a claim attributable to a possible future invalid criminal conviction, no claim has accrued; that there is no viable claim stated for violation of the Massachusetts Civil Rights Act.

## ARGUMENT

### I. THIS COURT SHOULD ALLOW DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WHERE THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### A. The Standard of Review

"Fed. R.Civ.P. 12(h)(2) provides that, after the close of the pleadings, the defense of failure to state a claim upon which relief can be granted may, as has been done here, be raised in a motion for judgment on the pleadings pursuant to Rule (c). When a Rule 12(c) motion raises a Rule 12(b)(6) defense, the motion should be evaluated under the familiar standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Massachusetts Candy & Tobacco Distributors, Inc.*. at 67. "In considering a motion to dismiss, a court must take the [well pleaded] allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson*. at 3. However, this court need not credit "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d. 49, 52 (1st Cir. 1990). Rule 12(b)(6) does not entitle the plaintiff to rest on "subjective characterizations" or conclusory

---

plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.") ).

descriptions of a "general scenario which could be dominated by unpleaded facts." *Id.* at 53; *Dewey v. University of New Hampshire*, 694 F.2d. 1,3 (1st Cir. 1982), *cert.* denied, 461 U.S. 944 (1983).

### B. Judgment On The Pleadings Should Enter In Favor Of Defendant ADA Markey Sued In His Official Capacity.

Title 42 United States Code, section 1983 provides, in pertinent part:

> Every *person* who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. (emphasis added) 42 U.S.C. § 1983.

It is settled beyond doubt that a State is not considered a "person" for § 1983 purposes and suits against government officials in their official capacities, or against a state agency, are no different from a suit against a state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991): *Will v. Michigan Dept. of State Police*, 4921 U.S. 58, 64 (1989). Where a plaintiff is attempting to sue a defendant in his official capacity, the suit is unsupportable as a matter of law and fails to state a claim under § 1983. See *Johnson v. Rodriguez*, 943 F.2d. 104, 108 (1st Cir. 1991); *Forte v. Sullivan*, 935 F.2d. 1, 2n.2. (1st Cir. 1991).

Here, the plaintiff has named Chris Markey as a defendant and describes him as "State Attorney" (Complaint ¶ caption), and "district attorney" (Complaint ¶ 2). The Complaint does not expressly specify whether the claims are against the defendant in his official capacity or individual capacity. The test to determine whether a suit against a state official should be construed as a personal-capacity suit has not been decided by the First Circuit. Other Courts of Appeals have reached differing results. See *Hafer* at 24 n. (describing tests in Courts of Appeals); *Charron v. Picano*, 811 F.Supp. 768, 772 (D.R.I. 1993) (same). In *Charron*, however,

3

the District Court suggested that the "bright line" rule adopted by the Sixth and Eighth Circuits is the appropriate test. *Id.* That rule requires that, in order to be construed as a suit against an individual in his or her individual capacity, the complaint must clearly set forth that it is a suit against the individual in his or her personal capacity. *Id.* See *Egerdahl v. Hibbing Community College*, 72 F.3d. 615, 619 (8th Circuit 1995). In this case, the Complaint "is devoid of facts or allegations suggesting that [the defendant] acted outside the scope of [his] official duties." *Charron* at 772. Because the plaintiff has failed to specify that the defendant ADA Markey is named in his personal capacity, and the fact that the only references to said defendant are with reference to his official capacity, the suit fails to state a claim under § 1983 and the Court should grant defendant's motion for judgment on the pleadings.

### C. Judgment On The Pleadings Should Enter In Favor Of Defendant ADA Markey Because He Is Entitled To Absolute Immunity.

The plaintiff has alleged a violation of his rights by the defendant, a state official connected with judicial proceedings involving the plaintiff. Even if the defendant was sued in his individual capacity, he is entitled to absolute immunity from suit under well-established principles of law. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-271 (1993) and cases cited. To determine whether a particular government official fits within the common law tradition of absolute immunity, the Court must apply a "functional approach." See *Burns v. Reed*, 500 U.S. 478, 484-87 (1991), which looks to the "nature of the function performed, not the identity of the actor who performed it." *Buckley*, at 269, quoting *Forrester v. White*, 384 U.S. 800, 810 (1982). When a government official is protected by absolute immunity, that protection is not eroded no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive. *Cleavinger v. Saxner*, 474 U.S. 199-200 (1985); *Cok v. Cosentino*, 876 F.2d. 1,2 (1st Cir. 1989). See *Dennis v. Sparks*, 449 U.S. 24, 31 (1980)

4

(allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain a complaint where the officer possesses absolute immunity). Absolute immunity for prosecutors is, as it is for judges, necessary to protect the judicial process. *Burns* at 485.; *Imbler* at 422-23. Without such protection, "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Burns* at 485, quoting *Imbler v. Pachtman*, 424 U.S. at 423.

In this case, the defendant, ADA Markey, is absolutely immune from suit for any actions he may have taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This absolute immunity extends to actions apart from the courtroom which are within the prosecutor's function as an advocate. *Id*; *Buckley* at 273. Indeed, "actions preliminary to the initiation of a prosecution . . . are. . entitled to absolute immunity." *Imbler* at 431; *Kalina v. Fletcher*, 522 U.S. 118 ( activities in connection with preparation and filing of the information against [defendant] and motion for an arrest warrant clearly protected by absolute immunity); Included among those protected acts are "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation" in an official proceeding. *Buckley*, 509 U.S. at 273; *Miller v. City of Boston*, 297 F. Supp. 2d 361, 371 (U.S. Dist , 2003). Similarly, a prosecutor's decision whether to initiate criminal prosecution unquestionably qualifies for immunity even if it is undertaken maliciously, intentionally, and in bad faith. See *Siano v. Justices of Massachusetts*, 698 F.2d. 52, 58 (1st Cir. 1983).

In this case, the plaintiff claims that one of the other defendants contacted either ADA Markey or another defendant (Detective Richmond) and "schemed" with them to have plaintiff arrested so as to enhance the other defendants' plans to remove plaintiff from his property; and

that at the bail hearing and arraignment, ADA Markey utilized the same internet literature that one or more of the other defendants had sent to other individuals .Complaint ¶ 7,9. Such functions by ADA Markey were clearly within his role as an advocate and entitled to absolute immunity. Further, to the extent it is inferred from plaintiff's complaint that there was a conspiracy involving ADA Markey, it is of no avail. "Since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity." *Dorman v. Higgins*, 821 F.2d 133, 139 (1987); *Cok* at 3 (1st Cir. 1989); *Holloway v. Walker*, 765 F.2d 517, 522-23 (5th Cir.), cert. denied, 474 U.S. 1037, (1985). *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149. (1995). There being no claims against ADA Markey upon which relief can be granted, judgment on the pleadings should enter for said defendant.

D. **Judgment On The Pleadings Should Enter In Favor Of Defendant ADA Markey Because The Complaint Fails To State A Viable Claim For Conspiracy.**

To state a claim for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege the existence of:

> (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to personal property, or (b) a deprivation of a constitutional protected right or privilege.

*Aulson v. Blanchard*, 83 F.3d 1, 3 (U.S. App. , 1996). Further, as essentially a fifth element, ". . the statute's references to 'equal protection' and 'equal privileges and immunities under the laws' . . signify that a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously

6

discriminatory animus.' Id.at 3, quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, (1971); See Capozzi v. Dept. of Transportation, 135 F. Supp. 2d 87, 97-98 ( D. Mass. 2001) ( Claims of conspiracy under Sections 1983 and 1985 dismissed for failure to allege "requisite class-based invidious discriminatory animus.").

Here. Plaintiff fails to state a claim upon which relief can be granted because there is no claim that ADA Markey was engaged in a conspiracy to deprive him of the equal protection of the laws; that said defendant engaged in any overt acts or conduct in furtherance of that alleged conspiracy; or that said defendant was motivated by any class-based invidious discriminatory animus. In the absence of such allegations, any claim for conspiracy against said defendant must fail and judgment on the pleadings should enter in favor of said defendant for failure to state a claim upon which relief can be granted.

E. **To The Extent Of Any Inference Of A Claim Attributable To A Possible Future Invalid Conviction, No Such Claim Has Accrued . Therefore, Judgment On The Pleadings Should Enter In Favor Of Defendant.**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87, the Court held that:

[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28U.S.C. § 2254. (footnote omitted).

In so doing, the Court analogized a § 1983 actions seeking damages for alleged constitutional violations related to a state criminal conviction to common law malicious prosecution claims, for which termination of the prior criminal proceeding in the accused's favor is an essential element." *White v. Gittens*, 121F.2d 803,806 (1st Cir. 1997), citing Heck, 512 U.S. at 484-86. Drawing the analogy further, the Court stated that, like a cause of action for malicious prosecution, "a § 1983 cause of action for damages attributable to an unconstitutional conviction

7

or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. 489-90. Although the First Circuit has not yet ruled on whether the principle announced in *Heck* applies with equal force when the criminal charges remain pending as it does when plaintiff's criminal conviction has not yet been overturned, other circuits have uniformly applied the principle of Heck when plaintiff's criminal charges remain pending. See *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997), cert. denied., 523 U.S.1078 (1998); *Covington v. New York*, 171 F. 3d. 117, 122(2nd Cir. 1999). In *Smith v. Holtz*, 87 F.3d. 108 (3rd Cir. 1996), the Third Circuit Court of Appeals reasoned as follows:

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collateral attack the prosecution in a civil suit. In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.

*Id.* at 113 (emphasis in original).

In the instant case, any inference that plaintiff is seeking to call into question the validity of a future criminal judgment can not be considered by this Court under *Heck* because of there having been no conclusion of the plaintiff's state criminal proceedings. As such, plaintiff has failed to state a claim upon which relief can be granted. Further, if plaintiff is permitted to pursue his claims against this defendant, then there remains a risk that he may attempt to collaterally attack his pending criminal prosecution through the vehicle of this civil proceeding. Judgment on the pleading should be entered in favor of defendant, ADA Markey.

F. **Judgment On The Pleadings Should Enter In Favor Of Defendant ADA Markey Because The Complaint Fails To State A Claim Under The Massachusetts Civil Rights Act.**

Although plaintiff's Complaint contains a reference to the Massachusetts Civil Rights Act ,( G.L. c. 12, § 11H), it does not state a claim against this defendant. The statute states as follows;

> Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured. Said civil action shall be brought in the name of the commonwealth and shall be instituted either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business.

In this case, plaintiff has not sufficiently alleged "threats, intimidation, or coercion" against defendant ADA Markey. *Fletcher v. Szostkiewicz*, 190 F. Supp. 2d 217, 230 (U.S. Dist. 2002). Thus, judgment on the pleadings should enter in favor of said defendant for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court enter Judgment on the Pleadings in favor of said defendant.

Respectfully submitted, defendant
State Attorney Chris Markey,
by his Attorney,

William R. Connolly
Assistant District Attorney
Bristol District
P.O. Box 973
888 Purchase Street
New Bedford, MA. 02740
(508)-997-0711
BBO # 095640

Dated: March 17, 2004

9

## CERTIFICATE OF SERVICE

I, William R. Connolly, hereby certify that I have this date, March 17, 2004, served the foregoing document upon plaintiff and the attorneys of record, by mailing a copy first class, postage prepaid mail to:

Alex Feinman
1267 Main Street
Acushnet, MA. 02743

Michelina Andrade
195 Riverside Ave.
New Bedford, MA. 02740

Stewart H. Grimes, Esq.
448 County Street
New Bedford, MA. 02740

Joseph L. Tehan, Jr., Esq.
Katharine Goree Doyle, Esq.
Kopelman & Paige, P.C.
31 St. James Street
Boston, MA. 02116

James W. Simpson, Jr., Esq.
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA. 02110

Roberta T. Brown, Esq.
U.S. Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA. 02210

John J. Cloherty, III, Esq.
John J. Davis, Esq.
Pierce, Davis, Fahey & Perritano
Ten Winthrop Square
Boston, MA. 02110

Ernest L. Sarason, Esq.
Commonwealth of Massachusetts
Office of the Attorney General
200 Portland Street
Boston, MA. 02114

_/s/ William R. Connolly_
William R. Connolly
Assistant District Attorney