UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *
                                   *
ALEX FEINMAN,                      *
        Plaintiff,                 *
                                   *    03-CV-12301-GAO
                                   *
    v.                             *
                                   *
DOMINIC NICOLACI, ET AL,           *
        Defendants.                *
                                   *
* * * * * * * * * * * * * * * * * *
```

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT CHARLES PRUNIER

I. INTRODUCTION.

The plaintiff Alex Feinman filed this federal action on November 18, 2003, very shortly after the events described in his initial complaint took place. On December 10, 2003, he filed an Amended Complaint containing substantially different factual allegations. Both pleadings purported to describe convoluted circumstances surrounding various civil disputes and asserted ongoing criminal investigations involving the plaintiff. As further explained below, neither complaint was properly served on defendant Charles Prunier, and they were not served at all on the United States. In addition, the plaintiff fails to state any sustainable legal claim against Charles Prunier; consequently, Special Agent Prunier must be dismissed from this case.

II. ARGUMENT

    A. <u>The Plaintiff Has Failed to Properly Effect Service On the United States or Defendant Prunier</u>.

The District Court's docket indicates that the plaintiff filed his complaint with the Court on November 18, 2003, (Docket Entry 1.) and his Motion to file Amended Complaint on December 10, 2003. (Docket Entry 9.) Mr. Feinman filed a Return of Summons as to defendant Special Agent Charles Prunier on December 9, 2003 (Docket Entry 14); no return of summons or other indication of service was filed as to the United States Attorney for the District of Massachusetts or the Attorney General of the United States. The original complaint and summons addressed to "Chuck" Prunier were sent to him by certified mail at the address of 20 Riverside Drive, Lakeville, Massachusetts. The Lakeville office of the Federal Bureau of Investigation ("FBI") is located at that address. Special Agent Prunier eventually received the complaint and summons on or about November 21, 2003, when someone brought it to the FBI offices. (Prunier Declaration, par. 2.) It bore a "Received" stamp with identifying information from "DEP Southeast Region", which is a state office of the Massachusetts Department of Environmental Protection. A copy of the summons as he received it is attached to Mr. Prunier's declaration.

Special Agent Prunier received an incomplete copy of the plaintiff's amended complaint and accompanying motion by fax on or about December 16, 2003. There were several pages missing from the faxed copy. He received no other service of the amended

complaint. (Prunier Declaration at par. 3.)

The docket reflects no returns of summons for the United States Attorney and the U.S. Attorney General, and there appears to have been no service of any kind on those two entities. (Declaration of Roberta Brown, par. 2.)

On or about January 29, 2004, the U.S. Attorney's Office filed with the court and served on the plaintiff a notice advising that there had been no proper service on Special Agent Prunier or the government. (Docket No. 71). A copy of that notice is attached hereto. Up to the time of the filing of this pleading there have been no attempts by the plaintiff to correct or perfect service.

The only service of this lawsuit made by the plaintiff with respect to named defendant Charles Prunier was to mail a copy of the complaint to his business address. This action did not comply with Rule 4(i) of the Federal Rules of Civil Procedure, which sets forth the requirements for service of process on the United States and its agencies and officers. Where a particular employee of the federal government is sued individually,[1] the rule provides in relevant part that service must be accomplished upon the individual in the manner prescribed by Rule 4(e), and upon the United States in the manner prescribed

---

[1] It is not clear from the wording or content of the complaint whether the plaintiff is attempting to sue Special Agent Prunier in his individual or his official capacity, or both.

by Rule 4(i)(1). Rule 4(i)(1)(B). Consequently, in the absence of a waiver of service, which has not occurred here, the plaintiff was required to serve Special Agent Prunier by delivering the complaint and summons to him personally or by leaving copies thereof "at the individual's dwelling house or usual place of abode." Rule 4(e)(2). He was required to serve the United States by delivering a copy of the summons and complaint to the office of the U.S. Attorney, or by sending it by registered or certified mail, and by sending a copy by registered or certified mail to the U.S. Attorney General. Rule 4(i)(1)(A),(B). If the plaintiff's intent was to sue Special Agent Prunier only in his official capacity, he was still required to also serve the United States as described above. Rule 4(i)(2)(A).

Since the plaintiff failed to meet the requirements above, the court lacks jurisdiction over Special Agent Prunier and the United States, and Charles Prunier must be dismissed from this case. See, e.g., McGuire v. Turnbo, 137 F.3d 321,323 (5th Cir. 1998)(dismissal of Bivens defendants for lack of personal service upheld); Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997)(defendant federal officer in Bivens suit must be served as an individual, pursuant to Fed. R. Civ. P. 4(e)); Armstrong v. Sears, 33 F.3d 182, 186-88 (2d Cir. 1994). Actual knowledge of the action does not cure technically deficient service. See, e.g., Friedman v. Estate of Presser, 929

F.2d 1151, 1156 (6th Cir. 1991).

    B.   <u>The Plaintiff Has Failed to Effect Service Within 120 Days</u>.

Rule 4(m) of the Federal Rules of Civil Procedure provides that an action shall be dismissed if service is not made upon a defendant within 120 days after the filing of a complaint, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Far more than 120 days has elapsed since November 18, 2003, when this complaint was filed. Despite being advised by the government on January 29, 2004, that service was insufficient, the plaintiff has taken no action to correct it. Consequently, dismissal of defendant Prunier is required under this rule as well.

    C.   <u>The Complaint Fails to State a Claim For Which Relief May be Granted Against Charles Prunier</u>.

In addition to the dismissal warranted under Fed. R. Civ. P. 12(b)(5), if the plaintiff were to effect service and continue to pursue this case against Special Agent Prunier, it would still have to be dismissed under Rule 12(b)(6).[2]

First of all, insofar as the plaintiff is attempting to sue Special Agent Prunier as an individual for monetary damages, the complaint is completely deficient in alleging facts establishing a particular constitutional or intentional tort violation by

---

[2] These arguments will be more fully expounded, if necessary, if and when a responsive pleading is required in this matter. The defenses asserted herein are representative, not inclusive.

Charles Prunier. The initial complaint alleges only that Special Agent Prunier "issued a subpoena" and "told Mr. Burke not to associate with Mr. Feinman and Mr. Barnes." (Complaint, par. 30.) There are no specific factual allegations of conduct by Special Agent Prunier in the amended complaint. These assertions fall far short of adequately alleging a claim against Charles Prunier individually, and therefore he would have to be dismissed from the suit. Cf. Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982).

Even if there were sufficient facts alleged to establish a constitutional violation, the plaintiff's suit for monetary damages would be barred under the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because the complaints allege that there is an ongoing criminal proceeding which has not terminated in the plaintiff's favor, and purport to assert issues that could be resolved in the course of that proceeding. See, also, White v. Gittens, 121 F.2d 803, 806 (1st Cir. 1997). This preclusion has been applied where criminal charges are pending prior to any conviction. See, e.g., Covinton v. New York, 171 F.3d 117, 122 (2d Cir. 1999); Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996).

To the extent the plaintiff is seeking injunctive relief, he appears to be requesting the Court to order the U.S. Attorney to conduct an investigation of "the whole series of events" and refrain from a selective prosecution. (Amended Complaint, pars. 10, 12; Complaint, par. 2 under relief.) Neither the U.S.

Attorney nor the United States is a party in this action, and the plaintiff's pleadings again do not begin to state a legal claim of constitutional or statutary violations by a United States official that could conceivably serve as a basis for injunctive relief. Cf. Coggeshal Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989); Mendoza Toro v. Gil, 110 F.Supp. 2d 28, 33 (D.P.R. 2000).

Finally, to the extent the plaintiff is seeking monetary relief against Special Agent Prunier, Mr. Feinman would have to overcome Charles Prunier's entitlement to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) with respect to any constitutional violations, and his statutory immunity for intentional torts pursuant to the Westfall Act, 28 U.S.C. sec. 2679(b)(1). The complaints fail in this regard also.

D. The Complaint Should Be Dismissed for Failure to Conform to the Requirements of Fed. R. Civ. P. 8(a).

This lawsuit in its entirety should be dismissed for failure of the plaintiff to comply with the pleading requirements of Rule 8(a). Neither the complaint nor the amended complaint contains a "short and plain statement" of grounds for jurisdiction, or claims showing that the plaintiff is entitled to relief. It is not possible to derive from the pleadings which defendants are being sued for what kinds of claims, nor the facts which purportedly support those particular claims. It is not possible for the defendants to assert meaningful defenses because of the confused nature of the complaint. Consequently, the case should

not be allowed to proceed further in its current form.  Cf. Kuehl v. FDIC, 8 F.3d 905, 908-09 (1st Cir. 1993)(District court has power to dismiss complaint for failure to comply with Rule 8(a) "short and plain statement" requirement.)

III. CONCLUSION.

For all of the reasons stated above, Special Agent Charles R. Prunier must be dismissed from this suit.


RULE 7.1 CERTIFICATION

Undersigned counsel hereby certifies that she has communicated in writing with plaintiff concerning this motion and that the issues herein could not be resolved.


Respectfully submitted,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Roberta T. Brown
Roberta T. Brown
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02110
617/748-3273

Of Counsel:

Elizabeth Ritter
Office of General Counsel
Federal Bureau of Investigation

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on 5/12/04
/s/ Roberta T. Brown
Assistant U.S. Attorney