UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEX FEINMAN,
    Plaintiff,

    v.                                          CIVIL ACTION NO.
                                                03-12301-GAO

DOMINIC NICOLACI, MICHELINA ANDRADE,
CHRISTOPHER BATY, JAMES BURGESS,
STEWART GRIMES, NEW BEDFORD POLICE CHIEF,
BRISTOL COUNTY SHERIFF'S DEPARTMENT,
BONNIE DEMERS, ROSALIE HASSEY,
LFS, INC., CHARLES PRUNIER, FBI Special Agent,
CHRISTOPHER RICHMOND, Acushnet Police Department,
CHRIS MARKEY, State Attorney,
DAVID MADOFF, THOMAS BRUNELLE,
JOHN DOE (1), Massachusetts Bail Commissioner,
JOHN DOE (2), Massachusetts Bail Commissioner,
CAROL VER CAMMEN, KENNETH VER CAMMEN,
LYDIA NICOLACI, SHAWN GORE,
LIEUTENANT HEBERT AND UNKNOWN OFFICERS -
New Bedford Police Department,
JUDGE DAVID TURCOTTE, NICOLE MENDONCA,
ROBERT QUINONES and STEPHANIE PALMER,
    Defendants.


**REPORT AND RECOMMENDATION RE:**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET ENTRY # 39);**
**DEFENDANT'S MOTION TO DISMISS (DOCKET ENTRY # 4);**
**MOTION OF DEFENDANT, STATE ATTORNEY, CHRIS MARKEY,**
**FOR JUDGMENT ON THE PLEADINGS (DOCKET ENTRY # 85);**
**DEFENDANT'S MOTION TO DISMISS (DOCKET ENTRY # 88);**
**DEFENDANT'S MOTION TO DISMISS (DOCKET ENTRY # 57);**
**PLAINTIFF'S MOTIONS FOR PRELIMINARY AND PERMANENT**
**INJUNCTIONS (DOCKET ENTRY ## 2, 38 & 44); MOTION TO**
**DISMISS COMPLAINT (DOCKET ENTRY # 3); MOTION BY THE**
**ADMINISTRATIVE OFFICE OF THE TRIAL COURT TO DISMISS**
**PLAINTIFF'S COMPLAINT AS AGAINST DEFENDANT BAIL**
**COMMISSIONERS, JOHN DOE (1) AND JOHN DOE (2) (DOCKET**
**ENTRY # 82); MOTION OF DEFENDANT CHRISTOPHER RICHMOND**
**TO DISMISS (DOCKET ENTRY # 49); MOTION TO REMOVE**
**DEFENDANTS WITH PREJUDICE (DOCKET ENTRY # 72);**
**MOTION TO DEFAULT LFS, INC. (DOCKET ENTRY # 25);**
**MOTION TO APPEAL**
**(DOCKET ENTRY # 68)**


**ORDER RE:**
**PLAINTIFF'S MOTIONS TO AMEND ORIGINAL COMPLAINT**
**(DOCKET ENTRY ## 9 & 37); MOTION TO REBUT (DOCKET**
**ENTRY # 66); MOTION TO REMOVE ATTORNEY STEWART**
**GRIMES AS ATTORNEY FOR LFS (DOCKET ENTRY # 79);**
**MOTION TO ELIMINATE DISCOVERY AND TO HEAR MOTIONS**

**(DOCKET ENTRY # 80); DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF FED. R. CIV. P. 12 MOTIONS (DOCKET ENTRY # 77)**

**August 10, 2004**

BOWLER, Ch.U.S.M.J.

At a July 7, 2004 hearing, this court made a number of rulings or recommendations with respect to motions for preliminary and permanent injunctions (Docket Entry ## 2, 38 & 44), motions to dismiss (Docket Entry ## 3, 49 & 82) and prior motions to amend (Docket Entry ## 9 & 37) filed prior to a later motion to amend (Docket Entry # 39). In particular, at the July 7, 2004 hearing plaintiff Alex Feinman ("Feinman") stated that the motions for preliminary and permanent injunctions are "evaporated" and, essentially, moot at this point in time. This opinion therefore recommends that the motions for preliminary and permanent injunctions (Docket Entry ## 2, 38 & 44) be denied as moot.

At the July 7, 2004 hearing, Feinman also agreed, as does this court, that the claim against the chapter 7 trustee is moot and, accordingly, this court recommends that the trustee's motion to dismiss (Docket Entry # 3) be allowed. Feinman further stipulated to the withdrawal of claims against defendant Detective Christopher Richmond ("Detective Richmond") without prejudice in light of the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). This opinion therefore recommends that the motion to dismiss filed by Detective Richmond (Docket Entry # 49) be

2

allowed subject to giving Feinman the opportunity to refile the
claims at a later date if and when he obtains a favorable
termination of the pending criminal charges in state court.[1]

Also at the July 7, 2004 hearing, the Administrative Office
of the Trial Court for the Commonwealth of Massachusetts ("AOTC")
represented that there are no bail commissioners at the Third
District Court in New Bedford. As a result, Feinman had no
objection to dismissing the claims against defendant Bail
Commissioners, John Doe (1) and John Doe (2), without prejudice.
It is therefore recommended that the AOTC's motion to dismiss
(Docket Entry # 82) be allowed to the extent of dismissing the
claims against these John Doe defendants without prejudice. This
court also noted at the hearing that the prior motions to amend
(Docket Entry ## 9 & 37) were moot.

At the July 7, 2004 hearing, this court took under
advisement Feinman's motion to amend the complaint (Docket Entry
# 39); defendant Bristol County Sheriff's Department's motion to
dismiss (Docket Entry # 4); defendant Christopher Markey's motion
for judgment on the pleadings (Docket Entry # 85); defendant
Charles Prunier's motion to dismiss (Docket Entry # 88); and
defendant New Bedford Police Chief's motion to dismiss (Docket
Entry # 57). This opinion addresses the motions taken under

---

[1] This court makes a number of other recommendations
regarding certain motions to dismiss because of the doctrine of
Heck v. Humphrey, 512 U.S. 477 (1994). All of these
recommendations to allow such motions under the Heck doctrine are
subject to the same caveat of giving Feinman the opportunity to
refile the claims at a later date if and he obtains a favorable
termination of the pending criminal charges in state court.

advisement at the hearing (Docket Entry ## 39, 4, 85, 88 & 57) and also makes rulings regarding a number of additional pending motions (Docket Entry ## 25, 66, 72, 77, 79 & 80).

<u>BRIEF HISTORY</u>[2]

On October 26, 2003, Feinman was arrested pursuant to an arrest warrant at approximately 8:00 p.m. by detective Richmond of the Acushnet Police Department.  Before being taken to the Acushnet Police Department, Feinman telephoned his attorney. Thereafter, he was handcuffed and taken to the police department by Detective Richmond.  Feinman ascertained from Detective Richmond that his arrest was in conjunction with a case involving the GAP Corporation ("GAP").

Defendant Chris Markey ("Markey") is the district attorney who obtained Feinman's arrest warrant.  Markey is also the brother of the attorney representing Clean Rentals, a creditor in a bankruptcy proceeding involving Feinman as the debtor. According to the original and proposed amended complaint, Markey, Detective Richmond and a number of others participated in a scheme to arrest Feinman in order to strong-arm a resolution regarding the GAP dispute.  As a result of the arrest, Feinman was placed in the custody of defendant Bristol County Sheriff's Department ("Bristol County Sheriff's Department").

---

[2]  Facts, considered as true for purposes of the motions to dismiss, are taken from the amended complaint attached to the most recent motion to amend (Docket Entry # 39) and the original complaint which sets forth similar allegations.

Although the Bristol County Sheriff's Department, Detective Richmond and Markey knew that Feinman had been prescribed heavy doses of methadone by Dr. Joseph Audette M.D., Feinman was not permitted to take the medication.  As a result, Feinman suffered intense pain and withdrawal symptoms while in the custody of the Bristol County Sheriff's Department.

On October 27, 2003, while Feinman was still in the custody of the Bristol County Sheriff's Department, he was served with a no trespass order signed by defendant Stewart Grimes, the attorney for LFS, Incorporated ("LFS"), that covered the premises at 195 Riverside Avenue in New Bedford where LFS had offices. The no trespass order, dated October 27, 2003, and issued under section 120 of chapter 266 of the Massachusetts General Laws ("section 120"),[3] advised Feinman that LFS was in lawful control of the premises at 195 Riverside Avenue and that he was forbidden to enter or remain on the premises.  The order also informed Feinman that he could be arrested without a warrant for

---

[3]  Section 120 provides, in pertinent part, that:

Whoever, without right enters or remains in or upon the . . . buildings . . . of another, after having been forbidden so to do by the person who has lawful control of said premises . . . shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days or both such fine and imprisonment . . . . A person who is found committing such trespass may be arrested by a . . . police officer and kept in custody in a convenient place, not more than twenty-four hours, Sunday excepted, until a complaint can be made against him for the offence, and he be taken upon a warrant issued upon such complaint.

Mass. Gen. Laws ch. 266, § 120.

trespassing by entering the premises.[4]

Sometime between October 27 and October 30, 2003, Feinman was released on bail from the custody of the Bristol County Sheriff's Department.  On October 30, 2003, Feinman entered the premises at 195 Riverside Avenue where he had papers and equipment stored.  Shawn Gore, an LFS manager, telephoned the New Bedford Police and had Feinman arrested for violating the no trespass order.  It is Feinman's belief that the original arrest warrant executed by Detective Richmond was part of a scheme organized by Markey, defendant FBI Special Agent Charles Prunier ("Prunier") and agents of LFS.

## I.   PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET ENTRY # 39)

Pending before this court is a motion to amend the original complaint filed by Feinman.  (Docket Entry # 39).  The Bristol County Sheriff's Department and defendant New Bedford Police Chief ("New Bedford Police Chief") oppose the amendment on the basis of futility.  (Docket Entry ## 52 & 60).

### DISCUSSION

Leave to amend under Rule 15 "'is freely given when justice

---

[4]  Feinman attaches the no trespass order to the opposition (Docket Entry # 70) to defendant New Bedford Police Chief's motion to dismiss.  Both the original and amended complaints refer to the no trespass order which, accordingly, this court may consider.  See MHI Shipbuilding, LLC v. National Fire Insurance Company of Hartford, 286 B.R. 16, 20 (D.Mass. 2002).
The amended complaint further notes that the New Bedford Police Department ignored a certified copy of a letter from Joel Anapol ("Anapol") authorizing Feinman to be on the property. Anapol is one of the three owners of the property.

so requires'" absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive.  Maine State Building and Construction Trades Council, AFLCIO v. United States Department of Labor, 359 F.3d 14, 19 (1st Cir. 2004); Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996).  Futility of a proposed amendment "is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)."  Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001).  In such circumstances, "amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory."  Hatch v. Department for Children, Youth and Their Families, 274 F.3d at 19.

With respect to the Bristol County Sheriff's Department, Feinman sets forth allegations that he was deprived of his medication while being detained by the department.  Deprivation of medical care is a legally cognizable claim under the Fourteenth Amendment.  See O'Connor v. Huard, 117 F.3d 12, 13 (1st Cir. 1997); see also McNally v. Prison Health Services, Inc., 28 F.Supp.2d 671, 672 (D.Me. 1998); Dargie v. County of Hillsborough, 1994 WL 260611 at *2 (D.N.H. April 28, 1994).  The general scenario set forth in the original and amended complaints, while disjointed, is sufficient to set forth a claim of being denied medical attention and thus survives a motion to dismiss, as explained in section II infra.  The claim is also not

7

conclusory.

With respect to the New Bedford Police Chief, the claim does not survive a motion to dismiss, as discussed in section V infra. Feinman, proceeding pro se, however, should be afforded an opportunity to amend the original complaint.  The false imprisonment claim in the amended complaint is therefore stricken subject to giving Feinman 30 days to file a motion for leave to include a false imprisonment claim against the New Bedford Police Chief together with an attached proposed amended complaint setting forth a viable false imprisonment claim in accordance with the parameters of this opinion.

II.  DEFENDANT BRISTOL COUNTY Sheriff's DEPARTMENT'S MOTION TO DISMISS (DOCKET ENTRY # 4)

Pending before this court is a motion brought by defendant Bristol County Sheriff's Department to dismiss (Docket Entry # 4) the complaint filed by Feinman under Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)").[5]  In seeking dismissal, the Bristol County Sheriff's Department's argument is twofold.  It asserts that the complaint is conclusory and further submits that Feinman's allegations do not give rise to any cause of action.

DISCUSSION

---

[5]  At the time the Bristol County Sheriff's Department filed the motion, the governing complaint was the original complaint. Feinman thereafter filed the motion to amend (Docket Entry # 39). Viewed against either the original or the amended complaint, the motion to dismiss lacks merit.

As to the conclusory nature of a complaint, "The pleading rules do not require a claimant to set out in detail the facts upon which he bases his claim." Langadinos v. American Airlines, Inc., 199 F.3d 68, 72 (1st Cir. 2000) (internal quotation marks omitted). Rather, all that is required is "'a short and plain statement' of the claim showing that the pleader is entitled to relief." DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 55 (1st Cir. 1999). As long as the facts in the pleading "give[] the defendant sufficient notice to file a responsive pleading," a generalized statement of facts is adequate.[6] Langadinos v. American Airlines, Inc., 199 F.3d at 72-73; accord Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) (Rule 8 statement "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'"). Conclusions become facts for purposes of supporting a Rule 12(b)(6) motion when the "conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability." Cooperman v. Individual, Inc., 171 F.3d 43, 47-48 (1st Cir. 1999) (ellipses omitted). Moreover, it is not necessary to include evidentiary detail. DM Research, Inc. v. College of American Pathologists,

---

[6] Indeed, the forms appended to the rules, which are themselves "'sufficient'" and also "'indicate the simplicity and brevity of statement which the rules contemplate,'" Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513 n. 4 (2002), typically encompass a few, brief paragraphs.

170 F.3d at 55.

   On a motion to dismiss, this court accepts all allegations
in the complaint as true and construes "all reasonable inferences
in favor of the plaintiffs." Alternative Energy v. St. Paul Fire
& Marine, 267 F.3d 30, 33 (1st Cir. 2001). Dismissal is proper
"only if, under the facts alleged," the plaintiff "cannot recover
on any viable theory." Blackstone Realty LLC v. FDIC, 244 F.3d
193, 197 (1st Cir. 2001) (internal quotation marks omitted);
accord State Street Bank and Trust Company v. Denman Tire
Corporation, 240 F.3d 83, 87 (1st Cir. 2001) (dismissal
appropriate "only if it 'appears to a certainty that the
plaintiff would be unable to recover under any set of facts'").

   These requirements, which the First Circuit describes as
"minimal," are nevertheless not "nonexistent." Cooperman v.
Individual, Inc., 171 F.3d at 47. The complaint must set forth
factual allegations, direct or circumstantial, "'respecting each
material element necessary to sustain recovery under some
actionable legal theory.'" Cooperman v. Individual, Inc., 171
F.3d at 47. "[B]ald assertions" as well as "subjective
characterizations" need not be accepted and "[c]onclusory
allegations," standing alone, "are a danger sign that the
plaintiff is engaged in a fishing expedition." DM Research, Inc.
v. College of American Pathologists, 170 F.3d at 55.

   In both the original and the amended complaints, Feinman
alleges that while he was detained by the Bristol County
Sheriff's Department, he was deprived of methadone and thus

10

suffered adverse physical effects because of this deprivation. Although these allegations are found dispersed among facts that have no legal significance, they are nonetheless present in both the original and the amended complaints.

As previously noted, an alleged withholding of medication from a pretrial detainee such as Feinman falls under the due process protections of the Fourteenth Amendment.  See O'Connor v. Huard, 117 F.3d at 15; see also McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 672; Dargie v. County of Hillsborough, 1994 WL 260611 at *2 (D.N.H. April 28, 1994).  The boundaries of such a claim under the Fourteenth Amendment, however, are not sharply defined.  See McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 672.  It is nevertheless clear that they extend at least as far as the protection that the Eighth Amendment gives to convicted prisoners.  See McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 672-673; see also Dargie v. County of Hillsborough, 1994 WL 260611 at *2 (D.N.H. April 28, 1994).  A deliberate indifference to serious medical needs under the Eighth Amendment therefore undoubtedly contravenes due process under the Fourteenth Amendment.  See O'Connor v. Huard, 117 F.3d at 12; see also McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 672.  A serious medical need is one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 673.

That said, "deliberate indifference is more than negligence." McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 673.  "'[I]n order to be found "deliberately indifferent," prison officials must be shown to have been subjectively aware of a condition requiring intervention.'" McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 673. Factors to consider include the severity of the problem, the potential harm if medical care is withheld or delayed, and whether such harm is the actual result of inadequate medical attention.  See McNally v. Prison Health Services, Inc., 28 F.Supp.2d at 673.

Feinman claims his medication was withheld while he was detained by the Bristol County Sheriff's Department.  He sets forth the date, the circumstances and the various defendants involved, including the Bristol County Sheriff's Department.  The Bristol County Sheriff's Department knew he was prescribed methadone while in their custody in October 2003.  Various defendants, however, including the Bristol County Sheriff's Department, deprived Feinman, a pretrial detainee at the time, of his necessary medication.  Such facts are not conclusory. Although disjointed, they also adequately set forth a claim for relief under the Fourteenth Amendment.  The Bristol County Sheriff's Department's arguments seeking dismissal are therefore unavailing.

III.  DEFENDANT MARKEY'S MOTION FOR JUDGMENT ON THE PLEADINGS

DOCKET ENTRY # 85)

Markey seeks a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)").  Markey's arguments in support of judgment on the pleadings include that:  (1) no claim lies for suit against him in his official capacity; (2) he is entitled to absolute immunity; and alternatively (3) the claim is premature under Heck v. Humphrey, 512 U.S. 477 (1994).[7]

DISCUSSION

Rule 12(c) allows a party, after the close of the pleadings, to "move for judgment on the pleadings."  Rule 12(c), Fed. R. Civ. P.  In reviewing the merits of a Rule 12(c) motion, this court "must accept all of the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in [its] favor." Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991); International Paper Company v. Town of Jay, 928 F.2d 480, 482 (1st Cir. 1991) (on a Rule 12(c) motion, "we accept as true all material allegations of the amended complaint, and construe them in favor of the complaining party"); Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988).  Judgment on the pleadings is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief."  Santiago de Castro v. Morales Medina, 943 F.2d at 130 (internal quotation marks and citations omitted); Rivera-Gomez v. de Castro, 843 F.2d at 635;

---

[7] Resolution of the foregoing arguments in Markey's favor foregoes the need to address Markey's remaining arguments.

Furtick v. Medford Housing Authority, 1997 WL 240747 at * 2
(D.Mass. May 6, 1997).

In its discretion, this court treats the Rule 12(c) motion
as a Rule 12(b)(6) motion to dismiss.  See Whiting v. Maiolini,
921 F.2d 5, 6 (1st Cir. 1991) (district court acted within its
discretion in converting Rule 12(c) motion "to a Rule 12(b)(6)
motion to dismiss for failure to state a claim upon which relief
can be granted"); Massachusetts Candy & Tobacco Distributors,
Inc. v. Golden Distributors, Limited, 852 F.Supp. 63, 67 (D.Mass.
1994) (when "Rule 12(c) motion raises a Rule 12(b)(6) defense,
the motion should be evaluated" under Rule 12(b)(6) standard).
Rule 12(h)(2) expressly permits a party to raise a Rule 12(b)(6)
defense in a Rule 12(c) motion.  See generally 5A Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure § 1367
(1990).  Further, as noted by a number of courts, the standard of
dismissal on a Rule 12(c) motion, i.e., that the plaintiff can
prove no set of facts entitling him to relief, is synonymous to
the standard applied to a Rule 12(b)(6) motion.  Furtick v.
Medford Housing Authority, 1997 WL 240747 at * 2 (D.Mass. May 6,
1997) ("'standard for evaluating a Rule 12(c) motion is
essentially the same as the standard for evaluating a Rule
12(b)(6) motion'"); Frey v. Bank One, 91 F.3d 45, 46 (7th Cir.
1996) (reviewing Rule 12(c) motion under same standard as a Rule
12(b) motion to dismiss); Sheppard v. Beerman, 18 F.3d 147, 150
(2d Cir. 1994) (applying same standard to Rule 12(c) motion as
applied to Rule 12(b)(6) motion).

14

Turning to whether Feinman satisfies the above standard, he asserts that Markey violated 42 U.S.C. § 1983 ("section 1983") by depriving him of his liberty.  The amended complaint, however, fails to distinguish whether Feinman brings suit against Markey in his official or individual capacity.  An official capacity suit against Markey fails inasmuch as a section 1983 suit against a state official in his or her official capacity is not against the official but rather against the official's office and binds the government agency as opposed to the individual government actor.  See Montgomery v. Rufo, 1998 WL 151233 at *1 (D.Mass. March 27, 1998).

An individual capacity suit against Markey likewise fails on the basis of absolute immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259, 268-271 (1993).  It is well settled that absolute immunity for prosecutors is necessary to protect the judicial process.  Burns v. Reed, 500 U.S. 478, 484-87 (1991).  Although the Supreme Court has noted exceptions to absolute prosecutorial immunity, the amended complaint does not allege that Markey's conduct falls within the reach of these exceptions.

Finally, Markey's alternative argument is also well taken.  The Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), holds that in order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section "1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by
a federal court's issuance of a writ of habeas corpus." Heck v.
Humphrey, 512 U.S. at 486-487. As further explained by the Court
in Heck:

> [A] claim for damages bearing that relationship to a
> conviction or sentence that has *not* been so invalidated is
> not cognizable under § 1983. Thus, when a state prisoner
> seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 487.

Feinman fails to offer evidence of a judgment rendering a
conviction invalid. To the contrary, it appears that state
charges remain pending and that, to date, no state court criminal
conviction has been rendered. Inasmuch as Feinman fails to meet
the requirements set forth in Heck, the claims are subject to
dismissal as premature.

IV.  **DEFENDANT CHARLES PRUNIER'S MOTION TO DISMISS (DOCKET ENTRY
# 88)**

Prunier moves to dismiss this Bivens[8] action lodged against

---

[8]    Prunier is a federal officer. Tort claims against him
individually therefore arise, if at all, under Bivens v. Six
Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388
(1971) (holding that, while the doctrine of sovereign immunity
bars damage actions against federal officials sued in their

16

him on a number of grounds including improper service and the
failure to state a claim for relief under the doctrine of <u>Heck</u>
due to the ongoing nature of the state criminal proceeding
against Feinman.[9]  For reasons already stated, the latter
argument is well taken.

Turning to the former argument, Prunier, who has not waived
service, received a copy of the original complaint at his FBI
office where the envelope was sent addressed to him by certified
mail.  Persons responsible for documenting receipt of civil
summons and complaints against the United States in this district
have been unable to locate any record of service of a summons and
complaint.

Absent proof of personal service of process, a federal court
lacks jurisdiction to render judgment against a defendant.  <u>James</u>
<u>v. United States</u>, 709 F.Supp. 257, 259 (D.D.C. 1989).  The
plaintiff bears the burden of proving service of process in
accordance with Rule 4, Fed. R. Civ. P. ("Rule 4").  <u>Chapman v.</u>
<u>Houston Welfare Rights Organization</u>, 441 U.S. 600, 612 n. 28
(1979) ("party claiming that the court has power to grant relief
on his behalf has the burden of persuasion on the jurisdiction
issue"); <u>see</u> <u>also</u> <u>Lensel Lopez v. Cordero</u>, 659 F.Supp. 889, 890

---

official capacities for violations of a plaintiff's
constitutional rights, such suits may be maintained against the
officials in their individual capacities).

    [9]  Inasmuch as the suit is subject to dismissal for improper
service and under <u>Heck</u>, this court need not address the remaining
grounds for dismissal at this point in time.

(D.P.R. 1987) (the plaintiff has burden of establishing validity of service).

Although the amended complaint fails to denote whether Feinman is suing Prunier in his official or individual capacity, the only viable <u>Bivens</u> claim against Prunier lies against him in his individual capacity.  In any event, service against the United States in an official capacity suit requires compliance with Rule 4(i)(2)(A), which is lacking in the case at bar.  In an official capacity suit, Rule 4(i)(2)(A) not only requires service by certified mail to the officer or employee but also service upon the United States "in the manner prescribed by Rule 4(i)(1)."  Fed. R. Civ. P. 4(i)(2)(A).  As indicated above, there is no evidence that Feinman complied with Rule 4(i)(1) which requires, <u>inter</u> <u>alia</u>, "delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney . . . or by sending a copy . . . by registered or certified mail addressed to the civil process clerk at the office of the United States attorney."  Fed. R. Civ. P. 4(i)(1)(A).  The rule additionally requires the plaintiff to send "a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States."  Fed. R. Civ. P. 4(i)(1)(B).

Rule 4(i)(2)(B) governs service upon a government actor in

an individual capacity suit.  That rule likewise requires Feinman
to serve the United States in compliance with Rule 4(i)(l),
which, as discussed above, is absent.  The rule also requires
Feinman to serve the officer or employee, i.e., Prunier, in the
manner prescribed by Rule 4(e).  Rule 4(e), in turn, requires
Feinman to deliver a copy of the summons and the complaint to
Prunier personally, which has not occurred, or by leaving copies
of the summons and the complaint at "the individual's dwelling
house or usual place of abode."  Fed. R. Civ. P. 4(e)(2).
Although Rule 4(e) also permits service on the individual in
accordance with the law of the state in which the district court
is located, there is no evidence that Feinman effectuated service
in accordance with Mass. R. Civ. P. 4(d)(1).

Finally, individual service in a <u>Bivens</u> action has been held
insufficient when attempted through service on the defendant's
employer.  <u>Ecclesiastical Order of the Ism of Am v. Chasin</u>, 845
F.2d 113, 115-116 (6th Cir. 1988) (service on individual federal
officials through service on the Department of Justice is
insufficient, even though "this would be sufficient to effect
service on defendants in their official capacities"); <u>Daly-Murphy
v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987) (in a <u>Bivens</u>
action, service on a defendant through service on his employer is
insufficient); <u>Pollack v. Meese</u>, 737 F.Supp. 663, 666 (D.D.C.
1990) ("[in] a <u>Bivens</u> claim, personal service, and not service by
certified mail [pursuant to former Rule 4(d)(5)], is necessary to
obtain jurisdiction over a defendant in his capacity as an

individual").

In sum, the amended complaint with respect to Prunier is subject to dismissal under both the Heck doctrine as well as for improper service.


V.   DEFENDANT NEW BEDFORD POLICE CHIEF'S MOTION TO DISMISS AMENDED COMPLAINT (DOCKET ENTRY # 57)

Pursuant to Rule 12(b)(6), the New Bedford Police Chief moves to dismiss the complaint for failure to state a claim for relief under either section 1983 or the Massachusetts Civil Rights Act, Massachusetts General Laws chapter 12, section 11H and I ("MCRA").  The argument is well taken.

The previously set forth standard for dismissal under Rule 12(b)(6) need not be repeated.  The amended as well as the original complaints allege claims of false imprisonment under section 1983 or the MCRA against the New Bedford Police Chief. As indicated in the foregoing brief history, an LFS official telephoned the New Bedford Police Department and complained about Feinman entering the premises.  The no trespass order covered the premises.  Section 120 allows a warrantless arrest and confinement for a 24 hour period where, as alleged, the person is found committing the trespass.

The First Circuit in Loque v. Dore, 103 F.3d 1040 (1st Cir. 1997), sets forth the following standard for gauging the constitutionality of an arrest without a warrant:

The constitutionality of a warrantless arrest "depends . . . upon whether, at the moment the arrest was made, the officer [ ] had probable cause to make it." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). In turn, probable cause to make an arrest exists if--and only if--the facts and circumstances of which the arresting officer has knowledge are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission. See Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992); Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir. 1992). In sum, the existence of probable cause (and, in turn, the validity of an ensuing arrest) is gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified. See Scott v. United States, 436 U.S. 128, 137-138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978); United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987); see also Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996) (holding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). And, moreover, though probable cause requires more than mere suspicion, it does not require the same quantum of proof as is needed to convict.

Logue v. Dore, 103 F.3d at 1044. Given the existence of the no trespass order designating LFS as an entity in lawful control of the premises, the statutory authority of section 120 and that Feinman admits to being on the premises, the arrest survives constitutional scrutiny. The New Bedford Police Department simply complied with the request of an LFS official. Such facts and circumstances within the knowledge of the arresting officer would lead him to believe that Feinman was committing a trespass. See, e.g., Alexis v. McDonald's Restaurant of Massachusetts, 67 F.3d 341, 349-351 (1st Cir. 1995).

The constitutionality of the arrest on the present facts disposes of the section 1983 claim and the MCRA claim. In

addition and with respect to the MCRA claim, the amended complaint fails to set forth any facts that the arrest was made by "'threats, intimidation or coercion.'" Swanset Development v. City of Taunton, 668 N.E.2d 333, 337 (Mass. 1996) (quoting the MCRA).

The assertions against the New Bedford Police Chief for false imprisonment therefore do not establish evidence "respecting each material element necessary to sustain recovery under some actionable legal theory." Cooperman v. Individual, Inc., 171 F.3d at 47. Although the motion to dismiss is therefore allowed, Feinman is proceeding pro se and, accordingly, will be given an opportunity to file a motion for leave to amend the amended complaint to include a section 1983 and/or an MCRA false imprisonment claim against the New Bedford Police Chief within 30 days. The proposed amended complaint, however, must comply with the strictures of this opinion. Feinman must therefore set forth additional facts indicating that the New Bedford Police Department lacked probable cause to make the warrantless arrest and, as to the MCRA claim, also that the arrest was made by "threats, intimidation or coercion." Mass. Gen. L. ch. 12, § 11I.

VI.  FEINMAN'S MOTION TO REMOVE DEFENDANTS WITH PREJUDICE (DOCKET ENTRY # 72); FEINMAN'S MOTION FOR DEFAULT (DOCKET ENTRY # 25); FEINMAN'S MOTION TO APPEAL (DOCKET ENTRY # 68)

As a further matter, Feinman voluntarily seeks to dismiss with prejudice defendants Stephanie Palmer ("Palmer"), Nicole Mendonca ("Mendonca") and Christopher Baty ("Baty").  (Docket Entry # 72).  Given the lack of prejudice to these defendants, the motion, construed as filed under Rule 41(a), Fed. R. Civ. P., is allowed.

Feinman also asks this court to enter a default against LFS or a "judgment on the pleading" on the basis that a corporation such as LFS cannot file pro se.  (Docket Entry # 25).  Feinman complains that Michelina Andrade ("Andrade"), as President of LFS, filed an answer (Docket Entry # 26) on behalf of LFS.[10]

It is well settled that, "A corporation may appear in the federal courts only through licensed counsel." Operating Engineers Local 139 Health and Benefit Fund v. Rawson Plumbing, 130 F.Supp.2d 1022 (E.D.Wis. 2001).  As explained by the court in Rawson, "Although other parties may appear pro se under 28 U.S.C. § 1654, corporations may not; a corporation is a legal entity with an independent legal existence unto its own, separate from the interest of its president and founder." Operating Engineers Local 139 Health and Benefit Fund v. Rawson Plumbing, 130 F.Supp.2d at 1023 (treating corporation's answer, signed by President as opposed to attorney, as unsigned pleading but, in lieu of entering a default, giving the corporation 20 days to

---

[10]  The docket incorrectly identifies LFS' answer as the answer of Andrade.

23

file an answer signed by an attorney).  Consistent with the decision in <u>Rawson</u>, LFS will be given 20 days to file an answer to the amended complaint signed by licensed counsel.

As a final matter, on January 20, 2004, Feinman filed in the district court a motion to appeal to the First Circuit.  (Docket Entry # 68).  The motion complains about the delay in hearing the motions for a preliminary injunction which Feinman filed on November 18, 2003 (Docket Entry # 2) and on December 16, 2003 (Docket Entry # 38).  The motion fails to cite any statute or legal authority.  The effect of not hearing the motions for a preliminary injunction did not have the practical effect of denying injunctive relief with serious and irreparable consequences under 28 U.S.C. § 1292(a)(1).  <u>See</u> <u>Clair International, Inc. v. Mercedes-Benz of North America, Inc.</u>, 124 F.3d 314, 319 (1st Cir. 1997); <u>Zosky v. Boyer</u>, 856 F.2d 554 (3rd Cir. 1988).  In addition, this court does not construe the motion as a notice of appeal.  A motion requests a ruling or action on the part of the court.  <u>See</u> <u>Black's Law Dictionary</u> 1031 (7th ed. 1999).  A notice does not.  Feinman has also not requested a writ of mandamus.  <u>See</u> <u>Gautreaux v. Chicago Housing Authority</u>, 178 F.3d 951, 956 (7th Cir. 1999).  Inasmuch as Feinman is proceeding pro se, this court construes the motion as seeking certification of an interlocutory appeal under 28 U.S.C. § 1292(b).  Construed as a motion for certification of an interlocutory appeal, which should have been filed in the Clerk's Office of the First Circuit Court of Appeals, <u>see</u> Fed.R.App.P. 5(a), the motion is denied.

24

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[11] as follows:  (1) Feinman's motion to amend the complaint (Docket Entry # 39) be **ALLOWED** except for the inclusion of the false imprisonment claim against the New Bedford Police Chief which is stricken from the amended complaint;[12] (2) the Bristol County Sheriff's Department's motion to dismiss (Docket Entry # 4) be **DENIED;** (3) Markey's motion for judgment on the pleadings (Docket Entry # 85) be **ALLOWED**;[13] (4) Prunier's motion to dismiss (Docket Entry # 88) be **ALLOWED** on the basis of improper service and under the Heck doctrine;[14] (5) the New Bedford Police Chief's motion to dismiss (Docket Entry # 57) be

---

[11] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

[12] Feinman may file a motion for leave to amend the amended complaint within 30 days to include a false imprisonment claim against the New Bedford Police Chief together with an attached proposed amended complaint setting forth a viable false imprisonment claim in accordance with the parameters of this opinion.

[13] With respect to Markey's alternative argument under Heck, see footnote number one.

[14] Dismissal is without prejudice.  See fn. 1 & Fed. R. Civ. P. 4(m).

**ALLOWED**;[15] (6) Feinman's motion to dismiss Palmer, Mendonca and Baty with prejudice (Docket Entry # 72) be **ALLOWED**; (7) the motion to dismiss filed by the trustee (Docket Entry # 3) be **ALLOWED**; (8) the motion to dismiss filed by Detective Richmond (Docket Entry # 49) be **ALLOWED** subject to giving Feinman the opportunity to refile the claims at a later date if he prevails on the pending criminal charges in state court; (9) the AOTC's motion to dismiss (Docket Entry # 82) be **ALLOWED** to the extent of dismissing the claims against defendant Bail Commissioners, John Doe (1) and John Doe (2), without prejudice; (10) the motion for default (Docket Entry # 25) be **DENIED** with the caveat that Feinman may renew the motion in the event that LFS fails to file an answer to the amended complaint *signed by licensed counsel* within 20 days; (11) the motions for preliminary and permanent injunctions (Docket Entry ## 2, 38 & 44) be **DENIED** as moot; and (12) the motion to appeal (Docket Entry # 68), construed as a motion seeking certification of an interlocutory appeal, be **DENIED**.

The motion to rebut the notice of appearance filed by defendant Stewart Grimes (Docket Entry # 66) and the motion to remove defendant Stewart Grimes as the attorney for LFS (Docket Entry # 79) are **DENIED**. The motion to eliminate discovery and to

---

[15] In accordance with the parameters of this opinion, Feinman may file a motion for leave to amend the amended complaint to include a section 1983 and/or an MCRA false imprisonment claim against the New Bedford Police Chief within 30 days.

hear motions (Docket Entry # 80) is **DENIED** as to the discovery request and **DENIED** as moot as to the request to hear various motions.  The motion to stay discovery until resolution of the pending Rule 12 motions (Docket Entry # 77) is **DENIED** as moot. The motions to amend filed prior to the final motion to amend (Docket Entry ## 9 & 37) are **DENIED** as moot.  The clerk shall docket the amended complaint forthwith.

                          /s/
                  _____
                  **MARIANNE B. BOWLER**
                  Chief United States Magistrate Judge