UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

| | |
|---|---|
| ALEX FEINMAN,<br><br>    Plaintiff<br>v.<br><br>DOMINIC NICOLACI, ET AL.,<br><br>    Defendants | OBJECTION TO REPORT<br>AND RECOMMENDATION ON<br>BEHALF OF PROPOSED<br>DEFENDANTS NEW BEDFORD<br>POLICE LIEUTENANT<br>EUGENE HEBERT AND<br>UNIDENTIFIED NEW BEDFORD<br>POLICE OFFICERS |

I. INTRODUCTION

  Proposed defendant New Bedford Police Lieutenant Eugene Hebert ("Lt. Hebert") and unidentified New Bedford Police officers and hereby object to the Report and Recommendation issued in the above-captioned matter on August 10, 2004. The Report and Recommendation has allowed the plaintiff's motion to amend the Complaint to include Lt. Hebert, and the unidentified police officers despite the plaintiff's literal failure to state a claim upon which relief may be granted against them and plaintiff's fundamental procedural missteps.

  The plaintiff filed his original Complaint on November 18, 2003 (Docket Entry #1). On December 8, 2003, defendants Chris Markey and Stewart Grimes filed answers to the Complaint (Docket Entry #6,8). The plaintiff filed two motions (Docket #37 and 39) on December 16, 2003 that proposed to amend his original Complaint to add factual allegations to a false arrest claim against the Chief of Police of the New Bedford Police Department ("Police Chief")[1] and to add Lieutenant Eugene Hebert of the New Bedford Police Department as a defendant. The false

---

[1] The plaintiff also asserts that unidentified New Bedford police officers should be added to the Complaint as defendants. For the same reasons stated herein on behalf of the Police Chief Lieutenant Hebert, such amendment would be futile as the proposed amended complaint fails to state a claim upon which may be granted by this Court and the Court should not adopt the Report and Recommendation to the extent it authorizes the grant of the Motion to Amend to name them as defendants.

arrest claim derived from the arrest of plaintiff Alex Feinman for trespassing at 195 Riverside Avenue, New Bedford, Massachusetts. Proposed Amended Complaint, ¶44. The plaintiff also asserted that Lieutenant Hebert and unidentified New Bedford police officers failed to take action on the plaintiff's allegations that other private individuals were illegally using his personal equipment. Proposed Amended Complaint, ¶11.

The Police Chief filed an opposition to the plaintiff's motions to amend original Complaint on the grounds that such amendments would be futile, as the proposed amended complaint fails to state a claim upon which relief may be granted by this Court. In response, the Magistrate Judge ruled the first motion to amend (#37) to be moot. The Magistrate Judge allowed the second motion to amend (#39), with the exception of a false imprisonment claim against the Police Chief. The Magistrate also granted the Police Chief's motion to dismiss (#57), while granting the plaintiff 30 days to file a motion for leave to amend the Complaint to clarify his false imprisonment claim.

## II. STATEMENT OF FACTS AND PRODECURAL HISTORY[2]

1.  Certain unidentified defendants used equipment not owned by them on interstate highways without insurance or registration. Plaintiff's Proposed Amended Original Complaint, ¶11. Lieutenant Hebert of the New Bedford Police Department spoke with FBI agent Charles Prunier regarding the matter and decided not to intervene. Id., ¶11.

2.  Attorney Stewart Grimes, an attorney for an entity known as LFS, also spoke to Lt. Hebert and the FBI regarding the plaintiff's complaints regarding the alleged use of the plaintiff's property. Id., ¶11, 16, 26.

---

[2] The facts recited herein are taken from the averments of the complaint and proposed amended complaints, and are accepted as true for the purposes of this motion only. See Coyne v. Somerville, 972 F. 2d 440 (1st Cir. 1992).

3. Domenic Nicolai, one of the owners of 195 Riverside Avenue and his agent arranged an agreement allowing the plaintiff to use 195 Riverside Avenue in June, 2003. Id., ¶12, 35. Some parties to the agreement later decided to withdraw their assent to the agreement. Id.

4. On October 27, 2003, Attorney Grimes secured a no-trespassing order against the plaintiff for 195 Riverside Avenue, New Bedford, Massachusetts. Id., ¶9, 31. The plaintiff received service of the no-trespassing order. Id., ¶31.

5. On October 30, 2003, the plaintiff attempted to enter the premises of LPS at 195 Riverside Avenue, New Bedford. Id., ¶44. Shawn Gore, acting as an agent of LFS, contacted the New Bedford Police Department, and requested that the plaintiff be arrested for trespassing. Id. The New Bedford Police Department complied with Mr. Gore's request. Id.

6. The New Bedford Police Department ignored a certified letter the plaintiff had received from one of the owners of 195 Riverside Avenue authorizing the plaintiff to be on the property was ignored by the New Bedford Police Department. Id., ¶35, 49.

7. On November 7, 2003, Domenic Nicolaci, Lydia Nicolaci (also an owner of 195 Riverside Avenue), and Rosalie Hassey executed an agreement with LFS, which terminated the plaintiff's right to enter the building. Id., 39.

8. On November 18, 2003, the plaintiff filed his original complaint and motion for preliminary injunction against, among other defendants, the Chief of Police of the New Bedford Police Department. See Docket Entry #1. On December 16, 2003, the plaintiff filed a motion to amend his original complaint. See Docket Entry #37, 39. On January 9, 2004, the New Bedford Police Chief filed a Motion to Dismiss the original Complaint. See Docket Entry #57. On the same day, he filed an opposition to the motions to amend the complaint, arguing

that the claims against himself, Lt. Hebert and unidentified police officers were futile and should not be amended into the Complaint. See Docket Entry #60.

III. ARGUMENT

    A.    The Plaintiff's Motion to Amend Should be Denied Due to the Futility of its Claims

Grant or denial of a motion to amend is within the sound discretion of the district court. Torres-Matos v. St. Lawrence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir. 1990). Where an amendment would be futile or would serve no legitimate purpose, the district court "should not needlessly prolong matters." Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir. 1998). Leave to amend need not be granted in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Forman v. Davis, 371 U.S. 178, 182-83 (1962); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (amendment that "would be futile or would service no legitimate purpose" should not be allowed). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief can be granted. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); see also Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir.1979).

    B.    Plaintiff Has Failed to State A Claim Upon Which Relief May Be Granted Against the Unidentified Police Officers

No claims are articulated in the Amended Complaint against the unidentified police officers. See Proposed Amended Complaint generally. All claims against them would therefore be dismissed for this literal failure to state a claim upon which relief may be granted and an amendment of the Complaint to add them as defendants is futile. Alternatively, the unidentified police officers would be dismissed on the same grounds as the claims against the New Bedford

4

Police Chief and amendment would be futile. Under either interpretation, amendment of the Complaint to add the unidentified police officers as defendants is futile and should not be allowed.

    C.    Plaintiff Has Failed to State A Claim Upon Which Relief May Be Granted Against Lieutenant Hebert

The plaintiff alleges that Lieutenant Hebert has failed to take any action in response to his complaints that other persons were using his property illegally. See Proposed Amended Complaint, ¶11. The plaintiff does not identify any cause of action to which such factual allegations relate, and therefore prejudices Lt. Hebert in his ability to respond. Nevertheless, Lt. Hebert notes that the Supreme Court has clearly established that the police do not have a constitutional duty to protect citizens from private action. DeShaney v. Winnebago Cty Dept. of Social Services, 489 U.S. 189, 197 (1989); Soto v. Flores, 103 F.3d 1056, 1063 (1st Cir. 1997). Law enforcement officials may not selectively deny protective services based on such invidious classifications as race, gender, and religion, but the plaintiff has made no such allegation here. Hayden v. Grayson, 134 F.3d 449, 452, 453 n. 3 (1st Cir. 1998); Hilton v. City of Wheeling, 209 F.3d 1005, 1007 (7th Cir. 2000). Similarly, the Massachusetts Tort Claims Act, G.L. c.258, §10(h) ("MTCA") exempts municipalities from liability for "failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes…" G.L. c.258, §10(h).

Thus, the mere failure of Lieutenant Hebert to take the law enforcement action desired by the plaintiff does not give rise to liability. Indeed, the documents filed by the plaintiff indicate that the plaintiff sought to manipulate the New Bedford Police Department into intervening in a complicated property dispute between former colleagues after the break-up of their business. See Proposed Amended Complaint, generally. Such manipulation is clearly not appropriate, and

neither Lieutenant Hebert nor any other member of the New Bedford Police Department should be subjected to litigation for refusing to be manipulated in this fashion.

D. The Plaintiff Failed To Satisfy the Requirements Of Local Rule 15.1

The plaintiff has not demonstrated compliance with Local Rule 15.1, which requires him to serve the motion to amend complaint to add a new party on the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. Local Rule 15.1 states "[a] motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the party as required by this rule." (emphasis supplied). The plaintiff has failed to file such certificate and his motion to amend the Complaint to add Lt. Hebert and the unidentified police officers should be denied on this basis alone.

IV. CONCLUSION

For the foregoing reasons, proposed defendants Lt. Hebert and the unidentified police officers respectfully request that the Report and Recommendation not be adopted to the extent it recommends the amendment of the Complaint to add them as defendants.

LIEUTENANT EUGENE HEBERT,
UNIDENTIFIED NEW BEDFORD
POLICE OFFICERS,

By their attorneys,

/s/ Katharine Goree Doyle
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

229318/Metg/0517