UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 03-12301GAO

ALEX FEINMAN
    Plaintiff,

v.

SHERIFF, BRISTOL COUNTY, ET AL.,
    Defendants,

## ANSWER AND JURY CLAIM OF THE DEFENDANT, SHERIFF, BRISTOL COUNTY

The defendant, Sheriff, Bristol County, (hereinafter "defendant") answers the plaintiff's amended complaint as follows:

### JURISDICTION

The defendant neither admits nor denies the plaintiff's introductory paragraph as it is a statement of jurisdiction. To the extent there are factual allegations contained therein, those allegations are denied.

### STATEMENT OF FACTS

1. The defendant denies the allegations contained in paragraph 1.

2. The defendant denies the allegations contained in paragraph 2.

3. The defendant denies the allegations contained in paragraph 3.

4. The defendant denies the allegations contained in paragraph 4.

5. The defendant denies the allegations contained in paragraph 5.

6. The defendant denies the allegations contained in paragraph 6.

7. The defendant denies the allegations contained in paragraph 7.

8. The defendant denies the allegations contained in paragraph 8.

9. The defendant denies the allegations contained in paragraph 9.

10. The defendant denies the allegations contained in paragraph 10.

11. The defendant denies the allegations contained in paragraph 11.

12. The defendant denies the allegations contained in paragraph 12.

13. The defendant denies the allegations contained in paragraph 13.

14. The defendant denies the allegations contained in paragraph 14.

15. The defendant denies the allegations contained in paragraph 15.

16. The defendant denies the allegations contained in paragraph 16.

17. The defendant denies the allegations contained in paragraph 17.

18. The defendant denies the allegations contained in paragraph 18.

19. The defendant denies the allegations contained in paragraph 19.

20. The defendant denies the allegations contained in paragraph 20.

21. The defendant denies the allegations contained in paragraph 21.

22. The defendant denies the allegations contained in paragraph 22.

23. The defendant denies the allegations contained in paragraph 23.

24. The defendant denies the allegations contained in paragraph 24.

25. The defendant denies the allegations contained in paragraph 25.

26. The defendant denies the allegations contained in paragraph 26.

27. The defendant denies the allegations contained in paragraph 27.

28. The defendant denies the allegations contained in paragraph 28.

29. The defendant denies the allegations contained in paragraph 29.

30. The defendant denies the allegations contained in paragraph 30.

31. The defendant denies the allegations contained in paragraph 31.

32. The defendant denies the allegations contained in paragraph 32.

33. The defendant denies the allegations contained in paragraph 33.

34. The defendant denies the allegations contained in paragraph 34.

35. The defendant denies the allegations contained in paragraph 35.

36. The defendant denies the allegations contained in paragraph 36.

37. The defendant denies the allegations contained in paragraph 37.

38. The defendant denies the allegations contained in paragraph 38.

39. The defendant denies the allegations contained in paragraph 39

40. The defendant denies the allegations contained in paragraph 40.

41. The defendant denies the allegations contained in paragraph 41.

42. The defendant denies the allegations contained in paragraph 42.

43. The defendant denies the allegations contained in paragraph 43.

44. The defendant denies the allegations contained in paragraph 44.

45. The defendant denies the allegations contained in paragraph 45.

46. The defendant denies the allegations contained in paragraph 46.

47. The defendant denies the allegations contained in paragraph 47.

48. The defendant denies the allegations contained in paragraph 49.

**WHEREFORE,** the defendant demands judgment in his favor together with interest, costs and attorney's fees.

# THE DEFENDANT DEMANDS A TRIAL BY JURY

## AFFIRMATIVE DEFENSES

1.  The complaint fails to state a claim upon which relief can be granted, as a result of which, this action should be dismissed with prejudice and with costs to the Defendant.

2.  The Plaintiffs is estopped by his own conduct from recovering on this claim.

3.  The Defendant says that the injuries or damages alleged were caused in whole or in part by the Plaintiff's conduct.

4.  The Defendant says that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

5.  The Individual Defendants are entitled to qualified immunity.

6.  The Defendant's actions were pursuant to standard policy and practice and were reasonable and proper.

7.  The Defendant was justified in his conduct and acts and are therefore not liable to the Plaintiff.

8.  The Defendant says that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

9.  The Defendant says that their actions were performed according to, and protected by law and or legal process, and that therefore the Plaintiff cannot recover.

10. The Defendant says that they were privileged in their conduct and acts and therefore the Plaintiff cannot recover.

11. The Defendant is entitled to immunity based on good faith in that the harm suffered by the Plaintiff was not a result which a reasonable person in Defendants' position would have

known to result from his actions.

12. The Defendant states that at all times relevant hereto he and his employees had acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority as corrections officers.

13. The individual Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants' official duties and the Defendants have no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were committed.

14. The Defendant says that when the Plaintiff was arrested there was probable cause for making the arrest and the Defendants was justified in so doing.

15. The Defendant says that the Plaintiff was rightly detained.

16. The Defendant says that the Plaintiff was rightly detained and provided reasonable medical care.

17. The Defendant says that his conduct, acts was reasonable and justified and that therefore the plaintiff cannot recover..

18. The Defendant's conduct or actions was not the proximate cause of the plaintiff's alleged injuries.

19. The Plaintiff has failed to state a cause of action under 42 U.S.C. section 1983 because the Plaintiff has suffered no deprivation of due process in that law affords the Plaintiff an adequate remedy.

20. The Plaintiff's complaint is frivolous, without any basis in fact or law and not advanced in

good faith and therefore the Defendant is entitled to Attorney's fees, costs, and any other sanctions the Court deems appropriate pursuant to G.L. ch 231 section 6F and Fed.R.Civ.P. 11.

21. The Plaintiff has failed to comply with the conditions precedent to bringing suit pursuant to M.G.L. ch. 258, and as a result this action must be dismissed.

22. The Individual Defendants are immune from this action pursuant to M.G.L. ch 258, and therefore the action against them must be dismissed.

23. The plaintiff has failed to bring his claim within the applicable statute of limitations and therefore, his claim is barred.

24. The plaintiff has failed to comply with F.R.Civ.P. 12(b)(5).

Defendant, Sheriff, Bristol County,
by his attorneys,

_____
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, James W. Simpson, Jr., certify that on the __17th__ day of August, 2004,, I served the foregoing on all parties of record.

_____
James W. Simpson, Jr.