UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Alex Feinman,
    Plaintiff

Case No. 03-123-1-GAO

v.

Dominic Nicolaci, et al.,
    Defendants

PLAINTIFF'S REBUTTAL OF OBJECTION TO REPORT AND
RECOMMENDATION ON BEHALF OF PROPOSED DEFENDANTS
NEW BEDFORD POLICE LIEUTENANT EUGENE HEBERT AND
IDENTIFIED NEW BEDFORD POLICE OFFICERS

1. The attorney for the New Bedford Police Department forgot to note in all the criticisms and criteria of the plaintiff that the plaintiff has a constitutional right to file a Complaint against the New Bedford Police Department as a whole and using the words "chief of police " to represent the police department.

2. The New Bedford Police Department has failed to train personnel regarding the issues the plaintiff brought forth in his civil rights Complaint.

3. In Civil Rights Case 109 U.S. 3, Ct. 18 (1883). Then, in 1961, the Supreme Court issued its landmark decision of Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473 (1961) in which Justice Douglas, writing for the majority, determined that the policy behind the statute was "to afford a federal right in federal courts because … claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by state agencies." 365 U.S. at 180, Monroe thus signaled the resurrection of SS 1983, and the role

and influence of the federal courts in enforcing civil rights and liberties has never been the same since.

4. The plaintiff's Amended Complaints were not based on an episode that he forgot, but rather on episodes that occurred after the original Complaint was written.

5. The New Bedford Police Department and its officers have a duty by law to enforce the laws and not to segregate the laws as they see fit such as the Statement of Fact and Procedural History in statement II. (pg 2) of the Objection to Report ... . filed by the New Bedford Police Department. "Lieutenant Hebert of the New Bedford Police Department spoke with FBI agent Charles Prunier regarding the matter and decided not to intervene. Id. 11. This alone will show the Court that FBI agent Prunier and Lt. Hebert acted out of the colors of law. An FBI agent does not have the right to break any law. What would happen if death occurred? Are they responsible or would this be a harmless error? This is just one reason why these individuals must stand trial for violation of the plaintiff's civil rights.

6. The New Bedford Police Department knew the office at 195 Riverside Avenue was the plaintiff's domiciled office where all his property and belongings were housed. To enhance this, Attorney Grimes falsified a no trespassing order only enhanced after the fact by one of the owners. The New Bedford Police Department, with the aid of FBI Agent, Chuck Prunier, deliberately covered the truth and allowed the plaintiff to be arrested for trespassing under false pretense.

(2)

7. The plaintiff can show in depositions that officers of the New Bedford Police Dept. conspired with others to deliberately loot and destroy the plaintiff's property and good name in the community.

8. The defendant's attorney always brings up the fact that the plaintiff failed to state a claim. The plaintiff is not an attorney. The plaintiff's constitutional rights were violated. The government is for the people and should protect the rights of the plaintiff against the actions of the New Bedford Police Dept.

9. The plaintiff hereby requests the Honorable Court to deny the defendant's Objection to the judge's ruling. The plaintiff will file a new Complaint outlining the Court's ruling.

Respectfully submitted this 31st day of August, 2004 by the plaintiff under the pains and penalties of perjury,

_____ Alex Feinman, Plaintiff

CERTIFICATE OF SERVICE

I, Alex Feinman, do hereby certify I have mailed a copy of the foregoing to the following by U.S. Mail on August 31, 2004:

Katherine Goree Doyle, Esq.

Joseph L. Tehan, Jr., Esq.

All Noted Attorneys

_____ Alex Feinman, Plaintiff

(3)