UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

FILED
IN CLERKS OFFICE

2004 SEP 28  P 4: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

ALEX FEINMAN,

      Plaintiff

v.

DOMINIC NICOLACI, ET AL.,

      Defendants

---

OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
AMENDED COMPLAINT

Now comes defendant Chief of Police for the City of New Bedford ("Police Chief") and

hereby opposes the Plaintiff's Motion for Leave to Amend the Amended Complaint. The

plaintiff's motion responds to the Court's invitation in the August 10, 2004 Report and

Recommendation to set forth additional facts to support a false imprisonment claim pursuant to

42 U.S.C. §1983 or G.L. c.12 §11H and I against the Police Chief. The Court had opined in the

Report and Recommendation that the Amended Complaint did not state a claim for false

imprisonment upon which relief could be granted. The plaintiff's Motion, however, does not set

forth additional facts so as to support a viable false imprisonment claim under either 42 U.S.C.

§1983 or G.L. c.12 §11H and I. As it fails to do so, the Motion to Amend the Complaint is futile

as against the Police Chief and should be denied.

## MEMORANDUM OF REASONS

### FACTS

On October 27, 2003, Attorney Stewart Grimes, acting as attorney for a company known

as LFS, Incorporated, secured a no-trespassing order against the plaintiff, barring him from entry

at 195 Riverside Avenue. Motion, p.12, ¶30. The plaintiff received service of the no-trespassing

order. Id.

On October 30, 2003, the plaintiff visited the New Bedford Police Department at spoke

with the desk sergeant and another officer regarding the no-trespassing order he had been issued

by LFS, Inc. Motion, p.19, ¶44. He also attempted to give the desk sergeant a no-trespassing

order he had drafted, barring the employees of LFS, Inc. from entering his office at 195

Riverside Avenue. Id. The desk sergeant and the officer told the plaintiff that the no-trespassing

order was a civil matter, and they could not accept his paperwork. Id. The plaintiff told the desk

sergeant and the officer that he was going to go to 195 Riverside Avenue to serve the employees

of LFS, Inc. Id.

When the plaintiff attempted to enter the premises of LFS, one of the officers of LFS

contacted the New Bedford Police Department, and requested that the plaintiff be arrested for

trespassing. Id. The police officer who responded looked at the plaintiff's paperwork, but

complied with the request of LFS to arrest the plaintiff for trespassing. Id.

A month later, the New Bedford Police Department arrested the plaintiff again for

trespassing at 195 Riverside Avenue. Motion, p.20, ¶44. After viewing individuals taking his

property out of the building, the plaintiff flagged down a police car. Id. The police officer then

arrested him for trespassing. Id.

## ARGUMENT

A.    Motion to Amend Standard

Grant or denial of a motion to amend is within the sound discretion of the district court.

Torres-Matos v. St. Lawrence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir. 1990). Leave to

amend need not be granted in the face of "undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc." Foman v. Davis, 371 U.S. 178, 182, 183 (1962); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir.1990) (amendment that "would be futile or would serve no legitimate purpose" should not be allowed).

B.    Plaintiff's Proposed Claim against the Police Chief is Futile

The proposed amendment to the Amended Complaint does not set forth a claim upon which relief may be granted by this Court against the Police Chief, and is therefore futile. The only claim made against the Police Chief is an allegation that the New Bedford Police Department arrested the plaintiff after the tenant at 195 Riverside Avenue requested that he be arrested for trespassing, and again one month later when the plaintiff again went on the property despite having been issued a no-trespassing order. Motion, p.12, ¶30, p.20 ¶44. The plaintiff admits that a no-trespassing order had been issued against him and that he was served with the order. Motion, p.12, ¶30. Despite receipt of such order, he entered the property on October 30, 2003. Id. The plaintiff does not allege that the Police Chief arrested him, or indeed participated directly in any way in his arrest. See Motion, generally. The plaintiff does not identify any specific cause of action against the Police Chief, but instead states generally in his Prayers for Relief that he was falsely imprisoned.

1.    Fourth Amendment to the U.S. Constitution and Article 14 to the
      Massachusetts Declaration of Rights

Under the Massachusetts trespass statute, G.L. c.266 § 120, it is illegal for an individual "without right [to enter] or remain in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf, or pier of another . . . after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon." In this matter, the tenant of the property secured an order barring the plaintiff from entering it. Motion,

p.12 ¶30. The plaintiff therefore clearly violated G.L. c.266, §120 and the New Bedford Police Department had probable cause to arrest him.

The proper arrest of a trespasser, pursuant to G.L. c. 266, § 120, does not violate the Fourth Amendment to the United States Constitution or Article 14 of the Massachusetts Declaration of Rights.[1]  Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 351 (1st Cir. 1995). The standard for assessing the constitutionality of a warrantless arrest for the violation of a restraining order was elucidated by the United States Court of Appeals for the First Circuit in Logue v. Dore, 103 F.3d 1040, 1044-45 (1st Cir. 1997):

> The constitutionality of a warrantless arrest "depends ... upon whether, at the moment the arrest was made, the officer [ ] had probable cause to make it." Beck v. Ohio, 379 U.S. 89, 91 (1964).  In turn, probable cause to make an arrest exists if--and only if--the facts and circumstances of which the arresting officer has knowledge are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission. See Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992); Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir.1992).  In sum, the existence of probable cause (and, in turn, the validity of an ensuing arrest) is gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified. See Scott v. United States, 436 U.S. 128, 137-38 (1978);  United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir.1987); see also  Whren v. United States, 517 U.S. 806, 813 (1996) (holding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis").  And, moreover, though probable cause requires more than mere suspicion, it does not require the same quantum of proof as is needed to convict. See United States v. Aguirre, 839 F.2d 854, 857-58 (1st Cir.1988).

In the instant matter, a no-trespass order had been issued against the plaintiff regarding certain property.  He admits he was served with the no-trespass order, but nevertheless decided to enter the property.  An agent for the tenant of the property telephoned the New Bedford Police

---

[1]Although Article 14 of the Declaration of Rights provides greater protection than the Fourth Amendment to the United States Constitution under certain circumstances, such circumstances are not present here. Commonwealth v. Upton, 394 Mass. 363, 372-377, 476 N.E.2d 548 (1985) (requiring more stringent inquiry where information is provided by confidential or unknown informant).

Department and requested that the plaintiff be arrested for trespassing. The New Bedford Police Department complied with the request. One month later, finding the plaintiff on the property, again in violation of the no-trespassing order, a New Bedford police officer arrested him again.

As the plaintiff's arrest was made upon probable cause under the circumstances within arresting officers' knowledge and of which they had reasonably trustworthy information sufficient to lead a prudent person to believe that the plaintiff had violated the restraining order, the plaintiff's rights under the Fourth Amendment and Article 14 were not violated. Romero v. Fay, 45 F.3d 1472 (10th Cir. 1995). This analysis does not change even if a Court later dismisses the charges against the plaintiff and determines that the police officers' belief was mistaken, but reasonable. United States v. Gonzalez, 969 F.2d 999 (11th Cir. 1992); Bailey v. United States, 389 F.2d 305 (C.A.D.C. 1967); United States v. Tramunti, 377 F. Supp. 1 (S.D.N.Y.1974).

In Alexis, where a person who refused to leave a McDonald's restaurant upon a request of both the restaurant's manager and the police officer who was summoned by the manager, was arrested as a trespasser, the court denied a claim that the arrest constituted a violation of that person's Fourth Amendment rights. Given that similar facts to the present case resulted in a finding that the arrest was justified under the Fourth Amendment, it is certainly reasonable to find that the defendants' actions here did not constitute a violation of the plaintiff's rights under the Fourth Amendment or Article 14.

The plaintiff has therefore failed to state a claim upon which relief may be granted against the Police Chief and the Motion for Leave to Amend the Complaint should be denied as futile.

5

2.    Threats, Intimidation or Coercion Under the MCRA

In addition to showing interference with a cognizable constitutional right, to succeed on

an MCRA claim, the plaintiff must show that such interference was through threats, intimidation,

or coercion. Swanset Development Corp. v. Taunton, 423 Mass. 390, 395, 668 N.E. 2d 333

(1996) (citations omitted). The insertion by the Legislature of the requirement of threats,

intimidation or coercion was specifically intended to limit liability under the Act. Freeman v.

Planning Bd. of West Boylston, 419 Mass. 548, 565-566, 646 N.E.2d 139 (1995) cert. denied

516 U.S. 931 (1995).

"[A] direct deprivation of rights, even if unlawful, is not coercive because it is not an

attempt to force someone to do something that the person is not lawfully required to do."

Swanset Development Corp., 423 Mass. 390, 396, 668 N.E.2d 333 (1996) (quoting Freeman 419

Mass. at 565, 646 N.E.2d at 149 (1995)). It is well established that in order to recover pursuant

to the MCRA, a plaintiff's rights must be violated by "threats, intimidation or coercion," G.L. c.

12, §§11H and 11I, there must be, in addition to the deprivation itself, "something akin to duress

which causes the victim to relinquish [his] rights." Butler v. RMS Technologies, Inc., 741 F.

Supp. 1008, 1011 (D. Mass. 1990); Webster v. Motorola, Inc., 418 Mass. 425, 430, 637 N.E.2d

203 (1994). A direct deprivation of a secured right will not violate the MCRA if it "lacks the

quality of coercion." Butler, 741 F. Supp. at 1011; see also Longval v. Commissioner of

Correction, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989); Pheasant Ridge Assocs. Ltd.

Partnership v. Burlington, 399 Mass. 771, 781, 506 N.E.2d 1152, 1158 (1987).

A "threat" is the "intentional exertion of pressure to make another fearful or apprehensive

of injury or harm." Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467,

6

474, 631 N.E.2d 985, 990 (1994). "'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct." Id. Coercion is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Id.

The plaintiff has not added any new factual allegations that establish that he was arrested because the Police Chief wished to deprive him of his constitutional rights. Instead, the plaintiff's own admissions reveal that he was arrested because the responding police officers had probable cause to believe that he had violated the law. Even if the plaintiff's arrest was later determined to have been performed without probable cause (which is unlikely, as even the plaintiff has admitted facts to support a finding of probable cause), it would constitute a direct deprivation of his civil rights, not an act of coercion to prevent him from exercising his civil rights, and therefore would not be actionable under the MCRA.

3.    Supervisory Liability

A supervisor cannot be held liable on a theory of respondeat superior under section 1983.[2] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 696 n. 58 (1978); Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir.1985), cert. denied sub nom. Town of Saugus v. Voutour, 474 U.S. 1100 (1986). Section 1983 liability may be imposed on "supervisor... only on the basis of his own acts or omissions." Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 (1st Cir.1994).

Such actions or omissions in turn must be "affirmatively connect[ed] to the subordinate's violative act or omission," and which must themselves rise to the level of deliberate indifference. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir.1994). Thus, "[a]

---

[2] The MCRA is the Massachusetts analogue to 42 U.S.C. §1983, and thus the claim against the Police Chief is subject to the same standard on supervisory liability. Martino v. Hogan, 37 Mass. App. Ct. 710, 720, 643 N.E. 2d. 53 (1994).

plaintiff must show an 'affirmative link' between the subordinate officer and the supervisor, 'whether through direct participation or through conduct that amounts to condonation or tacit authorization.' " Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir.2000) (quoting Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir.1999)); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir.1989).

The plaintiff has made no allegations that the Police Chief was directly involved in his arrest. He has also failed to plead any factual allegations demonstrating an affirmative link between the Police Chief and his arrest. Finally, as set forth above, the arrest of the plaintiff was supported by probable cause and therefore, did not violate any of his constitutional rights.

IV.    CONCLUSION

WHEREFORE, the New Bedford Chief of Police respectfully request that the Motion to Amend the Amended Complaint as against him be denied as futile

DEFENDANT,

NEW BEDFORD POLICE CHIEF,

By his attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

232127/Metg/0517

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 9/28/04

K. Doyle

8