```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

ALEX FEINMAN,
    Plaintiff,

     v.                                                CIVIL ACTION NO.
                                                          03-12301-GAO

DOMINIC NICOLACI, MICHELINA ANDRADE,
JAMES BURGESS, STEWART GRIMES,
BRISTOL COUNTY SHERIFF'S DEPARTMENT,
BONNIE DEMERS, ROSALIE HASSEY,
LFS, INC., THOMAS BRUNELLE,
CAROL VER CAMMEN, KENNETH VER CAMMEN,
LYDIA NICOLACI, SHAWN GORE,
LIEUTENANT HEBERT AND UNKNOWN OFFICERS -
New Bedford Police Department,
JUDGE DAVID TURCOTTE and ROBERT QUINONES,
    Defendants.

## PROCEDURAL ORDER AND NOTICE OF STATUS CONFERENCE

### October 8, 2004

**BOWLER, Ch.U.S.M.J.**

On August 10, 2004, this court made various rulings on pending motions in the above styled civil rights action filed by plaintiff Alex Feinman ("plaintiff"). (Docket Entry # 102). Discovery is closed and the September 13, 2004 deadline for filing dispositive motions has passed. Before returning this case to the district judge, who referred the matter to this court for pretrial case management including, as necessary, recommendations on dispositive motions (Docket Entry # 67), this court will conduct a status conference at 10:00 a.m. on November 17, 2004.

Plaintiff has a serious medical condition and, accordingly, there shall be no extensions of these deadlines <u>nunc pro tunc</u> or otherwise. The only exception shall be to allow defendant

Lieutenant Herbert ("Herbert") of the New Bedford Police Department and unknown officers of the New Bedford Police Department ("unknown officers") the opportunity to file a motion to extend the existing dispositive motion deadline for no more than one month from the date of this Order solely for the purpose of allowing Herbert and such unknown officers an opportunity to file a dispositive motion within that one month period.  The reason for the possibility of allowing this limited extension of the dispositive motion deadline is because the August 2004 ruling on the motion to amend (Docket Entry # 39) did not address the arguments of Herbert or the unknown officers set forth in an opposition (Docket Entry # 60) filed by defendant New Bedford Police Chief ("New Bedford Police Chief").

    Turning to another issue, on September 28, 2004, the New Bedford Police Chief filed an opposition to a nonexistent motion to amend.  (Docket Entry # 108).  Although this court allowed plaintiff the opportunity to file a motion for leave to file an amended complaint within 30 days of the date of the August 10, 2004 opinion (Docket Entry # 102, pp. 8, 22, 25-26, n. 12 & n. 15), plaintiff has not filed a timely motion for leave to amend the amended complaint together with the required proposed amended complaint.  As the pleadings exist to date, there is no false imprisonment claim under either 42 U.S.C. § 1983 or the Massachusetts Civil Rights Act, Massachusetts General Laws chapter 12, sections 11H and I, in the governing amended

complaint (Docket Entry # 103)[1] against the New Bedford Police Chief and the opportunity to file a motion for leave to include such claim[s] has expired.

                                        **/s/MARIANNE B. BOWLER**
                                        Chief United States Magistrate Judge

---

[1] The opinion directed the clerk to docket the amended complaint. Even though the amended complaint (Docket Entry # 103) purports to name certain defendants, by virtue of this court's August 2004 recommendations, the following parties are no longer defendants in this action: Christopher Baty; the New Bedford Police Chief; Charles Prunier; Christopher Richmond; Chris Markey; David Madoff; John Does (1) and (2), Massachusetts Bail Commissioners; Nicole Mendonca; and Stephanie Palmer.