UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

ALEX FEINMAN,

            Plaintiff

v.

DOMINIC NICOLACI, ET AL.,

            Defendants

MEMORANDUM OF REASONS IN
SUPPORT OF DEFENDANT
LIEUTENANT EUGENE HEBERT
AND UNIDENTIFIED NEW
BEDFORD POLICE OFFICERS'
MOTION FOR SUMMARY
JUDGMENT

I.      INTRODUCTION

      Defendants Lieutenant Eugene Hebert ("Lt. Hebert") and the unidentified New Bedford

Police Officers filed a motion for summary judgment on the grounds that there are no genuine

issue of material fact in dispute and they are entitled to judgment as a matter of law.  There is no

mention of Lt. Hebert or the unidentified New Bedford Police Officers in the Original

Complaint.  The plaintiff, Alex Feinman ("Feinman"), filed a Motion for Leave to Amend the

Complaint (Docket #39), which the Court allowed with noted exceptions on August 10, 2004.

The only allegation in the Amended Complaint against Lt. Hebert is an unsupported conclusion

that he conspired with the Federal Bureau of Investigation ("FBI") not to take criminal

enforcement action against other defendants who Feinman had accused of using his property

without authorization. See Amended Complaint, ¶11.  There is no factual allegation against any

unidentified New Bedford Police Officer in the Amended Complaint. See Amended Complaint,

generally.

      Feinman's claim against Lt. Hebert is disingenuous at best.  In fact, Feinman is the one

who requested that Lt. Hebert contact the FBI to discuss his claims. See Exhibit 1, Affidavit of

Lieutenant Eugene Hebert and Exhibit A thereto, December 2, 2003 Letter from Alex Feinman.[1]

In contacting the FBI, Lt. Hebert was merely acquiescing to Feinman's request.  Id. Furthermore,

Lt. Hebert directed an investigation into Feinman's repeated complaints, only to find no probable

cause to pursue criminal enforcement action.  Id.  As set forth in greater detail below, Lt. Hebert

is not required by law to take action on Feinman's reports when he can find no basis to do so,

and cannot be held liable for his decision.  Lt. Hebert therefore requests that this Court award

him judgment as a matter of law.

II.      STATEMENT OF FACTS AND PROCEDURAL HISTORY

        Lt. Hebert and the unidentified New Bedford Police Officers refer to and incorporate as

if fully set forth herein their Local Rule 56.1 Statement of Undisputed Material Facts and

Procedural History filed contemporaneously herewith.

III.     ARGUMENT

        A.      Standard for Motion on Summary Judgment

        Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

law." Fed.R.Civ.P. 56(c).  In order to defeat a summary judgment motion, "the non-moving

party must demonstrate the existence of a genuine issue of material fact pertaining to those issues

on which it would bear the burden of proof at trial."  Kauffman v. Puerto Rico Telephone Co.,

841 F.2d 1169, 1171 (1st Cir. 1988).  For the purposes of summary judgment, " 'genuine' means

that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party',

and a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'"

---

[1] The exhibits referred to herein are attached to the Local Rule 56.1 Statement of Undisputed Material Facts and
Procedural History filed contemporaneously herewith.

Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir.1993)(quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986)).  Under Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1987), summary judgment is appropriate where the non-moving party has the burden of proof

and "fails to make a showing sufficient to establish the existence of an element essential to that

party's case" or where the defendants provide affirmative evidence negating such an element.

> B.    Plaintiff Has Failed to Adduce Sufficient Evidence of a Conspiracy Pursuant to 42 U.S.C §1983

Feinman claims that Lt. Hebert "conspired" with an FBI Agent (presumably Agent

Charles Prunier) "not to intrude" on the dispute over property between Feinman and his former

business associates.  Amended Complaint, ¶11.  Although no causes of action are provided in the

Amended Complaint in relation to this particular allegation, the caption indicates that the

Amended Complaint was brought pursuant to 42 U.S.C. §1983.[2]  To demonstrate conspiracy

under § 1983, plaintiff must show "an actual abridgement of some federally-secured right."

Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir.2001) ("The fact that a plaintiff styles her claim

as a conspiracy ... does not diminish her need to show a constitutional deprivation."); Earle v.

Benoit, 850 F.2d 836, 844 (1st Cir.1988).

Feinman alleges that as a result of the "conspiracy" with Agent Prunier, Lieutenant

Hebert has failed to take any action in response to his complaints that other persons were using

his property illegally.  Lt. Hebert, however, did take action in response to Feinman's

---

[2] To the extent Feinman also seeks to recover under the Massachusetts Civil Rights, G.L. c.12 §11H and I ("MCRA"), which is unclear on the face of the Amended Complaint, he must demonstrate that he was deprived of his rights by "threats, intimidation or coercion."  G.L. c. 12, §§11H and 11I.  To violate the MCRA there must be, in addition to the deprivation itself, "something akin to duress which causes the victim to relinquish [her] rights." Butler v. RMS Technologies, Inc., 741 F. Supp. 1008 , 1011 (D. Mass. 1990); see also Freeman v. Planning Bd. of West Boylston, 646 N.E.2d 139, cert. denied 516 U.S. 931 (1995); Webster v. Motorola, Inc., 637 N.E.2d 203 (Mass.1994).  A direct deprivation of a secured right will not violate the MCRA if it "lacks the quality of coercion." Butler, 741 F. Supp. 15 1011.  Feinman has not shown any use by Lt. Hebert of "threats, intimidation or coercion" or, indeed, any deprivation of his constitutional rights.

complaints, by initiating an investigation.  See Exhibit 1.  Feinman is merely unhappy with the

outcome of the investigation and now seeks to punish Lt. Hebert for failing to aid Feinman to

use the criminal justice system to tip the scales in his favor in his civil dispute with his former

business associates.[3]

     "[A] private citizen lacks a judicially cognizable interest in the prosecution or non

prosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).   The Supreme

Court has clearly established that the police do not have a constitutional duty to protect citizens

from the actions of another private citizen.[4]  DeShaney v. Winnebago Cty Dept. of Social

Services, 489 U.S. 189, 197 (1989); Soto v. Flores, 103 F.3d 1056, 1063 (1st Cir. 1997).  Law

enforcement officials may not selectively deny protective services based on such invidious

classifications as race, gender, and religion, but Feinman has produced no evidence that he falls

under any such classification.  Hayden v. Grayson, 134 F.3d 449, 452, 453 n. 3 (1st Cir. 1998);

Hilton v. City of Wheeling, 209 F.3d 1005, 1007 (7th Cir. 2000).  In the absence of such

invidious discrimination, a citizen does not have a private right of action where the police did not

initiate criminal prosecution of someone he feels has wronged him.  See Johnson v. Craft, 673

F.Supp. 191, 193 (S.D.Miss.1987) (there is no cause of action under § 1983 for failure to

prosecute a crime where the civil rights complainant alleges that he was the victim, as there

appears to be no federal constitutional right to have criminal wrongdoers brought to justice).

---

[3] If Lt. Hebert had done as Feinman desired, by arresting or filing criminal complaints against Feinman's former business associates without probable cause to do so, he could have violated their civil rights and exposed himself and the City of New Bedford to liability for such actions. See, e.g., Miller v. City of Boston, 297 F.Supp.2d 361 (D.Mass. 2003)(identifying the initiation of a criminal action against a plaintiff without probable cause as necessary elements of a malicious prosecution claim).

[4] Similarly, the Massachusetts Tort Claims Act, G.L. c.258, §10(h) ("MTCA") exempts municipalities from liability for "failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes…" G.L. c.258, §10(h).

Thus, the mere failure of Lieutenant Hebert to take the law enforcement action desired by Feinman does not give rise to liability on his part. Indeed, the documents filed by Feinman indicate that he sought to maneuver the New Bedford Police Department into intervening in a complicated property dispute between former colleagues after the break-up of their business, not to mention an FBI investigation. Such manipulation is clearly not appropriate, and Lt. Hebert should be awarded judgment as a matter of law.

C.    Feinman Has To Demonstrate Any Basis for Municipal Liability for
      A Claim Against Lt. Hebert Is His Official Capacity

An "official capacity" suit against a government officer is in reality a suit against the government entity itself. See Brandon v. Holt, 469 U.S. 464, 471-472 (1985); American Policyholders Insurance Co. v. Nyacol Products, Inc., 989 F.2d 1256, 1259 (1st Cir. 1993) (citing Kentucky v. Graham, 473 U.S. 159 (1985)). To the extent Feinman sues Lt. Hebert in his official capacity, he is essentially suing the City of New Bedford, and must satisfy the standards for doing so.

It is axiomatic that no liability attaches to a governmental agency pursuant to a mere *respondeat superior* theory. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978). Rather, municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953, 958 (1st Cir. 1992). For liability to attach based on its officers' alleged constitutional violations, the plaintiff must "establish both that (1) there existed a municipal custom or policy of deliberate indifference to the commission of constitutional violations by police officers; and (2) this custom or policy was the cause of, and moving force behind, the particular constitutional deprivation of which he [is] complaining." Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991). To prove the existence of a municipal custom or policy, the plaintiff must demonstrate a pattern of unconstitutional

5

conduct by New Bedford police officers "so well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice," Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir.1989), and, further, that there is "a direct causal link between the municipal policy or custom and the alleged constitutional deprivation.'' Britton v. Maloney, 901 F.Supp. 444, 449 (D.Mass. 1995) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Feinman falls far short of clearing this hurdle. His allegations rest entirely on Lt. Hebert's well-founded refusal to initiate criminal enforcement action against Feinman's former business colleagues when he had no probable cause to do so. Feinman has not demonstrated that there is any custom or policy underlying Lt. Hebert's decision. As discussed in Section III.B, Feinman has further failed to show how Lt. Hebert's decision in any way violated his constitutional rights. Feinman has therefore failed to show any basis for liability against Lt. Hebert in his official capacity.

> D.    Lt. Hebert is Entitled to Qualified Immunity In His Individual Capacity

"Qualified immunity shields government officials performing discretionary functions from civil liability for money damages when their conduct does not violate 'clearly established' statutory authority or constitutional rights of which a reasonable person would have known." Roldan-Plumey v. Cerezo-Suarez, 115 F.3d 58, 65 (1st Cir. 1997) (quoting Nereida-González v. Tirado-Delgado, 990 F.2d 701, 704 (1st Cir. 1993)); see also Wilson v. Layne, 526 U.S. 603, 609 (1999); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The U.S. Supreme Court has emphasized the importance of deciding the qualified immunity defense "at the earliest possible stage in [the] litigation." Saucier v. Katz, 533 U.S. 194, 200-201 (2001). The same qualified immunity principles developed under the federal Civil Rights Act, 42 U.S.C. §1983, shield public officials

from liability under the MCRA.  See Duarte v. Healy, 405 Mass. 43, 47, 537 N.E.2d 1230, 1232

(1989). Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 595, 747 N.E. 2d.729, 746 (2001).

Two issues must be considered:  (1) whether at the time of the alleged conduct there was

a "clearly established" statutory or constitutional right that was violated; and (2) whether a

reasonable person would have known that [his] conduct violated that right.  See Frazier v.

Bailey, 957 F.2d 920, 929 (1st Cir. 1992); Landry v. Mier, 921 F. Supp. 880, 884 (D. Mass.

1996).

"With respect to the first inquiry, the plaintiff bears the burden of demonstrating the

existence of a clearly established right."  Quintero de Quintero v. Aponte-Roque, 974 F.2d 226,

228 (1st Cir. 1992).  Whether a right is clearly established by the plaintiff is a question of law for

the Court.  Landry, 921 F. Supp. at 880, 884 (D. Mass 1996).  "A right is not 'clearly

established' unless, at the time the challenged conduct occurred, 'the contours of the right were

sufficiently plain that a reasonably prudent state actor would have realized not merely that his

conduct might be wrong, but that it violated a particular right.'" Id. (quoting Martinez v. Colon,

54 F.3d 980, 988 (1st Cir.1995)).  In order to defeat government officials' invocation of qualified

immunity as a defense, "[t]he contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right in light of the existing law, the

unlawfulness must be apparent."  Duca v. Martins, 941 F. Supp. 1281, 1287 (D. Mass. 1996)

(quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (emphasis supplied).

The second inquiry considers whether a reasonable person would have known that his

conduct violated that right, using the standard of objective reasonableness.  See Bailey, 957 F.2d

at 929.  "The operative inquiry here is not whether the defendants actually abridged a plaintiff's

rights, for the mere fact that a violation occurred is not enough to defeat qualified immunity

unless it is further demonstrated that the defendants' conduct was unreasonable." Landry, 921 F.

Supp. at 885; see also Davis v. Scherer, 468 U.S. 183, 190 (1984); Quintero de Quintero, 974

F.2d at 228.

As discussed in greater detail in Section III.B, Feinman has failed to establish the

existence of any clearly established constitutional right that has been violated by Lt. Hebert.

Furthermore, Feinman has not produced any evidence that would demonstrate that Lt. Hebert

should have known his actions would violate Feinman's constitutional rights.  Instead, the record

demonstrates that Lt. Hebert, upon Feiman's request, launched an investigation into the alleged

illegal use of Feinman's property.  Exhibit 1, ¶5, 6, 7, 9.  The investigation included, again at

Feinman's request, contacting the FBI and confirming that there was an ongoing FBI

investigation into alleged illegal activities at LFS, Inc.  Exhibit 1, ¶5, 6, 7, 8, 9, Exhibit A.  After

learning that no evidence could be procured indicating that Feinman's property had been used,

and that there was ongoing litigation about the true ownership of the property, Lt. Hebert

concluded, on the basis of his training and experience, that no probable cause existed to pursue

criminal action.  Exhibit 1, ¶10.  No reasonable person in Lt. Hebert's place would know that his

actions violated Feinman's constitutional rights, because, quite simply, they did not.  Lt. Hebert

is therefore entitled to judgment as a matter of law in his individual capacity.

E.     The Unidentified New Bedford Police Officers Are Entitled to Judgment As a
       Matter of Law

Feinman has never clarified the identity of the unidentified New Bedford Police Officers,

let alone demonstrated to the Court that he has served them with process in accordance with the

Rules of Civil Procedure.  Furthermore, the Amended Complaint makes no factual allegations

against any unidentified New Bedford Police Officers and seeks no relief against them.  At this

late date, such failures are fatal.

Pro se litigants are bound by the same rules as litigants represented by counsel. See Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir.1994) (explaining that "the right of self-representation is not a license not to comply with relevant rules" (citation and internal quotation marks omitted));  FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir.1994) ("We have consistently held that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules." (citation and internal quotation marks omitted)).  While courts tend to be lenient with pro se plaintiffs, it is well established that pro se litigants are bound by the same rules as litigants represented by counsel. Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir. 1991).  A court "need not conjure up unpleaded facts to support ... conclusory [allegations]" to assist a pro se plaintiff.  Hurney v. Carver, 602 F.2d 993, 995 (1st Cir.1979) (citations omitted).

The absence of the identity of the officers, any indication of Feinman's grievance with said officers, or what cause of action Feinman associates with such grievance renders defense of the Amended Complaint against the unidentified New Bedford Police Officers impossible. Feinman's pro se status does not excuse his failure to elucidate his claim or even the defendants against which it is made by the time of summary judgment.  To the extent his claims against the unidentified New Bedford Police Officers are the same as raised against Lt. Hebert, the same arguments made within this Memorandum on behalf of Lt. Hebert apply to the New Bedford Police Officers.  To the extent the plaintiff is attempt to resurrect his false arrest claim, which this Court dismissed as against the New Bedford Police Chief, such a claim against the unidentified New Bedford Police Officers must fail for the same reasons that it failed against the New Bedford Police Chief.  See August 10, 2004 Report and Recommendation, Section V.

IV.     CONCLUSION

For the foregoing reasons, Defendant Lieutenant Eugene Hebert and the unidentified

New Bedford Police Officers respectfully request that this Court award them judgment as a

matter of law.

DEFENDANTS,

LIEUTENANT EUGENE HEBERT AND
UNIDENTIFIED NEW BEDFORD
POLICE OFFICERS,

By their attorney,


/s/ Katharine Goree Doyle
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

235454/Metg/0517