UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12301-GAO

ALEX FEINMAN,

        Plaintiff

v.

DOMINIC NICOLACI, ET AL.,

        Defendants

DEFENDANT LIEUTENANT EUGENE HEBERT AND UNIDENTIFIED NEW BEDFORD POLICE OFFICERS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AND PROCEDURAL HISTORY

1. Feinman filed two motions on December 16, 2003 that proposed to amend his original Complaint to add factual allegations to a false arrest claim against the Chief of Police of the New Bedford Police Department ("Police Chief") and to add Lt. Hebert (Docket Entries #37 and 39) of the New Bedford Police Department as a defendant.

2. The Court ruled one of the motions to amend (Docket Entry #37) moot at oral argument.

3. The Court allowed the other motion to amend (Docket Entry #39) except as to the false arrest claim against the Police Chief.[1]

4. The Amended Complaint alleges only the following against Lt. Hebert:

> The defendants manipulated vendors and creditors of Feinman by using equipment not owned by them on interstate highways without insurance or registrations. Lieutenant Hebert of the New Bedford Police Department conspired with the FBI agent not to intrude in this matter.
>
> Amended Complaint, ¶11.

5. Lt. Hebert has been a police officer for twenty-eight years. Exhibit 1, ¶2. He has been a Lieutenant and Platoon Commander of the day shift for fourteen years. Exhibit 1, ¶1.

---

[1] Feinman was instead allowed to file a motion to amend the complaint within 30 days of the Court's order. The Police Chief filed an opposition to the motion to amend.

6.  In addition to graduating from the Police Academy, Lt. Hebert earned a Bachelor of Science degree and a Masters degree in Criminal Justice.  Exhibit 1, ¶3.  He undergoes forty hours of continuing education at the Municipal Police Training Committee every year.  Exhibit 1, ¶4.  He also takes five days of training at the Plymouth Police Academy every year.  Id.  The ongoing education and training covers subjects such as probable cause standards, power to arrest, and interview and interrogation techniques.  Id.

7.  In fall, 2003, Mr. Feinman reported by telephone number of times that individuals were using his property without his permission.  Exhibit 1, ¶5.  He asked Lt. Hebert to telephone the Federal Bureau of Investigation ("FBI") and inquire about the property to an Agent Prunier, because the FBI was conducting an investigation regarding his former business, LFS, Inc.  Id.

8.  After the first telephone call, Lt. Hebert dispatched an officer to investigate the report.  Id.  He reported back to Lt. Hebert that when he arrived at the scene, 195 Riverside Avenue, the property in question was not in use and the persons present at the scene denied making any use of it because it was the subject of litigation over ownership and an FBI investigation regarding LFS, Inc.  Id.

9.  On the same day, Lt. Hebert telephoned Agent Charles Prunier, who confirmed that there was an ongoing FBI investigation into allegations of misconduct regarding LFS, Inc.  Exhibit 1, ¶6.

10.  Mr. Feinman telephoned Lt. Hebert again a number of times.  On at least one occasion he specifically identified that one piece of property that he believed to be used illegally as a trailer with an attached air compressor.  Exhibit 1, ¶7.  Feinman complained that the vehicle was unregistered, uninsured and that use of it would expose him to liability.  Id.

11. Mr. Feinman also reported by letter on December 2, 2003 that individuals were using his property without his permission. Exhibit A to Exhibit 1. In the same letter, Mr. Feinman mentioned again that Lt. Hebert should contact the FBI. Id.

12. Whenever Lt. Hebert dispatched an officer to investigate Mr. Feinman's complaints, the officer would find that the trailer or other property did not appear to have been used and the persons present at 195 Riverside Avenue repeated that they were not using the trailer or other property due to the ongoing litigation and FBI investigation. Exhibit 1, ¶9.

13. On each occasion, based on his training and experience, Lt. Hebert determined that he did not have probable cause to pursue criminal enforcement action, as the investigating officer found no evidence of use of the disputed property, the FBI investigation was ongoing, and there was litigation regarding the rightful owner of the property. Exhibit 1, ¶10.

DEFENDANT,

LIEUTENANT EUGENE HEBERT AND UNIDENTIFIED NEW BEDFORD POLICE OFFICERS,

By their attorney,

/s/ Katharine Goree Doyle
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

235937/Metg/0517