UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 03-12301GAO

ALEX FEINMAN )
        Plaintiff, )
)
v. )
)
SHERIFF, BRISTOL COUNTY[1], ET AL., )
        Defendants, )

## DEFENDANT, SHERIFF, BRISTOL COUNTY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I.    STATEMENT OF THE CASE

This is a civil action in which the *pro-se* plaintiff alleges in his complaint state and federal civil rights violations. Specifically, the plaintiff alleges violations of his Eighth and Fourteenth Amendments actionable pursuant to 42 U.S.C. Section 1983.

These claims arise out of the plaintiff's incarceration at the Bristol County House of Correction on or about November 8, 1998. The plaintiff seeks damages as a result.

II.    ARGUMENT

    A.    The Summary Judgment Standard

---

[1] The plaintiff's complaint is silent as to in what capacity the Sheriff of Bristol County is named. As the court is aware, official capacity suits are analogous to naming the municipal or county entity. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (official-capacity suits generally represent only another way of pleading an action against the entity of which an officer is an agent)

-1-

Summary judgment is appropriate if "any pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). In fact, the Supreme Court has held:

> ...In our review, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The First Circuit has identified what constitutes a genuine issue of material fact:

> To satisfy the criterion of trial worthiness, and thereby forestall summary judgment, an issue must be "genuine," that is, the evidence relevant to the issue, viewed in the light most flattering to the party opposing the motion, must be sufficiently open-ended to permit a rational fact finder to resolve the issue in favor of either side. National Amusement, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st. Cir. 1995).

This Court must determine if there are genuine issues of material fact. However, only disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

To defeat this motion, the plaintiffs cannot state mere conclusions or rely only on the allegations contained in the Complaint. The Supreme Court has stated that "[T]he mere existence of a scintilla of evidence in support of the plaintiff's opposition will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

Further, once the movant avers an absence of evidence to support the opposing party's claims, the opposing party "must go beyond the allegations of the complaint and present evidence significantly probative and substantial to establish the existence of an issue of fact that is both

"genuine" and "material". Sheinkopf v. Stone, 927 F.2d 1259, 1261, 1262 (1st Cir. 1991); See also Feliciano v. State of Rhode Island, 160 F.3d 780, 783 (1st Cir. 1998) *citing*, Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d at 25 (1st Cir. 1997).

The defendants need only show, that is, point out to the Court, that there is an absence of evidence to support the non-moving party's case. Celotex Corp. at 325. It is clear there is an absence of evidence to support the plaintiff's claims and therefore said action must be dismissed.

## B.  Eighth Amendment Claims

### 1.  The Plaintiff Has Failed to Submit Evidence That The Defendants Were Deliberately Indifferent to His Serious Needs

As this Court has previously pointed out, "the Eighth Amendment prohibits punishments that are 'cruel and unusual'. See procedural order no defendants' motion to dismiss (complaint #3). The Supreme Court however, has consistently held that "... not......every injury suffered by on prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Supreme Court in Farmer explained further by adding:

> A prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious.....it must result in the denial of minimal civilized measure of life's necessities.......Second, the prison official must have sufficiently culpable state of mind, that is, the official must have deliberate indifference to the inmates health or safety. Thus, to be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement, a prison official must know and disregard and excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); See also Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d. 60 (1st Cir. 2002).

Further, as this Court has explained, "a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" citing McCain v. Scott, 9 F.Supp.2d 1365, 1371-72 (N.D. Ga. 1998). It is not enough that a reasonable prison official would or should have known that the prisoner was at risk:

the official must actually know of and disregard the risk to incur culpability. Farmer, 511 U.S. at 837-38. Moreover, "a prison official's failure to alleviate a significant risk that he should have perceived, but, did not, cannot be condemned as a violation of the Eighth Amendment." Id.

In this context, "deliberate indifference" means that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. This standard, requiring an actual, subjective appreciation of risk, has been likened to the standard for determining criminal recklessness. See id. at 839-40 (holding that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment"); see also id. at 837-38 (citing to Model Penal Code § 2.02(2)(c) and noting that criminal recklessness requires a person to "consciously disregar[d] a substantial risk of serious harm"). A serious medical need is one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." McNally v. Prison Health Services, Inc., 28 F.Supp.2d 673 (D.Me. 1998).

In the present case, the plaintiff has absolutely no evidence that the County possessed the requisite state of mind to establish that it was deliberately indifferent to his serious medical needs. The plaintiff was in the custody of the Sheriff's Department for approximately 1 (one) day. He was evaluated by Prison Health Services, prescribed Motrin for pain as well as Tigan for any withdrawal symptoms. Simply because the plaintiff's preferred pain mediation was methadone does not mean that the medical staff was obligated to give it to him. There has been no evidence that the County ignored any risks to the plaintiff's medical needs. To the contrary, the plaintiff was promptly

evaluated by medical staff and prescribed pain medication. The County met the plaintiff's medical needs.

Accordingly, the plaintiff's claim under the Eighth Amendment must be dismissed.

2. **There is no Evidence of an Unlawful Custom, Practice or Policy by Bristol County**

Municipal liability under section 1983 cannot be based on *respondeat superior*. Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality liable under Section 1983 or the MCRA, a plaintiff must "identify a municipal 'policy' or 'custom' that caused his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997) Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992). A single incident of misconduct alleged in a complaint does not suffice to show a municipal policy. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985)(plurality opinion); See Also, Gallego v. Wilson, 882 F.Supp. 1169 (D.Mass. 1995)(dismissed plaintiff's municipal misconduct claim because a single alleged incident of individual misconduct cannot establish a municipal policy or custom).

The plaintiff must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference." Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576 (1st Cir. 1994).

The plaintiff in this case have alleged absolutely no evidence that the County, County

Commissioners or Sheriff embraced a policy or custom under which any official acted to deprive him of any constitutional rights. Accordingly, the plaintiff's federal civil rights claims against the County and County officials in their official capacities must be dismissed.

## III. CONCLUSION

Based on the foregoing, the defendant, Sheriff of Bristol County respectfully requests that the Court dismiss all claims against him.

Defendant, Sheriff, Bristol County, by his attorneys,

/s/James W. Simpson, Jr.
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK & LOUISON
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

### Certificate of Service

I, James W. Simpson, Jr., do certify that on the 14th day of December 2004, I served the foregoing on all counsel of record and the *pro-se* plaintiff.

/s/James W. Simpson, Jr.
James W. Simpson, Jr.,
