UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 03-12301GAO

_____
                                       )
ALEX FEINMAN                           )
        Plaintiff,                   )
                                       )
v.                                     )
                                       )
SHERIFF, BRISTOL COUNTY, ET AL.,       )
        Defendants,                  )
_____)

**DEFENDANT, SHERIFF, BRISTOL COUNTY'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND and ENLARGE COMPLAINT**

I.    STATEMENT OF THE CASE

The instant action was originally filed on November 18, 2003. On March 17, 2005, this Court entered summary judgment for the defendant, Sheriff Bristol County.[1] The Sheriff of Bristol County, Thomas Hodgson, now moves in opposition to the plaintiff's motion to amend his complaint.

II.   ARGUMENT

    A.    The Applicable Standard

Leave to amend lies within the discretion of the Court. Johnston v. Holiday Inns.

---

[1] The Court entered summary judgment as to the plaintiff's denial of medical attention claims. The plaintiff's complaint vaguely referenced a claim under the ADA although it was unclear as to who or what entity it was asserted against.

Inc., 595 F.2d 890 (1st Cir. 1979). Although the law requires that leave to amend pleadings should be given freely, denial is justified on grounds such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to opposing party by virtue of the allowance of amendment, futility of amendment, etc." Forman v. Davis, 371 U.S. 178 (1962). A Court may deny an amendment when the amended pleadings would not survive a motion for summary judgment. Wilson v. America Trans Air, Inc., 874 F.2d 386 (7th Cir. 1989).

      Here, in the present case, the plaintiff's proposed amended complaint does not state any claims against the Bristol County defendants beyond a claim for damages. The allegations in the complaint pertain to his arrest and subsequent "not guilty" finding on the charges of trespass. These changes in "circumstances" do not alter the Court's entry of summary judgment in favor of the Bristol County defendants as to his 8th Amendment claims. The plaintiff's motion to amend should be denied.

## III. CONCLUSION

      Based on the above argument, the defendant respectfully requests that the Court deny the plaintiff's motion to amend/ enlarge his complaint.

> The Defendant, Sheriff of Bristol County,
> Thomas Hodgson
> By his Attorneys,
>
> /s/ James W. Simpson, Jr.
> James W. Simpson, Jr. BBO#634344
> MERRICK, LOUISON & COSTELLO
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

**Certificate of Service**

I, James W. Simpson, Jr. do certify that on the 24th day of August 2005, I served the foregoing on the *pro-se* plaintiff, Alex Feinman, 1267 Main Street, Acushnet, MA 02743 and all counsel of record.

> /s/ James W. Simpson, Jr.
> James W. Simpson, Jr.