UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 03-12301GAO

)
**ALEX FEINMAN**                              )
                Plaintiff,       )
)
v.                                            )
)
**SHERIFF, BRISTOL COUNTY[1], ET AL.,**       )
                Defendants,      )
)

**DEFENDANT, SHERIFF, BRISTOL COUNTY'S MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT[1]**

**I.    STATEMENT OF THE CASE**

This is a civil action in which the *pro-se* plaintiff alleges in his complaint state and federal civil rights violations. Specifically, the plaintiff alleges violations of his Eighth and Fourteenth Amendments actionable pursuant to 42 U.S.C. Section 1983 as well as a claim under the ADA (Americans With Disabilities Act).

These claims arise out of the plaintiff's incarceration at the Bristol County House of Correction on or about October 27, 2003. The plaintiff seeks damages as a result.

**II.   ARGUMENT**

    **A.   The Summary Judgment Standard**

Summary judgment is appropriate if "any pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c).

---

[1] A L.R. 56.1 statement of undisputed facts with attached exhibits has been filed previously with the Court regarding the plaintiff's Eighth Amendment claims. The same statement of facts with attached exhibits is incorporated herein.

In fact, the Supreme Court has held:

> ...In our review, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The First Circuit has identified what constitutes a genuine issue of material fact:

> To satisfy the criterion of trial worthiness, and thereby forestall summary judgment, an issue must be "genuine," that is, the evidence relevant to the issue, viewed in the light most flattering to the party opposing the motion, must be sufficiently open-ended to permit a rational fact finder to resolve the issue in favor of either side. National Amusement, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st. Cir. 1995).

This Court must determine if there are genuine issues of material fact. However, only disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

To defeat this motion, the plaintiffs cannot state mere conclusions or rely only on the allegations contained in the Complaint. The Supreme Court has stated that "[T]he mere existence of a scintilla of evidence in support of the plaintiff's opposition will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

Further, once the movant avers an absence of evidence to support the opposing party's claims, the opposing party "must go beyond the allegations of the complaint and present evidence significantly probative and substantial to establish the existence of an issue of fact that is both "genuine" and "material". Sheinkopf v. Stone, 927 F.2d 1259, 1261, 1262 (1st Cir. 1991); See also Feliciano v. State of Rhode Island, 160 F.3d 780,783 (1st Cir. 1998) *citing*, Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d at 25 (1st Cir. 1997).

The defendants need only show, that is, point out to the Court, that there is an absence of

evidence to support the non-moving party's case. Celotex Corp. at 325. It is clear there is an absence of evidence to support the plaintiff's claims and therefore said action must be dismissed.

    B.    **ADA CLAIMS**

To establish a prima facie case under Title II of the ADA, a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities or otherwise was discriminated by the public entity; and (3) such exclusion or denial of benefits was by reason of the plaintiff's disability. See Parker v. Universidad di Puerto Rico, 225 F.3d 1, 5 (1st Cir.2000). Under the language of the ADA, a disability is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. §§ 12102(2)(A). The analysis of the ADA applies coextensively to the Rehabilitation Act, the ADA's precursor. Id.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §§ 12132. The RA similarly provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §§ 794.

The ADA "addresses substantial limitations on major life activities, not utter inabilities." Bragdon v. Abbott, 524 U.S. 624, 641, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). A plaintiff's impairment qualifies as one that "substantially limits" a major life activity if the plaintiff is "[s]ignificantly restricted as to the condition, manner or duration ... under which the average person in the general population can perform that same major life activity." 29 C.F.R. §§ 1630.2(j)(1)(i), (ii) (2004).

For purposes of the ADA (and, to be consistent, the RA), the court must consider the plaintiff's ability to perform major life activities while using corrective devices or taking mitigating measures. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

Comparable provisions in the ADA and the RA "cannot be applied literally as an absolute in all instances." Layne v. Superintendent, Mass. Correctional Inst., Cedar Junction, 406 Mass. 156, 160 n. 5, 546 N.E.2d 166 (1989). This is particularly true in the prison setting. "[J]ust as constitutional rights of prisoners must be considered in light of the reasonable requirements of effective prison administration, so must statutory rights applicable to the nation's general population be considered in light of effective prison administration. The [RA] was not designed to deal specifically with the prison environment; it was intended for general societal application. There is no indication that Congress intended the [RA] to apply to prison facilities irrespective of the considerations of the reasonable requirements of effective prison administration." Gates v. Rowland, 39 F.3d 1439, 1446-1447 (9th Cir.1994). "[C]ourts must be mindful of the necessary balance between the ADA's worthy goal of integration and a prison's unique need for security, safety, and other penological concerns." Miller v. King, 384 F.3d 1248, 1266 (11th Cir.2004). The assessment whether a proposed accommodation is "reasonable," or whether it would place an undue burden on the defendant, must therefore include consideration of the prison environment. "Terms like 'reasonable' and 'undue' are relative to circumstances, and the circumstances of a prison are different from those of a school, an office, or a factory...." Crawford v. Indiana Dep't of Corrections, 115 F.3d 481, 487 (7th Cir), abrogated on other grounds, Erickson v. Board of Governors of State Colleges & Univs. for Northeastern Ill. Univ., 207 F.3d 945, 948, 952 (7th Cir.2000).

Here, the Court must consider whether the plaintiff communicated a request for

accommodation. Prison officials are not required to anticipate a prisoner's unarticulated need for accommodation or to offer accommodation sua sponte. Indeed, such a requirement would effectively require prison officials to make assumptions about a prisoner's disability, whereas resort to assumptions and stereotypes concerning disabled persons is a harmful practice that Congress sought to deter by means of the ADA. See <u>Sullivan v. Neiman Marcus Group, Inc.</u>, 358 F.3d 110, 117 (1st Cir.2004), quoting <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Rather, it is incumbent on the prisoner to request accommodation in the first instance. See <u>Lue v. Moore</u>, 43 F.3d 1203, 1206 (8th Cir.1994) (no violation of RA where blind prisoner did not apply for program or request accommodations).    Here, there is no evidence that the plaintiff requested any accommodations be made on his behalf other than the fact that he requested a specific pain medication. Alternative pain mediation was provided and he was also ordered to be placed on a bottom bunk due to his hip injury.  The Bristol County's Sheriff's office made every reasonable accommodation in light of the plaintiff's condition.  There has been no violation of the ADA.

### III.    **CONCLUSION**

Based on the foregoing, the defendant, Sheriff of Bristol County respectfully requests that the Court dismiss all claims against him.

Defendant, Sheriff, Bristol County, by his attorneys,

/s/James W. Simpson, Jr.
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK & LOUISON
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**Certificate of Service**

    I, James W. Simpson, Jr., do certify that on the 27th$^h$ day of October 2005, I served the foregoing on all counsel of record and the *pro-se* plaintiff.

                                        /s/James W. Simpson, Jr.
                                        James W. Simpson, Jr.,