UNITED STATES DISTRICT COURT

Eastern District of Massachusetts


ALEX FEINMAN, plaintiff                    DOCKET NO. 03CV12301 GAO

      V.

DOMINIC NICOLACI, MICHELINA ANDRADE;
JAMES BURGESS, ATTORNEY STEWART GRIMES;
CHIEF OF POLICE, New Bedford Police Department;
SHERIFF, Bristol County Sheriff Department;
BONNIE DEMERS, ROSALIE HASSEY;
LFS, INCORPORATED;
CHUCK PRUNIER, Special Agent, FBI,
DETECTIVE CHRISTOPHER RICHMOND,
Acushnet Police Department;
STATE ATTORNEY CHRIS MARKEY;
THOMAS BRUNELLE; CAROL VAN CAMMEN;
KENNETH VAN CAMMEN; LYDIA NICOLACI;
SHAWN GORE;
LIEUTENANT HEBERT AND UNKNOWN OFFICERS,
New Bedford Police Department;
JUDGE DAVID TURCOTTE, New Bedford District Court, and
ROBERT QUINONES,
Defendants[1]

OBJECTION TO REPORT AND RECOMMENDATION
( Docket Entry # 136)

      Now comes State Attorney Chris Markey ("Markey") and respectfully

objects to the omission of Markey in Magistrate Judge Marianne B. Bowler's

listing of those who are no longer defendants in this action and of those who are

recommended to remain dismissed as parties to this action. The listings in the

Report and Recommendation are set out in the following manner;

      (1) Footnote 1.( located on the first page of the Report and

---

[1] The names listed are taken from the caption of the Report and Recommendation,
and it is respectfully suggested that such listing should not be construed as a
waiver of this objection.

Recommendation) which states as follows;

> " The amended complaint (Docket Entry # 103) lists the above noted defendants in the caption.  It also purports to name certain defendants who, by virtue of this court's Report and Recommendation (Docket Entry # 102), are no  longer defendants in this action: Bail Commissioners, John Doe (1) and John Doe (2), State of Massachusetts; Attorney David Madoff; Stephanie Palmer, Nicole Mendonca; and Christopher Baty.";

(2) The  second recommendation contained on page 19 of the

CONCLUSION , which states as follows;

> "In addition, the court RECOMMENDS that the following parties remain dismissed as parties to this action: Bail Commissioners, John Doe (1) and John Doe (2), State of Massachusetts; Attorney David Madoff; Stephanie Palmer; Nicole Mendonca; Christopher Baty; and Prunier."

 The basis for the objection follows.

On August 10, 2004,  Magistrate Judge Bowler made various rulings on pending motions in the initial Report and Recommendation in this matter (docket entry #102), one of which was to allow Markey's motion for judgment on the pleadings (docket entry #85).  In doing so, Magistrate Judge Bowler took into account allegations in both the complaint and  amended complaint (Docket Entries #1, 103).  In this regard, in ruling on a motion to dismiss by the Bristol County Sheriff's Department concerning the plaintiff's claim of being deprived of medication while in the Sheriff Department's  custody at his arraignment, Magistrate Judge Bowler indicated that the plaintiff's allegations set forth a claim for relief under the Fourteenth Amendment (Docket Entry # 102, p. 12).  To the extent plaintiff was also claiming that Markey deprived him of his medication, such claim was necessarily eliminated or precluded by  Magistrate Judge

Bowler's ruling that Markey was not subject to suit for claimed violations of plaintiff's civil rights.[2]

Moreover, that Markey was dismissed from this action by the allowance of Markey's motion was confirmed, on October 8, 2004, when Magistrate Judge Bowler issued a Procedural Order and Notice of Status Conference (docket entry # 109), which stated in footnote 1, in relevant part, as follows:

> "The opinion [docket entry # 102] directed the clerk to docket the amended complaint. Even though the amended complaint ( docket entry # 103) purports to name certain defendants, by virtue of this court's August 2004 recommendations, the following parties are no longer defendants in this action; . . . . . . . .Chris Markey. . . . . . . ." (emphasis added)

Thus, as of 2004, this court determined that Markey was no longer a defendant.

To the extent permitted in an objection, it is respectfully requested that the Report and Recommendation (Docket Entry #  136) be modified or corrected so as to include Markey with those listed in the Report and Recommendation as no longer defendants, and as having been recommended to remain dismissed as parties to this action.

---

[2] Likewise, Magistrate Judge Bowler's reference ( Docket Entry # 102, p.13) that the need to address another of Markey's arguments [concerning the lack of a stated claim under the Massachusetts Civil Rights Act "MCRA"] was not necessary because of the resolution of civil rights issues favorable to Markey, was appropriate because the scope of immunity under the MCRA was "at least as broad as under § 1983." *Chicopee Lions Club v. District Attorney for the Hampden District,* 396 Mass. 244, 251 (1985).

Respectfully submitted,
State Attorney Chris Markey,
By his attorney,


/s/ William R.Connolly
Assistant District Attorney
Bristol District
P.O. Box 973
888 Purchase Street
New Bedford, MA.  02740
(508)-997-0711


March 24, 2006

<u>CERTIFICATE OF SERVICE</u>

I, William R. Connolly, certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

/s/ William R. Connolly