UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

FILED
IN CLERKS OFFICE
2006 JUN 20 A II: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

ALEX FEINMAN, )
    Plaintiff )
)
v. )
)
DETECTIVE CHRISTOPHER )
RICHMOND, Acushnet Police )
Department, )
    Defendant )

**DEFENDANT, CHRISTOPHER RICHMOND'S
MOTION TO AMEND SCHEDULING ORDER**

Now comes the defendant, Christopher Richmond, and moves the Court to set a new Scheduling Order in the above-referenced matter.

This is an action which arises out of the October 26, 2003 arrest of the pro se plaintiff, Alex Feinman [hereinafter "plaintiff"], by the defendant, then-Detective (now Sergeant) Christopher Richmond [hereinafter "defendant"] of the Acushnet Police Department on charges of fraud and improper use of a credit card in violation of M.G.L. c. 266, § 37C, and larceny by false pretenses in violation of M.G.L. c. 266, § 30.

The plaintiff's original Complaint, filed November 18, 2003, was dismissed by the Court upon the defendant's motion dated December 29, 2003 (docket no. 49), on the ground that it was premature due to the fact that the underlying criminal charges were still pending. Report & Order, docket nos. 102 & 115. A Joint Motion to Stay Discovery pending the findings on the various Motions to Dismiss was filed by all defendants while the Motions to Dismiss were pending, however, the Court denied this Motion as "moot" when dismissing the case. Report, docket no. 102, p. 27, Order, docket no. 115. In granting the Motions to Dismiss, the Court preserved the plaintiff's right to "re-file" his

1

claims under title 42, section 1983 of the United States Code, should he prevail on the underlying criminal charges. Id.

On August 19, 2005, the plaintiff moved to revive his claim on the basis that he prevailed on the underlying criminal charges. The plaintiff did this not by re-filing as the Court had preserved his right to do, but by the unusual and procedurally incorrect strategy of "amending" his Amended Complaint. Pl.'s Motion To Amend & Enlarge Complaint, docket no. 112. The plaintiff's Motion to Amend was allowed as to the defendant on April 6, 2006, on the basis of the previous finding that the plaintiff could revive his section 1983 claims if he was not convicted at the criminal trial. Report & Order, docket no. 136, p. 9, docket no. 139. In the Report, the Court remarked, "[t]his case is ready for trial. The close of discovery was on August 6, 2004 and the dispositive motion deadline has passed." Report, p. 19, docket no. 136. These deadlines were set by Magistrate Judge Bowler during a Status Conference held on February 5, 2004, while the defendant's December 29, 2003 Motion to Dismiss (which was subsequently granted) was pending.

The defendant respectfully submits that he has not had a fair opportunity to conduct discovery or have his claim evaluated in the context of a motion for summary judgment. A Motion to Dismiss was filed in a timely manner in response to the plaintiff's Complaint, and was granted. The case had obviously been inactive, for more than two years, in the interim.

The plaintiff, proceeding *pro se*, was apparently given some leeway by the Court, which allowed him to recently revive his claim with a "Motion to Amend." With the prior case having been dismissed, there was no complaint before the Court to amend. To be true to the rules of procedure and the Court's Order Dismissing the original Complaint, the plaintiff should have re-filed and served his Complaint. This would have caused the case to be docketed anew, with a new Scheduling Order that would more fairly realize the defendant's rights to discovery and pursuing a motion for summary judgment. Instead, the defendant's are up against the *original* Scheduling Order of

February 5, 2004, having had no opportunity to conduct discovery or consider a motion for summary judgment. The essence of what has occurred was a stay of the proceedings, pending the disposition of the underlying criminal matter, and the Scheduling Order must be amended to reflect the inactive periods in the case history during the over two years that the case was dismissed.

The defendant is mindful of the need for leniency with the *pro se* plaintiff. However, this need not be at the expense of the defendant's due process rights. Justice requires that the defendant be given the opportunity to conduct discovery and have the merits of this civil rights case reviewed by the Court in the context of a motion for summary judgment.

WHEREFORE, the defendant respectfully moves the Court to amend the Scheduling Order of February 5, 2004 as follows:

   Close of Discovery:         January 1, 2007

   Dispositive Motions:        March 1, 2007

                               The defendant,
                               SERGEANT CHRISTOPHER
                               RICHMOND,
                               By his attorneys,

                               PIERCE, DAVIS & PERRITANO, LLP

                               _____
                               Michael D. Leedberg, BBO #660832
                               John J. Davis, BBO #115890
                               Ten Winthrop Square
                               Boston, MA 02110
                               (617) 350-0950

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on June 19, 2006, to his address of record of 1267 Main St., Acushnet, MA, and also to P.O. Box 30061, Acushnet, MA (a new mailing address provided by the plaintiff during a Rule 7.1 conference on June 19, 2006). The plaintiff does not appear to be a registered Pacer user.

Michael D. Leedberg