FILED
UNITED STATES DISTRICT COURT    IN CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2006 JUN 21  A II: 37

CIVIL ACTION NO. 03-12301-GAO

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ALEX FEINMAN,<br>        Plaintiff | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| DETECTIVE CHRISTOPHER<br>RICHMOND, Acushnet Police<br>Department,<br>        Defendant | ) |

## DEFENDANT, CHRISTOPHER RICHMOND'S
## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

The defendant can neither admit nor deny all of the allegations of this paragraph, as they are not all directed to this defendant. To the extent that the plaintiff alleges that this defendant violated, attempted to violate or conspired to violate his civil rights by any means, those allegations are denied. As to the remaining allegations, the defendant has no firsthand knowledge on the matters and can neither admit nor deny the allegations, and therefore, the defendant leaves the plaintiff to his proof.

### FACTS

1. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

2. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

1

3.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

4.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

5.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

6.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

7.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

8.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

9.  The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

10. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

11. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

12. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

13. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

14. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

15. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

16. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

17. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

18. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

19. As to the allegations of this paragraph, the defendant can neither admit nor deny them, since they are directed at "Detective Richardson," and not the defendant. To the extent that the plaintiff intended to refer to defendant, the defendant admits that he arrested the plaintiff pursuant to a lawful arrest warrant on October 26, 2003, on charges related to the plaintiff's suspected unauthorized use of a credit card belonging to GAP, Inc. The defendant denies that the arrest was for suspicion of an "overcharge of a customer." As to the remaining allegations, the defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

20. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

21. As to the allegations of this paragraph, the defendant admits that he arrested the plaintiff on October 26, 2003, but denies the remainder of the allegations.

22. As to the allegations of this paragraph, the defendant can neither admit nor deny them, since they are directed at "Detective Richardson," and not the defendant. To the extent that the plaintiff intended to refer to defendant, the defendant admits that he recommended bail in the amount of $3,000.00 to the Bail Commissioner and attached articles from the 1980's demonstrating the plaintiff's apparent criminal history, and further answers that this was all performed at the specific request of Assistant District Attorney Markey. The defendant further admits that the plaintiff's bail was set at $10,000 cash or $100,000 surety, but denies that this was due to anything the defendant did or did not do. As to the remaining allegations of this

3

paragraph, they are not directed at this defendant, and thus, no response is required.

23. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

24. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

25. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

26. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

27. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

28. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

29. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

30. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

31. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

32. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

33. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

34. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

35. The defendant has insufficient information with which to admit or deny the allegations of

4

this paragraph, and therefore, leaves the plaintiff to his proof.

36. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

37. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

38. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

39. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

40. The defendant has insufficient information with which to admit or deny the allegations of this paragraph, and therefore, leaves the plaintiff to his proof.

## RELIEF

The defendant denies that the plaintiff is entitled to any of the relief prayed for.

## FIRST DEFENSE

The plaintiff's Second Amended Complaint fails to state a claim against the defendant upon which relief can be granted.

## SECOND DEFENSE

The plaintiff's Second Amended Complaint fails to state a claim against the defendant upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the losses or damages alleged.

## THIRD DEFENSE

The defendant states that, if the plaintiff suffered damages as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## FOURTH DEFENSE

The plaintiff's claims, to the extent they allege acts of malice, should be dismissed for failing to state a claim upon which relief can be granted, in that they provide insufficient

specificity so as to adequately place the defendant on notice as to the basis of the allegations of malice, as required by the Rules of Civil Procedure.

## FIFTH DEFENSE

The plaintiff's claims, to the extent they allege a conspiracy, should be dismissed for failing to state a claim upon which relief can be granted, in that they provide insufficient specificity so as to adequately place the defendant on notice as to the basis of the allegations of an agreement, as required by the Rules of Civil Procedure.

## SIXTH DEFENSE

The plaintiff's claims should be dismissed for failing to state a claim upon which relief can be granted, because the plaintiff has failed to plead sufficient facts to demonstrate that the defendant is not entitled to qualified immunity.

## TENTH DEFENSE

The defendant cannot be liable under 42 U.S.C. § 1983 because he is entitled to qualified immunity, since the defendant was acting with the objectively reasonable belief that his conduct was lawful at all times.

## ELEVENTH DEFENSE

The defendant cannot be liable under MASS. GEN. LAWS. Ch. 12 §§ 11(h) & 11I because he is entitled to qualified immunity, since the defendant was acting with the objectively reasonable belief that his conduct was lawful at all times.

## TWELFTH DEFENSE

The defendant cannot be liable under 42 U.S.C. § 1983 because he did not deprive the plaintiff of a protected right under the United States Constitution or laws.

## THIRTEENTH DEFENSE

The defendant cannot be liable under MASS. GEN. LAWS. Ch. 12 §§ 11(h) & 11I because he did not deprive the plaintiff of a protected right under the United States Constitution, the Massachusetts Constitution or laws.

## FOURTEENTH DEFENSE

The defendant states that plaintiff cannot recover under the MASS. GEN. LAWS. Ch. 12 §§ 11(h) & 11I because there has not been alleged the requisite threats, intimidation or coercion and therefore such claims must be dismissed.

6

### FIFTEENTH DEFENSE

The plaintiff is estopped by his conduct from recovering on his claim.

### SIXTEENTH DEFENSE

The defendant states that the injuries or damages alleged were caused in whole or in part by the plaintiff's own conduct.

### SEVENTEENTH DEFENSE

The defendant states that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### EIGHTEENTH DEFENSE

The defendant was justified in his conduct at all relevant times, and, therefore, is not liable to the plaintiff.

### NINETEENTH DEFENSE

The defendant states that his actions were performed according to, and protected by law, and/or legal process, and that therefore the plaintiff cannot recover.

### TWENTIETH DEFENSE

The defendant was privileged in his conduct and, therefore, the plaintiffs cannot recover.

### TWENTY-FIRST DEFENSE

The defendant states that at all times relevant hereto, the defendant acted without malice toward the plaintiff and that his actions relative to the plaintiff was privileged by virtue of his acting reasonably and in good faith within the scope of his authority.

### TWENTY-SECOND DEFENSE

The defendant answering states that the plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, has waived any and all rights he may have had against the defendant.

### TWENTY-THIRD DEFENSE

The plaintiff has failed to state a cause of action under 42 U.S.C. Section 1983 because he does not allege an official custom, policy or practice which caused the allegedly unconstitutional denial of the plaintiff's civil rights and a municipality cannot be held vicariously

liable for the unconstitutional acts of its officers or employees.

## TWENTY-FOURTH DEFENSE

The defendant states that no act or omission by defendant was a proximate cause of damages, if any, allegedly sustained by the plaintiff.

## TWENTY-FIFTH DEFENSE

The defendant states that plaintiff have failed to mitigate his damages as required by law.

## TWENTY-SIXTH  DEFENSE

The defendant states that plaintiff has failed to bring this case timely within the applicable statute of limitations.

## TWENTY-SEVENTH DEFENSE

The defendant states that suits against municipal officers in their official capacity are tantamount to suits against the municipality itself, and therefore must be dismissed.

## TWENTY-EIGHTH DEFENSE

The defendant states that a municipal police department is not a separate independent body politic subject to suit and therefore claims against it must be dismissed.

## TWENTY-NINTH DEFENSE

The Second Amended Complaint must be dismissed for lack of service and/or insufficiency of service of process, in that the summons and Second Amended Complaint were not properly served on the defendant.

## THIRTIETH DEFENSE

The defendants state that plaintiff's Second Amended Complaint must be dismissed for misnomer of a party.

## THIRTY-FIRST DEFENSE

The defendants' conduct and actions do not rise to the level of constitutional violations and, therefore, the plaintiffs cannot recover under 42 U.S.C. §1983.

## THIRTY-SECOND DEFENSE

The defendants did not violate any clearly-established constitutional rights of the plaintiffs of which a reasonable person would have known.

## THIRTY-THIRD DEFENSE

8

The plaintiff has failed to state a claim for abuse of process, because he failed to plead ulterior motive or illegitimate purpose, and failed to plead sufficient facts to reasonably place the defendant on notice regarding his anticipated proof as to this required element, and thus, his claim must be dismissed.

## THIRTY-FOURTH DEFENSE

The plaintiff has failed to state a claim for malicious prosecution, because he has failed to plead malice and lack of probable cause, and he has failed to plead sufficient facts to reasonably place the defendant on notice regarding his anticipated proof as to these required elements, and thus, his claim must be dismissed.

## THIRTY-FIFTH DEFENSE

The plaintiff has failed to state a claim for false arrest and imprisonment, because he has failed to plead lack of probable cause or privilege to arrest, and he has failed to plead sufficient facts to reasonably place the defendant on notice regarding his anticipated proof as to this required element, and thus, his claim must be dismissed.

## THIRTY-SIXTH DEFENSE

The plaintiff has failed to state a claim under 42 U.S.C. 1983, because abuse of process cannot bring rise to such a claim as a matter of law, and the claim must be dismissed.

## THIRTY-SEVENTH DEFENSE

The plaintiff has failed to state a claim under 42 U.S.C. 1983, because a malicious prosecution claim cannot bring rise to such a claim as a matter of law, and the claim must be dismissed.

## THIRTY-EIGHTH DEFENSE

The plaintiff has failed to plead grounds for jurisdiction, as required by the Federal Rules of Civil Procedure, and therefore the Second Amended Complaint must be dismissed.

## JURY DEMAND

The defendants demand a trial by jury on all issues.

9

The defendant,
SERGEANT CHRISTOPHER RICHMOND,
By his attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: 6/20/06

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the
*pro se* plaintiff, Alex Feinman, by first class mail on June 19, 2006, to his address of record of
1267 Main St., Acushnet, MA, and also to P.O. Box 30061, Acushnet, MA (a new mailing
address provided by the plaintiff during a Rule 7.1 conference on June 19, 2006). The plaintiff
does not appear to be a registered Pacer user.

Michael D. Leedberg