UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

| | |
|---|---|
| ALEX FEINMAN,<br>  Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| DETECTIVE CHRISTOPHER RICHMOND,<br>  Defendant | )<br>)<br>)<br>) |

**DEFENDANT, DETECTIVE CHRISTOPHER RICHMOND'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, the defendant, Sergeant Christopher Richmond [hereinafter "defendant"], hereby moves for summary judgment as to all Counts against him in the Plaintiff's Second Amended Complaint. As grounds therefore, the defendant states that there is no genuine dispute as to material facts, and he is entitled to judgment as a matter of law. As grounds therefore, the defendant states, as to the civil rights claims, that under the uncontroverted facts of the case:

1) There was no violation of the plaintiff's rights under the Massachusetts or United States Constitutions or laws;

2) The defendant is entitled to qualified immunity; and

3) A civil rights claim cannot be premised upon an abuse of process or malicious prosecution theory as a matter of law.

As to the tort theories, these claims cannot sustain direct tort liability or civil rights liability, because under the undisputed facts of the case the plaintiff is unable to prove critical elements of those torts. Specifically:

1) As to false arrest and imprisonment, the arrest was made pursuant to a valid warrant

1

and thus presumed to be privileged, and the plaintiff has come forward with no evidence to rebut that presumption;

2) As to civil conspiracy, there is no evidence of an agreement to commit tortuous acts upon the plaintiff, or that the defendant took steps to commit torts in furtherance of such an agreement, and the defendant gained no peculiar power of coercion by conspiring with the alleged co-conspirators because the defendant could have arrested the plaintiff upon his own finding of probable cause;

3) As to abuse of process, there is no evidence that the defendant was acting with an ulterior motive; and

4) As to malicious prosecution, there is no evidence that the defendant had a malicious intent, or that he was acting without probable cause.

Pursuant to Local Rules 7.1(B)(1) and 56.1, the defendant attaches and files herewith a Statement of Material Facts and a Memorandum of Law stating the reasons why summary judgment should be granted, and the following exhibits:

1) Statements from complainant GAP, Inc., attached as Exhibit A.
2) A sworn affidavit from the defendant, attached as Exhibit B.
3) The defendant's arrest warrant application, attached as Exhibit C.
4) Newspaper articles from the Philadelphia Inquirer, attached as Exhibit D.
5) The arrest warrant, attached as Exhibit E.
6) The defendant's arrest Narrative Report and Summons, attached as Exhibit F.
7) The defendant's Bail Recommendation, attached as Exhibit G.

### REQUEST FOR ORAL ARGUMENT

The defendant, Sergeant Christopher Richmond, believes oral argument may assist the Court in deciding this Motion For Summary Judgment and, therefore, requests an opportunity to be heard.

The defendant,
SERGEANT CHRISTOPHER RICHMOND,
By his attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated 7/20/06

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on July 20, 2006, to his address of record of 1267 Main St., Acushnet, MA, and also to P.O. Box 30061, Acushnet, MA (a new mailing address provided by the plaintiff during a Rule 7.1 conference on June 19, 2006). The plaintiff does not appear to be a registered Pacer user.

_____
Michael D. Leedberg

3