UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

|  |  |
|---|---|
| ALEX FEINMAN,<br>    Plaintiff<br><br>v.<br><br>DETECTIVE CHRISTOPHER RICHMOND,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS
<u>PURSUANT TO LOCAL RULE 56.1</u>**

1. On May 27, 2003, the defendant, in his capacity as Detective for the Acushnet Police Department, received a citizen's complaint from William Tessier, an employee of GAP, Inc.'s [hereinafter "GAP"] Corporate Security Department, that a GAP credit card had been used by a then-unknown individual, to make unauthorized charges on April 9, 2003 in the amount of $3,000.00 at the Parting Ways Texaco Service Station [hereinafter "Texaco"] located at 121 Main St., in Acushnet, Massachusetts. <u>GAP Statements</u>; <u>Ex. A</u>; <u>Aff. of Def.</u>, ¶¶ 8-9, <u>Ex. B</u>; <u>Warrant Application, Ex. C</u>.

2. On or about May 28, 2003, the defendant spoke with George Pimental, owner of the Texaco, who indicated that an employee he knew only as "Stephanie" of L. Feinman & Sons, Inc. made the charges on GAP's credit card over the phone, to reconcile $3,000.00 of debt that L. Feinman & Sons, Inc. reportedly owed the Texaco. Mr. Pimental also told the defendant that Stephanie claimed that the plaintiff, as "owner" of L. Feinman & Sons,

1

        Inc., authorized the transaction and had GAP's permission to do so because GAP owed L. Feinman & Sons, Inc. money. <u>Aff. of Def.</u>, ¶¶ 10-11, <u>Ex. B</u>; <u>Warrant Application</u>, <u>Ex. C</u>.

3. On or around May 28, 2003, the defendant again spoke with Mr. Tessier, who confirmed that the plaintiff was given the credit card data by Sherri McInnis, a GAP executive, for payment of a $730.80 debt owed by GAP for work L. Feinman & Sons, Inc. performed for GAP. Mr. Tessier advised that no further transactions were authorized. <u>Aff. of Def.</u>, ¶ 12, <u>Ex. B</u>; <u>Warrant Application</u>, <u>Ex. C</u>.

4. In or around June of 2003, the defendant received a copy of a signed statement from Sherri McInnis of GAP dated May 29, 2003, verifying that the credit card data was given by her to the plaintiff solely to reconcile a $730.80 debt. <u>GAP Statements</u>, <u>Ex. A</u>; <u>Aff. of Def.</u>, ¶ 33, <u>Ex. B</u>; <u>Warrant Application</u>, <u>Ex. C</u>.

5. On June 11, 2003, the defendant spoke with Stephanie Palmer, who identified herself as the L. Feinman & Sons, Inc. employee that conducted the Texaco transactions. <u>Aff. of Def.</u>, ¶ 13, <u>Ex. B</u>; <u>Warrant Application</u>, <u>Ex. C</u>.

6. On June 11, 2003, the defendant met with Stephanie Palmer, who advised that she had conducted the transactions at the Texaco at the plaintiff's direction, as an attempt to collect upon a debt that GAP owed L. Feinman & Sons, Inc., by paying down a debt that L. Feinman & Sons, Inc. owed to Texaco for fuel. <u>Aff. of Def.</u>, ¶ 12, <u>Ex. B</u>; <u>Warrant Application</u>, <u>Ex. C</u>.

7. On June 11, 2003, the defendant met with the plaintiff, who verified that he was given the GAP credit card data as payment for a $730.80 debt owed by GAP to L. Feinman & Sons, Inc., and that he subsequently directed Ms. Palmer to make the Texaco transactions to collect on other debts that GAP reportedly owed L. Feinman & Sons, Inc. The

        plaintiff indicated that he had done so in the past. Aff. of Def., ¶ 14, Ex. B; Warrant Application, Ex. C.

8. On June 24, 2003, the defendant met wit Ms. McInnis, who reiterated that she gave the plaintiff the credit card data expressly to pay the $730.80 debt, and that no further transactions were authorized. Aff. of Def., ¶¶ 15-16, Ex. B; Warrant Application, Ex. C.

9. The defendant had no reason to doubt the integrity or credibility of Mr. Tessier, Ms. McInnis, Ms. Palmer, Mr. Pimental or the plaintiff, as all individuals appeared candid and forthright, and subject to prosecution if their statements proved false. Aff. of Def., ¶ 18, Ex. B.

10. The defendant researched the plaintiff's criminal history as part of the investigation into the GAP complaint, and found information suggesting that the plaintiff has a lengthy criminal history involving fraud, that he walked away from a federal penitentiary where he was serving time, that he is known to have used several aliases to escape criminal prosecution and that he has strong roots outside the Commonwealth of Massachusetts. Aff. of Def., ¶ 17, Ex. B; Warrant Application, Ex. C; Philadelphia Inquirer Articles, Ex. D; Bail Recommendation, Ex. G.

11. The defendant spoke to Bristol Assistant District Attorney Christopher Markey in or around the fall of 2003, and advised him of the results of the investigation of the GAP complaint. Attorney Markey advised the defendant that the plaintiff's conduct violated MASS. GEN. LAWS ch. 266 § 37C and MASS. GEN. LAWS ch. 266 § 30. Aff. of Def., ¶ 20, Ex. B.

12. Based upon his investigation, as of October 214, 2003 and earlier, through present, the defendant reasonably believed and believes that there was ample probable cause to seek

an arrest warrant for the plaintiff for violations of MASS. GEN. LAWS ch. 266 § 37C and MASS. GEN. LAWS ch. 266 § 30. Aff. of Def., ¶ 19, Ex. B.

13. The defendant, with the assistance of ADA Markey, requested and received a warrant from Judge Bernadette Sabra of New Bedford District Court on October 24, 2003, for the plaintiff's arrest for violations of MASS. GEN. LAWS ch. 266 § 37C and MASS. GEN. LAWS ch. 266 § 30. Aff. of Def., ¶¶ 19, 21, Ex. B; Warrant Application, Ex. C; Warrant, Ex. E.

14. Violations of MASS. GEN. LAWS ch. 266 § 37C and MASS. GEN. LAWS ch. 266 § 30 are felonies when the amount in controversy is $3,000.00, and the defendant therefore in fact had the authority to arrest the plaintiff without a warrant upon his own finding of probable cause that said violations occurred, pursuant to Massachusetts law. Aff. of Def., ¶¶ 8-18; See, White v. Marblehead, 989 F.Supp. 345, 349 (D.Mass., 1997).

15. New Bedford District Court and Acushnet, Massachusetts are both located within Bristol County, Massachusetts. Aff. of Def., ¶ 31, Ex. B.

16. On October 26, 2003, while on patrol in Acushnet, Massachusetts, the defendant observed and recognized the plaintiff walking on a public road and executed the arrest warrant, arresting the plaintiff and turning him over to the custody of the Bristol County Sheriff's Office. Aff. of Def., ¶¶ 22-23, Ex. B; Arrest Narrative, Ex. F.

17. On or around October 26, 2003, at ADA Markey's request, the defendant drafted a bail recommendation, recommending that his bail be set at $3,000.00 cash, based upon the amount of Texaco transactions, the plaintiff's known criminal history, the plaintiff's past flight from custody, the plaintiff's past use of aliases to escape criminal prosecution and the plaintiff's out-of-state roots. The defendant attached articles from the Philadelphia

        Inquirer and a printout of the results of the criminal background query with the bail recommendation. Aff. of Def., ¶¶ 24, 34, Ex. B; Philadelphia Inquirer Articles, Ex. D; Bail Recommendation, Ex. G.

18. The defendant was acting in his capacity as a police detective while investigating the plaintiff, seeking an arrest warrant for the plaintiff and arresting the plaintiff. Aff. of Def., ¶¶ 8-27, Ex. B.

19. After the bail recommendation, the defendant played no further role in the plaintiff's detention or criminal prosecution. Aff. of Def., ¶¶ 23, 30.

20. At the subsequent criminal trial, the judge directed a verdict in favor of the plaintiff on all charges, since he was not in possession of GAP's credit card, and the judge interpreted the statutes under which the plaintiff was charged to require such possession. Aff. of Def., ¶ 28, Ex. B.

21. The defendant never conspired or agreed with any person to commit tortuous conduct against the plaintiff, or to violate his civil rights. Aff. of Def., ¶ 26.

22. The defendant had no illegitimate, illegal, malicious or ulterior motive when investigating the plaintiff, seeking out a warrant for the plaintiff, arresting the plaintiff or recommending his bail. Aff. of Def., ¶¶ 19, 27 & 29.

23. The defendant believes and has always believed that his actions were lawful when investigating the plaintiff, seeking out a warrant for the plaintiff, arresting the plaintiff or recommending his bail. Aff. of Def., ¶ 29.

The defendant,
SERGEANT CHRISTOPHER RICHMOND,
By his attorneys,
PIERCE, DAVIS & PERRITANO, LLP

_____
Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: 7/20/06

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on July 20, 2006, to his address of record of 1267 Main St., Acushnet, MA, and also to P.O. Box 30061, Acushnet, MA (a new mailing address provided by the plaintiff during a Rule 7.1 conference on June 19, 2006). The plaintiff does not appear to be a registered Pacer user.

_____
Michael D. Leedberg