UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

)
ALEX FEINMAN,            )
    Plaintiff        )
                     )
v.                       )
                     )
DETECTIVE CHRISTOPHER    )
RICHMOND,                )
    Defendant        )
                     )

**DEFENDANT, DETECTIVE CHRISTOPHER RICHMOND'S ASSENTED REQUEST FOR LEAVE TO SUPPLEMENT THE DEFENDANT, DETECTIVE CHRISTOPHER RICHMOND'S MOTION FOR SUMMARY JUDGMENT FILINGS**

Now comes the defendant, Christopher Richmond [hereinafter "defendant"], and hereby respectfully requests that the Court grant leave to the defendant so that the defendant may supplement his Motion for Summary Judgment and associated documents, filed on July 20, 2006.

As grounds for the motion, the defendant respectfully submits that he reasonably believed that docket number 128 was the operative pleading in this case, and prepared his Motion for Summary Judgment accordingly. In light of the Court's August 4, 2006 Procedural Order clarifying that docket number 103 is the operative pleading, the defendant will be unduly prejudiced if the defendant is unable to supplement his summary judgment filings to address the claims of docket number 103. A brief summary of the relevant procedural history is appropriate.

After the plaintiff defeated the underlying criminal charges that form the basis of his Amended Complaint against the defendant, the plaintiff moved to "Amend and Enlarge" his Amended Complaint (docket number 127).[1] The plaintiff attached what appeared to be a

---

[1] This itself was procedurally defective. The defendant's Motion to Dismiss had been previously granted, "subject to giving Feinman the opportunity to refile the section 1983 claim against Detective Richmond if and when he obtained a favorable determination of the then pending criminal charges in state court." (Emphasis added.) (Docket

1

pleading with his Motion (docket number 128). The Motion to Amend and Enlarge was granted as to the defendant Richmond on April 6, 2006 ("Report and Recommendation, docket number 136, p. 18-19; Order, April 6, 2006), although as of mid-May, 2006, the *pro se* plaintiff had not yet filed or served an amended complaint.

Considerable confusion resulted for both the Court and the defendant due to the plaintiff's procedural missteps. On May 17, 2006, Docket Clerk Gina Edge called in response to the undersigned's previous inquiry regarding whether the plaintiff had filed an amended complaint. Clerk Edge advised in her message that the plaintiff had not filed an amended complaint and that the Court was therefore considering docket number 128 as the operative pleading. Clerk Edge specifically advised that, "everything else you can ignore." That document, docket number 128, was subsequently filed by the Clerk on June 27, 2006 as the Amended Complaint (docket number 143). Based upon the foregoing, the defendant prepared his Motion for Summary Judgment (docket numbers 146-49) based upon the allegations of docket number 128.

In the Court's Procedural Order dated August 4, 2006, the Court has corrected the record and clarified that docket number 103 is the operative pleading (docket number 153, p. 2, n. 1). The defendants now wish to append to their previous summary judgment filings, to address counts found in the original Amended Complaint (docket number 103), but not found in docket number 128. Specifically, docket number 103 contains references to claims under the Americans with Disabilities Act and for the tort of "assault and battery," which are not found in docket number 128, and thus were not addressed in the defendant's Motion for Summary Judgment of July 20, 2006. The defendant has valid defense to these claims which are amenable to summary judgment.

Pursuant to Local Rule 7.1(A)(2), the undersigned conferred with the plaintiff regarding the aforementioned history of the case in detail on August 7, 2006, and the defendant's desire to append to his previous summary judgment filings prior to the expiration of the deadline for filing

---

no. 136, p. 9.) The plaintiff never re-filed or served his claim, but instead moved to amend a complaint that had been dismissed. The *pro se* plaintiff was apparently given some leeway, and the defense did not and does not object. But the plaintiff's procedural follies have casued the considerable confusion that is now evident.

on August 18, 2006. The plaintiff agreed to allow the supplemental filings, subject to the provision that he be allowed 14 days from the date of the supplemental filings to file his entire opposition to the motion for summary judgment. The defendant has no objection to this condition.

WHEREFORE, the defendant requests that the Court grant its Assented Request For Leave To Supplement the defendant's Motion For Summary Judgment, <u>before</u> the deadline for dispositive motions expires on August 18, 2006.

The defendant,
DETECTIVE CHRISTOPHER RICHMOND,
By his attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated 8/7/06

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on July 20, 2006, to his address of record of 1267 Main St., Acushnet, MA, and also to P.O. Box 30061, Acushnet, MA (a new mailing address provided by the plaintiff during a Rule 7.1 conference on June 19, 2006). The plaintiff does not appear to be a registered Pacer user.

_____
Michael D. Leedberg

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV-12301-GAO

|  |  |
|---|---|
| ALEX FEINMAN,<br>    Plaintiff<br><br>v.<br><br>DETECTIVE CHRISTOPHER<br>RICHMOND, ACUSHNET<br>POLICE DEPT.,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION UNDER LOCAL RULE 7.1

Counsel for the defendant, Detective Christopher Richmond, Acushnet Police Department, hereby certifies, pursuant to Local Rule 7.1(A)(2), that I conferred with the pro se plaintiff, Alex Feinman, on August 7, 2006, and attempted in good faith to resolve or narrow the issues set forth in defendant's Assented Request for Leave to Supplement the defendant's Motion for Summary Judgment. During the conference, the parties were able to join issue on the matter, as the plaintiff agreed to allow the defendant to supplement his summary judgment filings prior to the expiration of the deadline for filing dispositive motions on August 18, 2006, provided that he is given 14 days from the date of said supplemental filings to file his Opposition to the defendant's Motion for Summary Judgment. The defendant has no objection to this condition.

1

The defendant,

DETECTIVE CHRISTOPHER RICHMOND,
By his attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated 8/7/06


### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on July 20, 2006, to his address of record of 1267 Main St., Acushnet, MA, and also to P.O. Box 30061, Acushnet, MA (a new mailing address provided by the plaintiff during a prior Rule 7.1 conference on June 19, 2006). The plaintiff does not appear to be a registered Pacer user.

_____
Michael D. Leedberg

2