UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

_____
                                    )
ALEX FEINMAN,                       )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
DETECTIVE CHRISTOPHER               )
RICHMOND, Acushnet Police           )
Dept.                               )
        Defendant                   )
_____)

**DEFENDANT, DETECTIVE CHRISTOPHER RICHMOND'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and the Court's Order dated August 8, 2006, the defendant, Sergeant Christopher Richmond [hereinafter "defendant"], hereby moves for summary judgment as to the plaintiff's Americans with Disabilities Act [ADA] claim. As grounds therefore, the defendant states that there is no genuine dispute as to material facts, and he is entitled to judgment as a matter of law. Specifically, the plaintiff's ADA claim fails because:

1) The defendant does not qualify as a "public entity" subject to liability under Title II of the ADA.

2) The plaintiff has failed to come forward with any evidence that he was or is substantially limited from a major life activity on an ongoing or anything more than a temporary basis, and thus he is not qualified to bring an ADA claim.

3) The plaintiff has failed to come forward with any evidence to show that the defendant denied him medical services in violation of the ADA.

4) The plaintiff has failed to come forward with any evidence that the defendant

1

denied his requested or obvious reasonable accommodations in violation of the ADA.

5) The plaintiff has failed to come forward with any evidence that the defendant discriminated against him by reason of his alleged medical condition in violation of the ADA.

6) As applied in the context presented, the ADA is an unconstitutional and unauthorized attempt by Congress to regulate local matters.

### REQUEST FOR ORAL ARGUMENT

The defendant, Sergeant Christopher Richmond, believes oral argument may assist the Court in deciding this Supplemental Motion For Summary Judgment and, therefore, requests an opportunity to be heard.

The defendant,
SERGEANT CHRISTOPHER RICHMOND,
By his attorneys,

PIERCE, DAVIS & PERRITANO, LLP

_____
Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated August 17, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on August 17, 2006 to P.O. Box 30061, Acushnet, MA. The plaintiff does not appear to be a registered Pacer user.

_____
Michael D. Leedberg

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

ALEX FEINMAN, )
    Plaintiff )
)
v. )
)
CHRISTOPHER RICHMOND, )
    Defendant )

**SUPPLEMENTAL AFFIDAVIT OF SERGEANT CHRISTOPHER R. RICHMOND**

    I, Christopher R. Richmond, hereby state and depose under the penalties of perjury:

1) On October 26, 2003 at 7:17 PM, while on patrol as an employee of the Acushnet Police Department, I noticed Alex Feinman walking his dog east on Lantern Lane in Acushnet, Massachusetts.

2) At that time I had first hand knowledge that there was an active warrant for Mr. Feinman's arrest for charges related to his reportedly unauthorized use of a credit card on April 9, 2003. I confronted M. Feinman, and executed the warrant by arresting him.

3) Prior to taking Mr. Feinman to the Acushnet Police Department, I escorted Mr. Feinman to his house so that he could secure his dog, speak with his wife, and call his attorney, all of which he did.

4) Prior to leaving Mr. Feinman's home, he advised me that he had a medical condition related to his hip.

5) Prior to leaving Mr. Feinman's home, I handcuffed him, "pat-frisked" him for weapons, and assisted him into the cruiser.

6) Although detainees are ordinarily secured in the back seat of police cruisers per Acushnet Police Department practice, I made an exception for Mr. Feinman and allowed him to sit in the front seat because of his reported hip condition, since the front seat is easier to get in and out of, it is more comfortable and more secure.

7) At 7:34 PM on October 26, 2003 I departed Mr. Feinman's home with Mr. Feinman in custody, arriving at the Acushnet Police Department at 7:40 PM.

8) Over the next 41 minutes, Mr. Feinman was processed at the Acushnet Police Department, and at 8:21 PM, Officer John Preston of the Acushnet Police Department transported Mr. Feinman to the Ash Street Facility in New Bedford, Massachusetts. Mr. Feinman was again placed in the front seat of the cruiser for increased comfort.

9) Acushnet Police Department records, maintained in the ordinary course of police business, reveal that Officer Preston released Mr. Feinman to the custody of the Bristol County Sheriff's Department at the Ash Street Facility and departed the facility at 8:37 PM, one hour and twenty minutes after Mr. Feinman was first approached by me on Lantern Avenue.

10) The plaintiff's arrest and detention at the Acushnet Police Department on October 26, 2003 was peaceable, as the plaintiff was compliant and cooperative throughout.

11) At no time did Mr. Feinman request to take prescription pain medications with him during his arrest and detention on October 26, 2003, and if he had, I would have refused, since section 22 on page 22.1 of the Acushnet Police Department Policies and Procedures do not allow such substances, or any other potential instrumentalities of harm, such as prescription drugs, belts or shoelaces, into the holding cells for the health and safety of its prisoners.

12) Based upon my training and experience, arrestees are often distraught and irrational, and have an increased likelihood of harming themselves.

13) Medical care is readily available as needed for all detainees at the Acushnet Police Department, and at no time did Mr. Feinman request or appear to need medical care on October 26, 2003 while in custody at the Acushnet Police Department.

14) The plaintiff was walking on his own power without any signs of significant difficulty at all times during my observations of him on October 26, 2003, and was walking his dog when I first saw him on that date.

15) I harbor no fears, animus or apathy towards people with orthopedic conditions, and on October 26, 2003 I treated Mr. Feinman the same way all arrestees with known medical conditions are treated, making all reasonable accommodations for his comfort, health and safety.

16) The Town of Acushnet Ambulance is approximately a mile and one half from the Acushnet Police Department, at 60 Middle Road, Acushnet, Massachusetts.

17) I have reviewed the attached "Call Log" from the Acushnet Police Department outlining the timeline of events related to the plaintiff's arrest on October 26, 2003, and attest that it is a true and accurate copy of the record created and maintained on the matter by the Acushnet Police Department in the ordinary course of its business.

Signed under the penalties and pains of perjury on this, the  15  day of August, 2006.

Sgt Christopher R. Richmond
Sergeant Christopher R. Richmond
Acushnet Police Department



REBEKAH A. TOMLINSON
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 6, 2009

ACUSHNET POLICE DEPARTMENT
Call Number    Printed: 08/10/2006

For Date: 10/26/2003  -  Sunday

| Call Number | Time | Call Reason | Action | Priority | Duplicate |
|---|---|---|---|---|---|
| 03-5559 | 1917 | Initiated - ARREST BY US OUR WARRA  ARREST ADULT MALE | | 3 | |

```
       Call Taker:     50 - Clerk Dispatcher Heather M Richards
 Location/Address:     LANTERN LN @ MAIN ST
     Jurisdiction:     ACUSHNET
     Initiated By:     36 - Sergeant Christopher R Richmond
              ID:      36 -
                                              Arvd-19:17:00   Clrd-19:35:00
              ID:      55 -
                       Disp-19:17:00          Arvd-19:21:00   Clrd-19:35:00
              ID:      10 -
                       Disp-19:17:00          Arvd-19:21:00   Clrd-19:35:00
        Narrative:
                  Send units up to my location. I may have someone here with a
                  warrant.                                        hmr
                  Run Alex Feinman for warrants.                  crr/hmr
                  one in hand for Mr Feinman.                     hmr
                  2 item BOP and NEG Q5.                          hmr
                  1934, 420 enroute to the station with one male under arrest.
                                                                  crr/hmr
                  1940, 420 is at the station.                    crr/hmr
                  2021, 422 enroute to the HOC with one male.     jcp/hmr
                  2021, HOC has been notified.                    hmr
                  2037, 420 is clear the HOC.                     hmr

                  Observed Feinman walking his dog on Lantern Lane. Having
                  previous knowledge of an active arrest warrant, I stopped
                  and approached. I informed him of the warrant. I allowed him
                  to bring his dog home and make a phone call to his attorney
                  before taking him into custody. See incident report to
                  follow.   crr

 Refer To Incident:    03-361-OF
```

# EXHIBIT I

```
                          ACUSHNET POLICE DEPARTMENT                      Page:    1
                    Call Number    Printed: 08/10/2006
```

For Date: 10/26/2003 - Sunday

| Call Number | Time | Call Reason | Action | Priority | Duplicate |
|---|---|---|---|---|---|
| 03-5559 | 1917 | Initiated - ARREST BY US OUR WARRA ARREST ADULT MALE | | 3 | |

```
        Call Taker:     50 - Clerk Dispatcher Heather M Richards
   Location/Address:    LANTERN LN @ MAIN ST
      Jurisdiction:     ACUSHNET
      Initiated By:     36 - Sergeant Christopher R Richmond
               ID:      36 -
                                              Arvd-19:17:00   Clrd-19:35:00
               ID:      55 -
                        Disp-19:17:00         Arvd-19:21:00   Clrd-19:35:00
               ID:      10 -
                        Disp-19:17:00         Arvd-19:21:00   Clrd-19:35:00
         Narrative:
                        Send units up to my location. I may have someone here with a
                        warrant.                                        hmr
                        Run Alex Feinman for warrants.                  crr/hmr
                        one in hand for Mr Feinman.                     hmr
                        2 item BOP and NEG Q5.                          hmr
                        1934, 420 enroute to the station with one male under arrest.
                                                                        crr/hmr
                        1940, 420 is at the station.                    crr/hmr
                        2021, 422 enroute to the HOC with one male.     jcp/hmr
                        2021, HOC has been notified.                    hmr
                        2037, 420 is clear the HOC.                     hmr

                        Observed Feinman walking his dog on Lantern Lane. Having
                        previous knowledge of an active arrest warrant, I stopped
                        and approached. I informed him of the warrant. I allowed him
                        to bring his dog home and make a phone call to his attorney
                        before taking him into custody. See incident report to
                        follow.    crr

  Refer To Incident:    03-361-OF
```