UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12301-GAO

| | |
|---|---|
| ALEX FEINMAN, <br>     Plaintiff <br><br> v. <br><br> DETECTIVE CHRISTOPHER <br> RICHMOND, Acushnet Police <br> Dept. <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S SUPPLEMENTAL CONCISE STATEMENT OF
MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

1. The defendant arrested the plaintiff on October 26, 2003 at 7:17 PM pursuant to a valid warrant, while he was walking his dog on Lantern Avenue. Pl.'s Am. Compl., p. 8, ¶ 20 (docket no. 103); Supp. Aff. of Def., p. 1, ¶ 1 (attached as Exhibit H); Arrest Warrant, Exhibit E (attached to initial filings); Arrest Narrative, Exhibit F (attached to initial filings); Call Log (attached as Exhibit I).

2. At the time of his arrest, the plaintiff advised the defendant that he had a medical condition related to his hip. Pl.'s Am. Compl., p. 12, ¶ 31 (docket no. 103); Supp. Aff. of Def., p. 1, ¶ 4, Ex. H.

3. If the plaintiff had asked to bring a Methadone prescription with him at the time of his arrest, his request would have been denied in accordance with section 22, page 22.1 of Acushnet Police Department Policies & Procedures against allowing potential instrumentalities of harm into the holding cells. Supp. Aff. of Def., p. 2, ¶ 11, Ex. H.

4. Although detainees are ordinarily transported in the back seat of cruisers, because of his reported hip condition, the plaintiff was allowed to sit in the front seat of the police cruisers during his transport to and from the Acushnet Police Department on October 26, 2003, which is easier to get in and out of, is more comfortable and more secure than the back seat. Supp. Aff. of Def., p. 1, ¶ 6, p. 2, ¶ 8, Ex. H.

5. At 7:34 PM on October 26, 2003 the defendant departed the plaintiff's home with the plaintiff in custody, arriving at the Acushnet Police Department at 7:40 PM. Supp. Aff.

of Def., p. 2, ¶ 7, Ex. H; Call Log, Ex. I.

6. From 7:40 PM to 8:21 PM on October 26, 2003, the plaintiff was processed at the Acushnet Police Department. Supp. Aff. of Def., p. 2, ¶ 8, Ex. H; Call Log, Ex. I.

7. At 8:21 PM on October 26, 2003, Officer John Preston of the Acushnet Police Department transported the plaintiff to the Ash Street Facility in New Bedford, Massachusetts. Supp. Aff. of Def., p. 2, ¶ 8, Ex. H; Call Log, Ex. I.

8. Officer Preston released Mr. Feinman to the custody of the Bristol County Sheriff's Department at the Ash Street Facility and departed the facility at 8:37 PM, exactly one hour and twenty minutes after the plaintiff was first approached by the defendant on Lantern Avenue. Supp. Aff. of Def., p. 2, ¶ 9, Ex. H; Call Log, Ex. I.

9. The plaintiff's arrest and detention at the Acushnet Police Department on October 26, 2003 was peaceable, as the plaintiff was compliant and cooperative throughout. Supp. Aff. of Def., p. 2, ¶ 10, Ex. H; Arrest Narrative, Ex. F.

10. Arrestees are often distraught and irrational, and have an increased likelihood of harming themselves while in custody. Supp. Aff. of Def., p. 2, ¶ 12, Ex. H.

11. Medical care is readily available as needed for all detainees at the Acushnet Police Department. Supp. Aff. of Def., p. 2, ¶¶ 13, 16, Ex. H.

12. At no time did Mr. Feinman request or appear to need medical care on October 26, 2003 during the 80 minute period that he was in the custody of the Acushnet Police Department or its employees, agents or servants. Supp. Aff. of Def., p. 2, ¶ 13, Ex. H.

13. The defendant harbors no fear, animus or apathy towards people with orthopedic conditions. Supp. Aff. of Def., p. 2, ¶ 15, Ex. H.

14. On October 26, 2003, the defendant treated the plaintiff the same way as all arrestees with known medical conditions are treated in Acushnet, making all reasonable accommodations for his comfort, health and safety. Supp. Aff. of Def., p. 2, ¶ 15, Ex. H.

15. The plaintiff sued and intended to sue the defendant personally and in his individual capacity, and did not sue or intend to sue the Acushnet Police Department. Pl.'s Am. Compl., p.1 (docket no 103).

<div style="margin-left:40%">
The defendant,
SERGEANT CHRISTOPHER RICHMOND,
By his attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

_____
Michael D. Leedberg, BBO #660832
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950
</div>

Dated: August 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff, Alex Feinman, by first class mail on August 17, 2006, to P.O. Box 30061, Acushnet, MA. The plaintiff does not appear to be a registered Pacer user.

_____
Michael D. Leedberg

3