UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEX FEINMAN,
    Plaintiff,

   v.                                      CIVIL ACTION NO.
                                               03-12301-GAO

DOMINIC NICOLACI, et al.,
    Defendants.

**REPORT AND RECOMMENDATION RE:
DEFENDANT, DETECTIVE CHRISTOPHER RICHMOND'S MOTION FOR
SUMMARY JUDGMENT (DOCKET ENTRY # 146); DEFENDANT,
DETECTIVE CHRISTOPHER RICHMOND'S SUPPLEMENTAL MOTION
FOR SUMMARY JUDGMENT (DOCKET ENTRY # 155); PLAINTIFF'S
ANSWER TO DEFENDANT'S MOTIONS AND MEMORANDUM
<u>(DOCKET ENTRY # 159)</u>**

September 21, 2006

**BOWLER, U.S.M.J.**

On August 29, 2006, plaintiff Alex Feinman ("Feinman") filed a motion asking to withdraw the complaint[1] having become understandably discouraged with the difficultly in prosecuting this civil rights action initially filed in November 2003. (Docket Entry # 159). No defendant filed an objection to the motion.

Because of Feinman's pro se status, this court held a status conference on September 20, 2006, to ascertain Feinman's intentions and whether he does, in fact, wish to voluntarily terminate these proceedings. Feinman voiced his continued desire

---

[1] The operative complaint is the amended complaint (Docket Entry # 103) as modified by this court in the March 2006 Report and Recommendation (Docket Entry # 136).

to forgo further proceedings and explained in detail why at this juncture he wishes to dismiss the action. Detective Christopher Richmond ("Detective Richmond") was the only defendant represented at the noticed status conference. Detective Richmond, who has two pending summary judgment motions (Docket Entry ## 146 & 155), does not object to a voluntary dismissal.

## DISCUSSION

Rule 41(a)(2), Fed. R. Civ. P. ("Rule 41(a)(2)"), allows the plaintiff to voluntarily dismiss an action with court approval "as long as 'no other party will be prejudiced.'" Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000). In the case at bar, a number of defendants have been dismissed. The only defendant with a pending summary judgment motion, Detective Richmond, does not object to dismissal and, thus, does not seek to condition dismissal to alleviate any possible prejudice. Plaintiff has diligently prosecuted this action and provided a more than sufficient explanation for seeking dismissal. See Id. (in deciding Rule 41(a)(2) motion, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant").

Accordingly, construing the motion (Docket Entry # 159) as a

request to voluntarily dismiss this action under Rule 41(a)(2), such a dismissal is appropriate. A voluntary dismissal will also moot the two pending summary judgment motions (Docket Entry ## 146 & 155) filed by Detective Richmond.

CONCLUSION

This court therefore **RECOMMENDS**[2] that Feinman's motion to withdraw the complaint (Docket Entry # 159), construed as a Rule 41(a)(2) motion for a voluntary dismissal, be **ALLOWED**. This court further **RECOMMENDS**[3] that the motions for summary judgment filed by Detective Richmond (Docket Entry ## 146 & 155) be deemed **MOOT**.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

[3] See the proceeding footnote.